RECEIPT # 65939
AMOUNT $ 250
SUMMONS ISSUED N/A
LOCAL RULE 4.1
WAIVER FORM
MCF ISSUED
BY DPTY. CLK.
DATE 7-7-05

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER NICHOLS,
          Plaintiff

v.

REVEREND ARTHUR D. JOHNSON and
DEFENDANT TWO,
          Defendants

## 05 11422 RCL

## DEFENDANT'S NOTICE OF REMOVAL

MAGISTRATE JUDGE Dein

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant Reverend Arthur D. Johnson

(hereinafter referred to as "Father Johnson"), hereby gives notice of the removal to this

Court of this action, which was commenced in the Commonwealth of Massachusetts,

Essex County Superior Court. As grounds for this removal, Father Johnson respectfully

states as follows:

1. On December 24, 2004, Plaintiff Peter Nichols commenced this action by

filing a complaint in the Superior Court of the Commonwealth of Massachusetts (Essex

County), entitled *Peter Nichols v. Reverend Arthur D. Johnson and Defendant Two*, Civil

Action No. 04-2335 (the "Original Complaint"). An amended complaint was filed on

January 5, 2005, a copy of which is attached hereto as Exhibit A, together with the

accompanying civil action cover sheet.

2. On March 23, 2005, plaintiff filed an *ex parte* motion to enlarge the time to

serve process upon the defendants, which was allowed by the court on that date. *See*

order of the court attached hereto as Exhibit B. The plaintiff on June 6, 2005 filed a

Notice of Removal                                                                                2

second *ex parte* motion to enlarge the time to serve process, which was allowed by the

court on June 7, 2005. *See* order attached hereto as Exhibit C. On June 7th, defendant

filed an emergency motion to set aside the allowance of plaintiff's *ex parte* motion

together with an opposition to said motion, which was heard by the court on June 20,

2005. *See* Exhibit D. On June 22nd, the court issued another order allowing plaintiff's *ex*

*parte* motion to enlarge time. *See* Exhibit E. The amended complaint was initially

served upon Father Johnson in hand on June 15, 2005 and via certified mail on June 16,

2005. It was served again in hand on June 23, 2005 after the court's order on June 22nd

superseding its prior orders. *See* Exhibit F.

     3. According to the amended complaint, the plaintiff is an individual residing in

the Commonwealth of Massachusetts. Defendant Reverend Arthur D. Johnson is an

individual residing in Charlotte, North Carolina. Accordingly, this controversy is

between citizens of different states within the meaning of 28 U.S.C. § 1332.

     4. The plaintiff's action is a civil action over which this Court has diversity

subject-matter jurisdiction under the provisions of 28 U.S.C. § 1332, because the amount

in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and

the action is between citizens of different states.

     5. Father Johnson is entitled to remove the plaintiff's action to this Court pursuant to

28 U.S.C. §§ 1441 and 1446, because the Court has original jurisdiction over the action; the

action is pending within this District and Division; and Father Johnson is not a citizen of

Massachusetts.

Notice of Removal                                                                                        3

6. Copies of all process and pleadings served on Reverend Johnson in this action

are attached hereto as Exhibits A and F.

WHEREFORE, Defendant Reverend Arthur D. Johnson says this Court has

original jurisdiction pursuant to 28 U.S.C. § 1332, and that the action is properly

removable to the United States District Court for the District of Massachusetts pursuant

to 28 U.S.C. § 1441.

> Respectfully submitted,
> DEFENDANT, REVEREND ARTHUR D. JOHNSON
> By his Attorneys,
>
> Jean A. Musiker, BBO # 365410
> Sugarman, Rogers, Barshak & Cohen, P.C.
> 101 Merrimac Street, 9th Floor
> Boston, MA 02114
> (617) 227-3030

DATED: July 6, 2005

## CERTIFICATE OF SERVICE

I, Jean A. Musiker, hereby certify that on the above date I served the within
document by mailing a copy thereof, postage prepaid to the following counsel of record:

> William H. Gordon, Esquire
> Law Offices of Mitchell Garabedian
> 100 State Street
> Boston, MA 02109

Jean A. Musiker

65064.1

## COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION NO. 04-2335

```
                                        )
PETER NICHOLS                           )
     Plaintiff                          )
                                        )
v.                                      )
                                        )
REVEREND ARTHUR D. JOHNSON and          )
DEFENDANT TWO,                          )
     Defendants                         )
                                        )
```

## FIRST AMENDED COMPLAINT AND JURY TRIAL DEMAND

Plaintiff is amending his original Complaint as a matter of course pursuant to Mass.R.Civ.P. 15(a), as no responsive pleading has been served and this is the first amendment of Plaintiff's Complaint.

### A. PARTIES

1.     The Plaintiff, Peter Nichols, is an individual residing in Topsfield, Essex County, Massachusetts.

2.     Defendant Reverend Arthur D. Johnson (hereinafter referred to as "Defendant Father Johnson") is an individual with an address in Charlotte, North Carolina. During the relevant time period Father Johnson was a religious priest of the Augustinian Fathers, and was Sub-Prior of Austin Preparatory School in Reading, Middlesex County, Massachusetts, and at times material hereto, had a duty to hire, supervise, direct and retain the late Father Robert Turnbull (hereinafter referred to as "Father Turnbull").

3.    Defendant Two is an individual or individuals, the identity of whom are presently unknown to the Plaintiff; therefore, the Plaintiff files the above-captioned action against Defendant Two by such fictitious name. The Plaintiff will amend this Complaint to show the true name or names of Defendant Two when said name or names have been ascertained. The Plaintiff alleges that Defendant Two was also responsible for the hiring, supervision, direction and retention of Father Turnbull.

## B. STATEMENT OF FACTS

4.    Father Turnbull was affiliated with Austin Preparatory School in Reading, Middlesex County, Massachusetts in approximately 1977, as well as at other times. Austin Preparatory School is a private Roman Catholic school located within the Roman Catholic Archdiocese of Boston. At all relevant times, Austin Preparatory was operated by the religious priests of the Augustinian Fathers. Father Turnbull is now deceased.

5.    Not until recently did the Plaintiff have knowledge or sufficient notice that he had been harmed and that that harm was caused by the explicit sexual behavior and lewd and lascivious acts of Father Turnbull as explained below.

6.    In approximately 1977, when the Plaintiff was approximately 14 years old, Father Turnbull engaged in explicit sexual behavior and lewd and lascivious behavior with the Plaintiff, including but not limited to, masturbating the Plaintiff.

7.    As a result of Father Turnbull's sexual and lewd and lascivious conduct with the Plaintiff, the Plaintiff has suffered deep emotional pain, is suffering deep emotional pain, and will suffer future deep emotional pain.

2

8. At all times material hereto, Father Turnbull misrepresented and concealed from the Plaintiff the wrongful nature of the sexual activity and that such sexual activity could harm the Plaintiff.

9. As a result of the said explicit sexual behavior and lewd and lascivious behavior in which Father Turnbull engaged with the Plaintiff, the Plaintiff is unable at this time to fully disclose in complete detail to what degree Father Turnbull did abuse the Plaintiff emotionally and physically.

## C. CLAIM FOR RELIEF.

### Plaintiff v. Defendant Father Johnson and Defendant Two
### Negligent Hiring, Retention, Direction, and Supervision

10. The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

11. At all relevant times to this action, the responsibilities of Defendant Father Johnson and Defendant Two (hereinafter referred to as the "Supervisory Defendants") included the hiring, retention, direction, and supervision of Father Turnbull.

12. At all relevant times to this action, the Supervisory Defendants knew or should have known that Father Turnbull would interact and was interacting with individuals, including minors, and more specifically, was interacting with the Plaintiff.

13. At all relevant times to this action, the Supervisory Defendants had a special relationship with Father Turnbull or the Plaintiff.

14. At all relevant times to this action, the Supervisory Defendants had a duty of care to properly hire, retain, direct, and supervise individuals of good reputation and character who would be asked to interact with minors.

3

15. At all relevant times to this action, the Supervisory Defendants negligently breached said duty by hiring and retaining Father Turnbull, an individual whom the Supervisory Defendants knew or should have known was of bad character and reputation and unable to properly interact with minors. The Supervisory Defendants improperly and inadequately directed and supervised Father Turnbull.

16. At all relevant times to this action, the Supervisory Defendants knew or should have known that Father Turnbull's intentional and negligent conduct would result in severe mental and emotional suffering by the Plaintiff.

17. As a direct and proximate result of the Supervisory Defendants' negligent conduct, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, including, but not limited to, objective corroboration of said mental distress and emotional injuries; financial expenses for medical and therapeutic care and treatment; lost long-term earning capacity; as well as other damages.

WHEREFORE, the Plaintiff respectfully demands judgment against the Defendants on each count in an amount to be determined by a jury, plus costs, interest,

4

attorneys' fees, and such other and further relief as this Court deems just and equitable.

## JURY TRIAL DEMANDED

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS.

By Plaintiff's Attorney,

Mitchell Garabedian, BBO #184760
LAW OFFICES OF
MITCHELL GARABEDIAN
100 State Street
Boston, MA 02109
(617) 523-6250

5

| CIVIL ACTION COVER SHEET | DOCKET NO.(S)  A  2335 | Trial Court of Massachusetts Superior Court Department County: ESSEX |
|---|---|---|

| PLAINTIFF(S) Peter Nichols | DEFENDANT(S) Reverend George F. Johnson and Defendant Two |
|---|---|

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE Mitchell Garabedian, 100 State Street, 6th Floor, Boston, MA 02109: Board of Bar Overseers number: (617) 523-6250 BBO #184760 | ATTORNEY (if known) |
|---|---|

## Origin code and track designation

Place an x in one box only:

☒ 1. F01 Original Complaint
☐ 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
☐ 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

☐ 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
☐ 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.     TYPE OF ACTION (specify)     TRACK     IS THIS A JURY CASE?

B04 - Personal injury-other negligence     ( F )     ( X ) Yes     (  ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1.   Total hospital expenses ........................................
2.   Total Doctor expenses ........................................
3.   Total chiropractic expenses ........................................
4.   Total physical therapy expenses ........................................ $ ........
5.   Total other expenses (describe) ........................................ $ ........
Subtotal $ ............

B. Documented lost wages and compensation to date ........................................ $ ........
C. Documented property damages to date ........................................
D. Reasonably anticipated future medical and hospital expenses ........................................ UNDETERMINED
E. Reasonably anticipated lost wages ........................................ $ ........
F. Other documented items of damages (describe)

$ ............

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

See attached sheet

$ ............
TOTAL $ ............

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $. ............

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record ___ Mitchell Garabedian G.     DATE: 12-23-04

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

G.     Brief description of plaintiff's injury, including nature and extent of injury
       (describe)

In approximately 1977, when the Plaintiff was approximately 14 years old, Father
Turnbull engaged in explicit sexual behavior and lewd and lascivious behavior with the
Plaintiff, including but not limited to, masturbating the Plaintiff.  Defendant Father
Johnson and Defendant Two negligently hired, retained, directed and supervised Father
Turnbull.

As a result of the Defendants' actions relevant to the Plaintiff, the Plaintiff has
suffered and will continue to suffer severe and permanent mental distress and emotional
injuries, including objective corroboration of said mental distress and emotional injuries;
financial expenses for medical and therapeutic care and treatment; long term lost earning
capacity; as well as other damages.

Civil Docket **ESCV2004-02335**

RE:    Nichols v Johnson et al

TO:    Mitchell Garabedian, Esquire
       Garabedian Law Offices (Mitchell)
       100 State Street
       6th floor
       Boston, MA 02109

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **03/23/2005**:

*RE: Plaintiff Peter Nichols's ex parte MOTION for to enlarge time
to serve summonses and copies of complaints .*

**is as follows:**

**MOTION (P#3) allowed, but no further extensions (Richard Welch, III, Justice).
Notices mailed March 23, 2005**

Dated at Salem, Massachusetts this 23rd day of March,
2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY:

JoDee Doyle - Sheila Gaudette
Assistant Clerk

Telephone: (978) 462-4474

Copies mailed 03/23/2005

## Commonwealth of Massachusetts
### County of Essex
### The Superior Court

Civil Docket **ESCV2004-02335**

RE:   Nichols v Johnson et al


TO:   Mitchell Garabedian, Esquire
      Garabedian Law Offices (Mitchell)
      100 State Street
      6th floor
      Boston, MA 02109


## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **06/07/2005**:

*RE: Plaintiff Peter Nichols's ex parte MOTION to Enlarge Time to
Serve Defendants and Amend Tracking Order, Affidavit of Mitchell
Garabedian, Esq.*

is **as follows:**

MOTION (P#6) Allowed; no further extentions of time to serve or file the return of
service of process will be permitted beyond 7/1/05 (Elizabeth M. Fahey, Justice).
Notices mailed June 07, 2005

Dated at Salem, Massachusetts this 7th day of June,
2005.

                                        Thomas H. Driscoll Jr.,
                                        Clerk of the Courts

                        BY:

                                        JoDee Doyle - Sheila Gaudette
                                        Assistant Clerk

Telephone: (978) 462-4474

Copies mailed 06/07/2005

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS:

SUPERIOR COURT
CIVIL ACTION
NO. 04-2335-B

PETER NICHOLS
        Plaintiff

v.

REVEREND ARTHUR D. JOHNSON and
DEFENDANT TWO
        Defendants

## DEFENDANT'S EMERGENCY MOTION TO SET ASIDE THE ALLOWANCE OF PLAINTIFF'S EX PARTE MOTION TO ENLARGE TIME TO SERVE DEFENDANTS AND AMEND TRACKING ORDER

Now comes the defendant, Reverend Arthur D. Johnson, in the above-captioned

matter and hereby moves that this Court set aside its granting of the plaintiff's motion to

enlarge the time for service of process and to amend the tracking order accordingly. In

support of this motion, the defendant states as follows:

1.    Counsel for Reverend Johnson first received a copy of the plaintiff's

motion on the morning of June 7, 2005. A facsimile from plaintiff's counsel informing

defense counsel of the motion arrived at defense counsel's office at 6:30 p.m. on June 6,

2005. See Affidavit of Jean A. Musiker filed herewith.

2

2.      In a cover letter accompanying plaintiff's facsimile, counsel stated that he believed that a hearing on the motion would be held at 2:00 p.m. at Superior Court in Newburyport.

3.      Defense counsel contacted the civil clerk's office late this morning to confirm that the motion was scheduled for hearing. The clerk's office informed defense counsel that the court had granted the motion, Ex Parte, and that no hearing would be scheduled.

4.      Defense counsel states that she was planning to enter an appearance in the case today and oppose the motion at a hearing. A copy of the Opposition is attached hereto.

WHEREFORE, the defendant respectfully requests that the Order granting plaintiff's motion be set aside and that a hearing be scheduled on the motion at which defendant, Reverend Johnson's Opposition can be heard

                          DEFENDANT, REVEREND ARTHUR D. JOHNSON
                          By his Attorneys,


                          Jean A. Musiker, BBO # 365410
                          Sugarman, Rogers, Barshak & Cohen, P.C.
                          101 Merrimac Street, 9th Floor
                          Boston, MA 02114
                          (617) 227-3030

DATED:      June 7, 2005

3

## CERTIFICATE OF SERVICE

I, Jean A. Musiker, hereby certify that on the above date I served the within document by faxing and hand-delivering a copy of same, to the following counsel of record:

Mitchell Garabedian, Esquire
Law Offices of Mitchell
Garabedian
100 State Street
Boston, MA 02109

Jean A. Musiker

JAM/gv

364073

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS:

SUPERIOR COURT
CIVIL ACTION
NO. 04-2335-B

| PETER NICHOLS<br>Plaintiff | |
| --- | --- |
| v. | |
| REVEREND ARTHUR D. JOHNSON and<br>DEFENDANT TWO<br>Defendants | |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE MOTION TO ENLARGE TIME TO SERVE DEFENDANTS AND AMEND TRACKING ORDER

Now comes the defendant, Reverend Arthur D. Johnson, in the above-captioned

matter and hereby opposes the plaintiff's motion to enlarge the time for service of process

and to amend the tracking order accordingly. In support of his opposition, the defendant

states as follows:

1.       The plaintiff filed the complaint in the instant action with the Court on

December 24, 2004. Upon learning of the filing, instant counsel for Reverend Johnson

contacted plaintiff's counsel. By letter dated February 2, 2005, counsel confirmed that

she was authorized to accept service on behalf of Reverend Johnson. There have been no

communications between counsel for the plaintiff, Mr. Nichols, and counsel for Reverend

Johnson from that time until June 3, 2005. In particular, there have been no discussions

with counsel for plaintiff concerning resolution of this matter with Reverend Johnson through alternative dispute resolution options. See Affidavit of Jean A. Musiker filed herewith.

2.      The first contact from plaintiff's counsel, subsequent to the February 2nd letter, was via telephone on June 3, 2005, and concerned plaintiff's intent to file the motion to enlarge the time for service. See Affidavit of Jean A. Musiker

3.      Plaintiff has failed to show good cause why service has not been made within the time period required by Mass. R. Civ. P. 4(j). Shuman v. The Stanley Works, 30 Mass. App. Ct. 951, 953 (1991); see Commission of Revenue v. Carrigan, 45 Mass. App. Ct. 309 (1998). To find good cause, the Court must apply a "'stringent standard requiring diligen[t]' albeit unsuccessful effort to complete service within the time prescribed by the rules." Shuman, 30 Mass. App. Ct. at 953 (quoting Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. 505, 509 (E.D. La. 1985). Plaintiff's counsel has not been reasonable or diligent in his effort to effectuate service in this case. Despite counsel's offer to accept service on behalf of defendant, which remained outstanding for three months, no attempt was made by plaintiff's counsel to make service. There were no discussions with defendant concerning alternate means of resolving the dispute. Nor was failure to serve the complaint the only means at plaintiff's disposal to avoid the expense of litigation, if he had wished to discuss resolution. There are other alternatives, such as a stay of proceedings. While the error of the clerk's office in entering a dismissal on April 8, 2005, may have required plaintiff to cure this mistake prior to serving the complaint, plaintiff's counsel has provided no explanation for its failure to take any

3

action from the date the erroneous entry was discovered until June, well after the prior extension had expired.

4.    According to the allegations of the complaint, the facts upon which plaintiff bases his claim occurred in 1977. The defendant is concerned that the more than 28-year delay in plaintiff's prosecution of this claim may have a prejudicial effect on defendant's ability to defend. More delay should not be sanctioned by this Honorable Court. In any event, potential prejudice to the plaintiff or lack of prejudice to the defendant are not considerations when ruling on a motion under Rule 4(j). Johnson v. Maynard, 2004 WL 504744 (Mass. Super. 2004); see also Mills v. Kline, 2004 WL 626292 (Mass. App. Ct. 2004)(unpublished decisions).

WHEREFORE, for all the above reasons, defendant, Reverend Arthur Johnson, prays that this Honorable Court will deny plaintiff's motion and dismiss the complaint, nunc pro tunc to May 23, 2005.

> DEFENDANT, REVEREND ARTHUR D. JOHNSON
> By his Attorneys,
>
> Jean A. Musiker, BBO # 365410
> Sugarman, Rogers, Barshak & Cohen, P.C.
> 101 Merrimac Street, 9th Floor
> Boston, MA 02114
> (617) 227-3030

DATED:    June 7, 2005

4

## CERTIFICATE OF SERVICE

I, Jean A. Musiker, hereby certify that on the above date I served the within document by faxing and hand-delivering a copy of same, to the following counsel of record:

> Mitchell Garabedian, Esquire
> Law Offices of Mitchell
> Garabedian
> 100 State Street
> Boston, MA 02109

Jean A. Musiker

JAM/gv

364068

# ommonwealth of Massachu  tts
## County of Essex
## The Superior Court

Civil Docket **ESCV2004-02335**

RE:  Nichols v Johnson et al

TO:  Jean A Musiker, Esquire
Sugarman Rogers Barshak & Cohen
101 Merrimac Street
9th floor
Boston, MA 02114-4737

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **06/23/2005**:

*RE: Plaintiff Peter Nichols's ex parte MOTION to Enlarge Time to Serve Defendants and Amend Tracking Order, Affidavit of Mitchell Garabedian, Esq.*

**is as follows:**

**MOTION (P#6) The Court reluctantly grants the motion. Judge Welch's order gave a specific time for service and due to an error in the clerk's office, a period of the time for service was unavailable. dated 6/22/05 (David Lowy, Justice). Notices mailed June 23, 2005**

Dated at Salem, Massachusetts this 23rd day of June, 2005.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY:

JoDee Doyle - Sheila Gaudette
Assistant Clerk

Telephone: (978) 462-4474

Copies mailed 06/23/2005

**LAW OFFICES**

OF

**MITCHELL GARABEDIAN**

MITCHELL GARABEDIAN
WILLIAM H. GORDON
ERIK T. GOODMAN
NATHAN A. GAUL
BRIGITTE HUNT

100 STATE STREET, 6TH FLOOR
BOSTON, MASSACHUSETTS 02109

(617) 523 - 6250
FAX (617) 523 - 3687

June 16, 2005

VIA CERTIFIED MAIL
7099 3400 0017 1773 3359

Reverend Arthur D. Johnson
8451 Idlewild Road
Charlotte, NC 28227-1911

Re: Peter Nichols v. Reverend Arthur D. Johnson, et al.
    Essex Superior Court Civil Action No. 04-2335-B

Dear Reverend Johnson:

    Regarding the above-referenced matter, enclosed please find copies of the following:

    1.    Civil Summons;

    2.    First Amended Complaint And Jury Trial Demand;

    3.    Civil Action Cover Sheet;

    4.    Plaintiff's Ex Parte Motion To Enlarge Time;

    5.    Clerk's Notice allowing Plaintiff's Ex Parte Motion To Enlarge Time (Welch, J.) of March 23, 2005;

    6.    Plaintiff's Ex Parte Motion To Enlarge Time To Serve Defendants And Amend Tracking Order;

    7.    Affidavit Of Mitchell Garabedian, Esq.; and

    8.    Clerk's Notice allowing Plaintiff's Ex Parte Motion To Enlarge Time To Serve Defendants And Amend Tracking Order (Fahey, J.) of June 7, 2005.

    Thank you.

Very truly yours,

Mitchell Garabedian

Enc.

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No.   A  2335

Peter Nichols
........................................................................................................................................., Plaintiff(s)

v.

Reverend Arthur D. Johnson and Defendant Two
........................................................................................................................................., Defendant(s)

## SUMMONS

To the above named Defendant: Reverend Arthur D. Johnson

You are hereby summoned and required to serve upon Mitchell Garabedian, Esq.

plaintiff's attorney, whose address is 100 State St., 6th Fl., Boston, MA 02109 , an answer to the

complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the

day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the

complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at

Salem

either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, SUZANNE V. Del Vecchio, Esquire, at Salem, the 22nd
day of June , in the year of our Lord two thousand

*Thomas H. Driscoll*

Clerk

NOTES:

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office.

**AFFIDAVIT OF PROCESS - INDIVIDUAL**
**Superior Court Civil Division**
**Commonwealth of Massachusetts  Essex County**

**Peter Nichols**

                Plaintiff,

v.

                                   Case # **04-2335**

**Reverend Arthur D. Johnson**
**And Defendant Two**

                Defendant.

State of North Carolina    )
County of Mecklenburg    )

        **Ruth Reynolds**, undersigned, being duly sworn, deposes and says that at the time of service, she was over the age of twenty-one, was not a party to this action:

On the **23rd** day of **June, 2005**, at **2:32 p.m.**

At **8451 Idlewild Road Charlotte, state of North Carolina**.

        The undersigned served the documents described as: Summons; First Amended Complaint and Jury Trial Demand; Plaintiff's Ex Parte Motion To Enlarge Time; Clerk's Notice allowing Plaintiff's Ex Parte Motion To Enlarge Time ( Welch, J. ) of March 23, 2005; Plaintiff's Ex Parte Motion to Enlarge Time To serve Defendants and Amend Tracking Order; Affidavit of Mitchell Garabedian, Esquire; Clerk's Notice allowing Plaintiff's Ex Parte Motion To Emlarge Time To Serve Defendants and Amend Tracking Order (Fahey,J. ) of June 7, 2005; and Plaintiff's Ex Parte Motion For Special Process Server, Marked allowed.
        A true and correct copy of the aforesaid document(s) was served on:
**Reverend Arthur D. Johnson**

**XXXX** By personally delivering them into the hands of the person to be served.

        The person receiving documents is described as follows:
Sex –male   Race –white  Approx. Age 60-70     Approx. Height  5'11
Approx. Weight 220#  Hair Color –Light Brown   Facial Hair  no  Glasses –yes

Undersigned declares under penalty of perjury that the foregoing is true and correct.

Signature of Server       6/24/05
                             Date

Subscribed and sworn to before me this
  24   day of  June , 2005.

Notary Public

        MELISSA S. MEADOWS
         NOTARY PUBLIC
         UNION COUNTY
     STATE OF NORTH CAROLINA

≋JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Peter Nichols

2006 JUL -6  P 5: 28

**DEFENDANTS**

Reverend Arthur D. Johnson, and Defendant Two

**(b)** County of Residence of First Listed Plaintiff **Essex**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **Charlotte, NC**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Mitchell Garabedian
100 State Street, Boston, MA 02109
(617) 523-6250

Attorneys (If Known)     **Defendant Johnson:**
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, Boston, MA 02114-4737
(617) 227-3030

05 1422 RCL

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question
(U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☒ 4  Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☒ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☒ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury - Med. Malpractice<br>☐ 365 Personal Injury - Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other<br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act<br>☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 444 Welfare<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 440 Other Civil Rights | **PRISONER PETITIONS**<br>☐ 510 Motions to Vacate Sentence<br>**Habeas Corpus:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding   ☒ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. § 1441 and § 1446

Brief description of cause:
Diversity Jurisdiction

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

DATE 7/6/05

SIGNATURE OF ATTORNEY OF RECORD
_John G. Muirke_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)___ **Peter Nichols v. Reverend Arthur D. Johnson, et al.**

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See local rule 40.1(a)(1)).

☐   I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

☐   II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,     *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

☒   III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

☐   IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

☐   V.   150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)).  If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

     **N/A**

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                        YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See 28 USC §2403)

                                        YES ☐    NO ☒

     If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                        YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                        YES ☐    NO ☒

7. Do **all** of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

                                        YES ☒    NO ☐

     A.   If yes, in which division do **all** of the non-governmental parties reside?

         Eastern Division   ☒      Central Division   ☐      Western Division   ☐

     B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies,  residing in Massachusetts reside?

         Eastern Division   ☐      Central Division   ☐      Western Division   ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court?  (If yes, submit a separate sheet identifying the motions)

                                        YES ☐    NO ☒

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME   **Jean A. Musiker, Sugarman, Rogers, Barshak & Cohen, P.C.**

ADDRESS   **101 Merrimac Street, Boston, MA 02114-4737**

TELEPHONE NO.   **(617) 227-3030**

(Coversheetlocal.wpd - 10/17/02)