UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER NICHOLS,
        Plaintiff

v.

REVEREND ARTHUR D. JOHNSON and
DEFENDANT TWO,
        Defendants

Civil Action No. 05-CV-11422-RCL

# ANSWER OF DEFENDANT REVEREND ARTHUR D. JOHNSON TO PLAINTIFF'S COMPLAINT

Defendant Reverend Arthur D. Johnson (hereinafter referred to as "Father Johnson"), answers the plaintiff's complaint as follows:

1. Upon information and belief, Father Johnson admits the allegations of paragraph No. 1 of the Complaint.

2. Father Johnson admits that he resides in Charlotte, North Carolina and that during the relevant time period he was a Roman Catholic priest, a member of the Order of Brothers of Hermits of St. Augustine, and a sub-prior of the St. Augustine Friary. Father Johnson denies the remaining allegations of paragraph No. 2 of the Complaint.

3. The allegations of paragraph No. 3 do not pertain to Father Johnson and thus no response is required.

4. Upon information and belief, Father Johnson admits that Father Turnbull is deceased; that he was a member of the faculty at Austin Preparatory School in Reading, Massachusetts in the 1970's, and that Austin Preparatory School was, at the

time, a Roman Catholic school located within the Roman Catholic Archdiocese of Boston.

5. Father Johnson is without sufficient knowledge or information to admit or deny the allegations of paragraph No. 5 of the Complaint, and so denies the same.

6. Father Johnson is without sufficient knowledge or information to admit or deny the allegations of paragraph No. 6 of the Complaint, and so denies the same.

7. Father Johnson is without sufficient knowledge or information to admit or deny the allegations of paragraph No. 7 of the Complaint, and so denies the same.

8. Father Johnson is without sufficient knowledge or information to admit or deny the allegations of paragraph No. 8 of the Complaint, and so denies the same.

9. Father Johnson is without sufficient knowledge or information to admit or deny the allegations of paragraph No. 9 of the Complaint, and so denies the same.

Count I – Negligent Hiring, Retention, Direction, and Supervision

10. Father Johnson repeats and incorporates herein his responses to the allegations in Paragraphs 1 through 9.

11. Father Johnson denies the allegations of paragraph No. 11 of the Complaint as they pertain to him.

12. Father Johnson denies that he had supervisory responsibility for Father Turnbull and denies that he knew that Father Turnbull was interacting with the Plaintiff. Father Johnson admits that he knew that Father Turnbull was a faculty member at Austin Preparatory School, and, as such, would interact with individuals, including minors.

13. Father Johnson denies that he had a supervisory relationship with Father Turnbull. Father Johnson states that the term "special relationship" is vague and is thus unable to answer the remaining allegations of paragraph No. 13 of the Complaint.

14. Father Johnson denies the allegations of paragraph No. 14 of the Complaint.

15. Father Johnson denies the allegations of paragraph No. 15 of the Complaint.

16. Father Johnson denies the allegations of paragraph No. 16 of the Complaint.

17. Father Johnson denies that his conduct was negligent and denies that his conduct was a proximate cause of Plaintiff's damages. Father Johnson is without sufficient knowledge or information to admit or deny the remaining allegations of paragraph No. 17 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to set forth a claim upon which relief can be granted against Father Johnson.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited by laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE

To the extent that the Plaintiff's claims require an inquiry into matters of the internal governance of a religious entity or issues of canonical law, the Court lacks subject matter jurisdiction.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred or limited because his alleged damages, if any, were caused by individuals over whom the defendant exercised no control and for whose conduct the defendant is not legally responsible.

## SIXTH AFFIRMATIVE DEFENSE

Father Johnson reserves the right to raise any additional affirmative defenses of which he may become aware hereafter and/or which may become apparent as a result of investigation, discovery, change of law, or otherwise.

WHEREFORE, Father Johnson prays that the Complaint be dismissed and that he be awarded his costs of this action.

Respectfully submitted,
DEFENDANT, REVEREND ARTHUR D. JOHNSON
By his Attorneys,

/s/ Jean A. Musiker_____
Jean A. Musiker, BBO # 365410
Matthew J. Fogelman, BBO #653916
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114-4737
617) 227-3030

DATED: July 13, 2005

365282.1