UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11422-RCL

PETER NICHOLS )
    Plaintiff )
)
v. )
)
REVEREND ARTHUR D. JOHNSON and )
DEFENDANT TWO, )
    Defendant )

## JOINT STATEMENT PURSUANT TO LOCAL RULE 16.1

Pursuant to Local Rule 16.1, Plaintiff Peter Nichols and Defendant Reverend Arthur D. Johnson (hereinafter "Defendant Reverend Johnson") have conferred and submit the following joint statement and proposed pretrial schedule in anticipation of the Scheduling Conference.

### I.  SUMMARY OF POSITION ASSERTED BY PLAINTIFF:

Plaintiff Peter Nichols states that the late Reverend Robert Turnbull (hereinafter "Father Turnbull") was assigned to the Austin Preparatory School of Reading, Massachusetts, where in approximately 1977, when Plaintiff Peter Nichols was a fourteen-year-old student, Reverend Turnbull sexually abused Plaintiff Peter Nichols.  Plaintiff Peter Nichols further states that Defendant Reverend Johnson knew or should have known that Father Turnbull had a history of sexually abusing children.  Plaintiff Peter Nichols states that at the relevant times when Father Turnbull was sexually abusing Plaintiff Peter Nichols, Defendant Reverend Johnson, an Augustinian supervising priest, was a supervisor of Father Turnbull and Defendant Reverend Johnson negligently supervised, directed, and retained Father Turnbull.

## II. SUMMARY OF POSITION ASSERTED BY DEFENDANT:

At all relevant times, the Defendant Reverend Johnson held the position of sub-prior of the St. Augustine Friary, a religious community. Defendant Reverend Johnson had no supervisory responsibility of any kind over Father Turnbull, who is deceased. Defendant Reverend Johnson had no authority to supervise, direct, or retain Father Turnbull. Defendant Reverend Johnson neither owed any duty to Plaintiff which was breached, nor did he act negligently, nor did he cause Plaintiff to suffer damages. Further, the claim is untimely and falls outside the statute of limitations.

## III. PROPOSED DISCOVERY PLAN:

Plaintiff Peter Nichols and Defendant Reverend Johnson are unable to agree to a proposed discovery plan. The following is each party's position as to discovery.

### A. PLAINTIFF'S POSITION AS TO DISCOVERY SCHEDULE

**1. Initial Disclosure**

To be completed by **November 30, 2005**.

**2. Remaining Discovery**

Plaintiff's Counsel is about to begin a trial in Suffolk Superior Court on October 11, 2005 that is scheduled to last approximately four weeks. As the plaintiff in that Suffolk Superior Court matter has metastatic renal cancer and the Defendant is ninety-three years old, the Suffolk Superior Court has placed that matter on an expedited schedule to reach trial. The schedule in this matter needs to take into account Plaintiff's Counsel will be involved in a trial that will go to at least the middle of November 2005. Further, Plaintiff Peter Nichols filed this action in Essex Superior Court naming unknown individuals who along with Defendant also supervised the late Father Turnbull when he was teaching in Reading, Massachusetts. It is likely that other

Defendants will have to be added to this matter, and those Defendants will be Massachusetts residents. Discovery needs to be done early to identify other potential Defendants to assess what affects that may have on jurisdictional questions in this matter removed by Defendant Reverend Johnson to the United States District Court, District Of Massachusetts. In addition, discovery needs to be done early to identify other potential Defendants so that depositions and other discovery activities do not have to be repeated. Further, as the events establishing liability occurred in the 1970's, Plaintiff believes that he needs to sooner rather than later conduct discovery, not only about who supervised Father Turnbull, but when Defendant Reverend Johnson knew or should have known Father Turnbull was a pedophile. For that reason, Plaintiff suggests that the first phase of discovery to determine who all the parties should be, taking into account Plaintiff's Counsel current trial, should be completed by **May 1, 2006**. Plaintiff believes that all discovery requests and depositions should be completed by **December 16, 2006**.

### B. DEFENDANT'S POSITION AS TO DISCOVERY SCHEDULE

#### 1. Initial Disclosures

To be completed by **October 12, 2005**.

#### 2. Phased Discovery

The Defendant Reverend Johnson suggests that the parties conduct discovery on three preliminary jurisdictional and procedural matters: 1) Whether the Plaintiff's claim is timely filed; 2) Whether Defendant Reverend Johnson had supervisory responsibility over Reverend Turnbull such as to create a cognizable claim against him in this matter; and 3) the identification of "Defendant Two" by the plaintiff. The claim concerns allegations that are 28 years old. In the interests of judicial efficiency, the Court should resolve these preliminary issues.

This case was filed by Plaintiff on December 24, 2004, and not served until six months later in June 2005. In light of the fact that the case is now almost one year old, Defendant Reverend Johnson's proposal regarding conducting Phase One Discovery into the above-discussed preliminary matters is in the best interests of the parties and judicial economy. Plaintiff's proposed schedule is unduly burdensome to Defendant Reverend Johnson, who should not be forced to bear the burden of Plaintiff counsel's trial schedule. In light of the foregoing, Defendant Reverend Johnson proposes that discovery on the jurisdictional and procedural matters be completed by **January 10, 2006**. The Court's resources, as well as those of the parties, are best conserved if discovery proceeds in this fashion.

### 3. Proposed Schedule for Motions

Defendant Reverend Johnson proposes that motions arising out of the jurisdictional and/or procedural discovery be filed within 30 days of the conclusion of the above-described discovery period. Opposition to said motions are to be filed within 21 days thereafter.

### 4. Additional Discovery Motions and Trial Date

Because of the significance of the preliminary jurisdictional and procedural matters, Defendant Reverend Johnson respectfully suggests that the scheduling of all further proceedings be postponed until the completion of the first phase of discovery and motions.

### III. TRIAL BY MAGISTRATE

The parties do not agree to trial by a Magistrate Judge.

Respectfully submitted,
DEFENDANT, REVEREND ARTHUR D. JOHNSON
By his Attorneys,

_____
Jean A. Musiker, BBO # 365410
Matthew J. Fogelman, BBO #653916
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114-4737
(617) 227-3030


By Plaintiff's Attorney,

_____
Mitchell Garabedian, BBO #184760
William H. Gordon, BBO # 545378
LAW OFFICES OF
MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
(617) 523-6250

Dated: September 30, 2005

368136

## CERTIFICATE OF SERVICE

I, Matthew J. Fogelman, hereby certify that on the above date I served the within document by mailing a copy thereof, postage prepaid to the following counsel of record:

William H. Gordon, Esquire
Law Offices of Mitchell Garabedian
100 State Street
Boston, MA 02109

_____
Matthew J. Fogelman

368136