UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11422-RCL

| | |
|---|---|
| PETER NICHOLS,<br>    Plaintiff<br><br>v.<br><br>REVEREND ARTHUR D. JOHNSON and<br>DEFENDANT TWO,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### PLAINTIFF PETER NICHOLS'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2(A), Plaintiff Peter Nichols makes the following Initial Disclosures:

**A.   Fed. R. Civ. P. 26(A)(1)(A)**

The following are individuals who are likely to have information that Plaintiff Peter Nichols may use to support his claims in this action:

1.   Plaintiff Peter Nichols. Plaintiff can be contacted through Plaintiff's Counsel, the Law Offices of Mitchell Garabedian, 100 State Street, 6th Floor, Boston, Massachusetts. The subjects of discoverable information that Plaintiff may use to support his claims in this action include Plaintiff's recollection of Austin Preparatory School; the late Father Robert Turnbull's early conduct with Plaintiff; the nature and extent of the late Father Robert Turnbull's inappropriate contact with Plaintiff; the admissions of administrators of Austin Preparatory School; the admissions of priests of the Order of Saint Augustine; and the nature and extent of Plaintiff's injuries and damages resulting from the late Father Robert Turnbull's inappropriate contact with Plaintiff.

Plaintiff's investigation and discovery concerning this action is continuing and, if additional information is obtained after the date of these Initial Disclosures, Plaintiff will seasonably supplement these Initial Disclosures according to Rule 26(e) of the Federal Rules of Civil Procedure.

**B.    Fed. R. Civ. P. 26(A)(1)(B)**

Plaintiff Peter Nichols has in his possession, custody, or control the following documents or categories of documents that Plaintiff may use to support his claims in this action:

1.    Plaintiff Peter Nichols's transcript from the Austin Preparatory School, Reading, Massachusetts, which is located at the offices of Plaintiff's Counsel, the Law Offices of Mitchell Garabedian, 100 State Street, 6th Floor, Boston, Massachusetts.

2.    Order of Saint Augustine File Relating to Father Robert Turnbull, which is located at the offices of Plaintiff's Counsel, the Law Offices of Mitchell Garabedian, 100 State Street, 6th Floor, Boston, Massachusetts.  Such documents include records reflecting complaints that the late Father Robert Turnbull sexually abused young minor boys.

3.    Roman Catholic Archbishop of Boston's Production of Documents Relating to Reverend John [sic] Turnbull, which was filed with the Suffolk Superior Court in the civil action Gregory Ford, et al. v. Bernard Cardinal Law, Suffolk Superior Court Civil Action No. 02-4551 on December 17, 2002, and which is located at the offices of Plaintiff's Counsel, the Law Offices of Mitchell Garabedian, 100 State Street, 6th Floor, Boston, Massachusetts.  Such documents include records reflecting complaints that the late Father Robert Turnbull sexually abused young minor boys.

4.   Civil Docket for the civil action <u>Scott P. Sullivan v. Austin Preparatory School, et al.</u>, Middlesex Superior Court Civil Action No. 00-6066, which is located at the offices of Plaintiff's Counsel, the Law Offices of Mitchell Garabedian, 100 State Street, 6th Floor, Boston, Massachusetts.

5.   Civil Docket for the civil action <u>David Doyle v. Father George F. Burnell, et al.</u>, Suffolk Superior Court Civil Action No. 03-589, which is located at the offices of Plaintiff's Counsel, the Law Offices of Mitchell Garabedian, 100 State Street, 6th Floor, Boston, Massachusetts.

6.   Civil Docket for the civil action <u>William Kiely v. Father Thomas M. Murnane, et al.</u>, Suffolk Superior Court Civil Action No. 03-592, which is located at the offices of Plaintiff's Counsel, the Law Offices of Mitchell Garabedian, 100 State Street, 6th Floor, Boston, Massachusetts.

Plaintiff's investigation and discovery concerning this action is continuing and, if additional information is obtained after the date of these Initial Disclosures, Plaintiff will seasonably supplement these Initial Disclosures according to Rule 26(e) of the Federal Rules of Civil Procedure.

**C.   Fed. R. Civ. P. 26(A)(1)(C)**

Plaintiff Peter Nichols brings this action to recover damages he has suffered for the conduct described in Plaintiff's First Amended Complaint and Jury Trial Demand. The damages Plaintiff claims fall into the following categories:

<u>Medical Expenses And Future Medical Expenses.</u>

Plaintiff is unable at this time to calculate what his future medical expenses will be. To

date, Plaintiff is unaware if any prior medical expenses were for medical problems caused by Defendant's negligence.

<u>Loss Of Earnings And Loss Of Future Earning Capacity.</u>

Plaintiff has not yet consulted a vocational expert or an economist to compute his loss of earnings and loss of future earning capacity. Plaintiff estimates his loss of earnings and loss of future earning capacity to be approximately $225,000, based upon what he has earned and what he could have earned. As further basis for Plaintiff's estimated calculation, the following are employment records pertaining to Plaintiff, which Plaintiff will make available for inspection and copying pursuant to Rule 34 of the Federal Rules of Civil Procedure:

1. Employment records pertaining to Plaintiff Peter Nichols from Green Meadows Farm, South Hamilton, Massachusetts;

2. Employment records pertaining to Plaintiff Peter Nichols from G.A. Wright, Inc., Denver, Colorado; and

3. Employment records pertaining to Plaintiff Peter Nichols from M.F. Charles and Sons, Reading, Massachusetts.

<u>Pain And Suffering And Emotional Distress.</u>

There is no fixed measure for these types of damages, but Plaintiff is seeking to recover $1,000,000 on the basis that Plaintiff has severe pain and suffering and emotional distress from the late Father Robert Turnbull's inappropriate contact with Plaintiff, including but not limited to: severe and permanent mental distress and emotional injuries; difficulty trusting others; problems with alcohol; trouble concentrating; anger; guilt; a feeling of helplessness and hopelessness; low self-esteem; anxiety; and difficulty with intimacy.

These initial computations are subject to continuing analysis and will be revised or supplemented if and as necessary according to Rule 26(e) of the Federal Rules of Civil Procedure, except for normal increases in past damages and claims of interest, all of which should be assumed by the parties and which do not call for any specific supplementation.

D. **Fed. R. Civ. P. 26(A)(1)(D)**

Not applicable.

Respectfully,
By Plaintiff's Attorney,

*/s/ Mitchell Garabedian*

Mitchell Garabedian, BBO #184760
William H. Gordon, BBO #545378
LAW OFFICES OF
MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
(617) 523-6250

CERTIFICATE OF SERVICE

I, Mitchell Garabedian, Plaintiff's Attorney, hereby certify that on November 30, 2005, a true copy of the above document was served upon Jean A. Musiker, Esq. and Matthew J. Fogelman, Esq., SUGARMAN, ROGERS, BARSHAK & COHEN, P.C., 101 Merrimac Street, Boston, MA 02114-4737, via Hand Delivery.

*/s/ Mitchell Garabedian*

Mitchell Garabedian, BBO#184760
LAW OFFICES OF
MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
(617) 523-6250