UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11422-RCL

| | |
|---|---|
| PETER NICHOLS,<br>    Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| REVEREND ARTHUR D. JOHNSON and<br>DEFENDANT TWO,<br>    Defendants | )<br>)<br>) |

## PLAINTIFF PETER NICHOLS' MOTION TO AMEND COMPLAINT

Now comes Plaintiff Peter Nichols and, pursuant to Fed. R. Civ. P. 15(a), moves for leave to amend Plaintiff's Complaint to state all a claim of negligence against Very Reverend Arthur F. Smith (hereinafter referred to as "Father Smith"). Plaintiff Peter Nichols states that evidence available at this time indicates that Reverend Smith was negligent in at least the retention, direction, and supervision of the deceased Reverend Robert A. Turnbull (hereinafter referred to as "Father Turnbull") when Father Turnbull sexually molested Plaintiff Peter Nichols. Plaintiff Peter Nichols's current proposed amended Complaint is entitled "Second Amended Complaint" and is attached hereto as Exhibit 1.

As grounds for this Motion, Plaintiff Peter Nichols states as follows:

### I.   FACTUAL BACKGROUND

In approximately 1977 when Plaintiff Peter Nichols was approximately 14 years old, the deceased Father Turnbull, a religious priest affiliated with the Augustinians of the Province of St. Thomas of Villanova, also known as the Brothers of the Order of Hermits of St. Augustine (hereinafter referred to as "the Augustinians"), engaged in explicit sexual behavior and lewd and lascivious behavior with Plaintiff Peter Nichols, including, but not limited to, masturbating

Plaintiff Peter Nichols. (See Pl.'s First Am. Compl. at para. 6.) During the time of Father Turnbull's sexually abusive conduct with Plaintiff Peter Nichols, the Plaintiff was a student at the Austin Preparatory School in Reading, Massachusetts (hereinafter referred to as "Austin Prep"). (See Pl.'s Transcript from Austin Prep, a copy of which is attached hereto as Exhibit 2.) From approximately August, 1966 to approximately July, 1981, and at all times relevant to Father Turnbull's sexually abusive conduct with Plaintiff Peter Nichols, Father Turnbull was assigned to Austin Prep as a teacher and coach. (See Father Turnbull's Assignment Card, a copy of which is attached hereto as Exhibit 3; see also Pl.'s First Am. Compl. at para. 4.)

In Plaintiff's current Complaint, Plaintiff Peter Nichols did state claims against Defendant Reverend Arthur D. Johnson (hereinafter referred to as "Defendant Father Johnson") and Defendant Two, an individual or individuals, the identity of whom were then unknown to Plaintiff Peter Nichols, for negligent hiring, retention, direction, and supervision of the deceased Father Turnbull. (See Pl.'s First Am. Compl. at paras. 10-17.) From at least approximately 1969 to at least approximately 1982, and at all times relevant to Father Turnbull's sexually abusive conduct with Plaintiff Peter Nichols, Defendant Father Johnson was assigned to Austin Prep, and at various times during that period apparently had some responsibilities which included the supervision of Father Turnbull. (See copies of selected pages from The Official Catholic Directory for the Archdiocese of Boston for the years 1964 at 36, 1965 at 37, 1966 at 38, 1968 at 89, 1969 at 90, 1970 at 94, 1971 at 97, 1972 at 99, 1973 at 99, 1974 at 99, 1975 at 106, 1976 at 107, 1977 at 110, 1978 at 114, 1979 at 113, 1980 at 117, 1981 at 97, and 1982 at 97, collectively attached hereto as Exhibit 4.) For instance, Defendant Father Johnson apparently served as Sub-Prior at Austin Prep from at least approximately 1973 to approximately 1977; and as Prior from at least approximately 1980 to approximately 1982. (See id., Ex. 4.)

From at least approximately 1964 to at least approximately 1980, and at all times relevant to Father Turnbull's sexually abusive conduct with Plaintiff Peter Nichols, Father Smith was assigned to Austin Prep, and at various times during that period apparently had some responsibilities which included the supervision of Father Turnbull. (See id., Ex. 4.) For instance, Father Smith apparently served as Dean of Studies at Austin Prep from at least approximately 1964 to approximately 1968; and as Prior from at least approximately 1970 to approximately 1979. (See id., Ex. 4.)

## II. ARGUMENT

### A. Massachusetts Common Law Provides Remedies For Harm Caused By Supervisors Negligently Retaining, Directing, And Supervising Employees, Agents, Or Independent Contractors.

On January 5, 2005, Plaintiff Peter Nichols filed Plaintiff's First Amended Complaint, stating Massachusetts common law tort claims against Defendant Reverend Arthur D. Johnson (hereinafter referred to as "Defendant Father Johnson") and Defendant Two in Essex County Superior Court in the Commonwealth of Massachusetts. (See Pl.'s First Am. Compl., Ex. 1.) As Plaintiff Peter Nichols' claims in this action are Massachusetts common law tort claims, Massachusetts common law provides the rules of decision for Plaintiff Peter Nichols' claims. 28 U.S.C. § 1652; Daigle v. Maine Medical Center, Inc., 14 F.3d 684, 689 (1st Cir. 1994). This action was removed from the Massachusetts Superior Court by Defendant Father Johnson.

Massachusetts common law provides remedies for wrongful conduct of supervisors whether the supervisor is an employer or an independent contractor. An injured third party may bring a cause of action against an employer for negligent hiring, retention, direction, and supervision of his employee. See e.g., Doe v. Town of Blandford, 402 Mass. 831, 836 (1988) (court acknowledges claims for negligent hiring, retention, control, and supervision of an

employee); Ellingsgard v. Silver, 352 Mass. 34, 39 (1967) (court recognizes claims for negligent hiring and employment, and cites as support Restatement (Second) of Torts § 307 (1956)[1]); Or v. Edwards, 62 Mass. App. Ct. 475, 483-485 (2004) (negligence in retaining a person to perform given tasks who is unfit for the job long ago recognized as ground of liability for harmful effects of the choice); Foster v. Loft, Inc., 26 Mass. App. Ct. 289, 294-295 (1988) (jury could find employer liable for negligent hiring and retention); see also Restatement (Second) of Torts § 317 (1965)[2] (addresses the duty of an employer to control an employee who is not acting within the scope of his employment) (cited in Mosko v. Raytheon Co., 416 Mass. 395, 400 n.7 (1993)); Restatement (Second) of Torts § 308 (1965)[3] (negligence of an actor who allows a third person to engage in an activity under the actor's control if the actor knows or should know that the person is likely to conduct himself in such a manner as to create an unreasonable risk of harm to

---

[1]Section 307 provides:
    Use of Incompetent or Defective Instrumentalities
    It is negligence to use an instrumentality, whether a human being or a thing, which the actor knows or should know to be so incompetent, inappropriate, or defective, that its use involves an unreasonable risk of harm to others.

[2] Section 317 provides:
    A master is under a duty to exercise reasonable care so to control his servant while acting outside the scope of his employment as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm if
        (a) the servant
        (i) is upon the premises in possession of the master or upon which the servant is privileged to enter only as his servant, or
        (ii) is using the chattel of the master, and
        (b) the master
        (i) knows or has reason to know that he has the ability to control the servant, and
            (ii) knows or should know of the necessity and opportunity for exercising such control.

[3] Section 308 provides:
    Permitting Improper Persons To Use Things or Engage in Activities
    It is negligence to permit a third person to use a thing or to engage in an activity which is under the ctonrol of the actor, if the actor knows or should know that such person intends or is likely to use the thing or to conduct himself in the activity in such a manner as to create an unreasonable risk of harm to others.

others); Restatement (Second) of Agency § 213 (1958)[4] (liability of principal for employing improper persons in work involving risk of harm to others and in the supervision of the activity); Restatement (Second) of Agency §§ 219, 351.

Likewise, an injured third party may bring a cause of action against a general contractor/employer for negligent hiring, retention, control, and supervision of the subcontractor. See e.g., Copithorne v. Framingham Union Hospital, 401 Mass. 860 (1988) (court recognizes claim for negligent retention of a visiting staff member who is not an employee)[5]; Corsetti v. Stone Co., 396 Mass. 1, 9-10 (1985) (citing Restatement (Second) of Torts § 414 (1965)[6] with approval explaining that if a general contractor retains control over an independent contractor, he is required to exercise reasonable care for the protection of others); Yun Ku v. Town of Framingham, 53 Mass. App. Ct. 727 (2002). See Restatement (Second) of Torts § 411 (1965)[7]

---

[4] Section 213 provides:
    Principal Negligent or Reckless
    A person conducting an activity through servants or other agents is subject to liability for harm resulting from his conduct if he is negligent or reckless:
        (a) . . .
        (b) in the employment of improper persons or instrumentalities in work involving risk of harm to others:
        (c) in the supervision of the activity; or
        (d) in permitting, or failing to prevent, negligent or other tortious conduct by persons, whether or not his servants or agents, upon premises or with instrumentalities under his control.

[5] In Doe v. Purity Supreme, Inc., 422 Mass. 563, 567 (1996) the court noted that the plaintiff in Copithorne was not barred from bringing her claim by the workers' compensation statutes because she was suing in her capacity as a patient, not an employee.

[6] Section 414 provides:
    Negligence in Exercising Control Retained by Employer
    One who entrusts work to an independent contractor, but who retains the control of any part of the work, is subject to liability for physical harm to others for whose safety the employer owes a duty to exercise reasonable care, which is caused by his failure to exercise his control with reasonable care.

[7] Section 411 provides:
    Negligence in Selection of Contractor
    An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor

(liability of employer for failure to employ a competent contractor to perform any duty which the employer owes to third persons).

An individual whose negligence causes injury to another person with whom the actor has a "special relationship" is responsible for the damages the actor causes the injured party to suffer. A special relationship exists where "the defendant reasonably could foresee that he would be expected to take affirmative action to protect the plaintiff and could anticipate harm to the plaintiff from the failure to do so." Irwin v. Town of Ware, 392 Mass. 745, 756 (1984). If a special relationship exists between the plaintiff and the defendant, the defendant has a duty to act with reasonable care to prevent harm to the plaintiff. Id. at 756. See A.L. v. Commonwealth, 402 Mass. 234, 239 (1988) (court found a "special relationship" existed between a probation officer and students who were sexually molested by an individual on probation)[8]; Jean W. v. Commonwealth, 414 Mass. 496, 513 (1993) (court cites with approval Restatement (Second) of Torts § 315 (1965)[9], which acknowledges that there is a duty to control the conduct of a third person where a special relation exists); but see Mosko, 416 Mass. at 400 n. 7.

---

        (a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or
        (b) to perform any duty which the employer owes to third persons.

[8] Although the specific holding in A.L. has been overturned by state statute, see St. 1993, c. 495, the case continues to be cited for the tort law stated therein. See e.g., Poskus v. Lombardo's of Randolph, Inc., 423 Mass. 637, 640 (1996).

[9] Section 315 provides:
General Principle
There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless
        (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third party's conduct, or
        (b) a special relation exists between the actor and the other which gives to the other a right to protection.

B. **Evidence Indicates Father Smith Negligently Retained, Directed, And Supervised The Deceased Father Turnbull When Father Turnbull Sexually Molested Plaintiff Peter Nichols.**

In Plaintiff's current Complaint, Plaintiff Peter Nichols did state claims against Defendant Reverend Arthur D. Johnson and Defendant Two, an individual or individuals, the identity of whom were then unknown to Plaintiff Peter Nichols, for negligent hiring, retention, direction, and supervision of the deceased Father Turnbull. (See Pl.'s First Am. Compl. at paras. 10-17.) Previous litigation arising out of Father Turnbull's sexually abusive conduct with children other than Plaintiff Peter Nichols has lead to the discovery of evidence indicating knowledge of Father Turnbull's child abusive conduct that may predate Father Turnbull's contact with the Plaintiff. Evidence available at this time indicates Father Smith had prior knowledge or notice that Father Turnbull had harmed and likely would harm children, that Father Smith allowed Father Turnbull to continue to have unsupervised access to children, and therefore that Father Smith negligently retained, directed, and supervised Father Turnbull. It appears that Father Smith's negligent supervision may predate when Father Turnbull sexually molested Plaintiff Peter Nichols.

A handwritten memorandum dated May 6, 1981 on stationary belonging to the Augustinian's Office of Parochial Ministry describes how a detective with the Methuen, Massachusetts Police Department contacted the Reverend Thomas Kenny, then-headmaster at Austin Prep, to report an incident of inappropriate conduct with minor boys involving Father Turnbull. (See May 6, 1981 Memorandum Regarding "Bob Turnbull," a copy of which is attached hereto as Exhibit 5.) This memorandum describes how Father Turnbull approached several 11 and 12-year-old boys in the woods near Methuen and, under the guise of filming "Indian movies," asked the boys to return the following day with "loin cloths." (Id., Ex. 5.) This memorandum continues to describe an earlier incident which indicates that Father Smith had

- 7 -

knowledge or reasonable notice that Father Turnbull had engaged in inappropriate sexual conduct with a minor boy:

> It turns out that this is not the first incident. Some time ago a local doctor asked Art Smith how Bob was coping with his problem. When Art asked "What problem?" the doctor said he had been accused of touching a boy and that, as a result, the boy's father had withdrawn him from school.

(Id., Ex. 5.) This earlier incident of Father Turnbull's inappropriate sexual conduct with a minor boy involves a victim other than Plaintiff Peter Nichols, as Plaintiff Peter Nichols did not leave Austin Prep despite being sexually abused by Father Turnbull. (See Pl.'s Transcript from Austin Prep, Ex. 2.) Further, the doctor's characterization of Father Turnbull's sexual molestation of another boy, "how Bob was coping with his problem," should have suggested to Father Smith that such abusive conduct was an ongoing concern and not limited to the earlier incident described in this memorandum. (May 6, 1981 Memorandum, Ex. 5.) It is unclear from this memorandum by how many years this notice to Father Smith predates Father Turnbull's inappropriate conduct described in the memorandum itself. As Father Turnbull had been assigned to Austin Prep since approximately August, 1966, and as Father Smith apparently served in some supervisory capacity over Father Turnbull from August, 1966 to approximately 1979, it is reasonable to believe Father Smith received the information from the local doctor when Father Smith supervised Father Turnbull, i.e. no later than 1979 and very possibly prior to Father Turnbull's sexual molestation of Plaintiff Peter Nichols in approximately 1977.

A publicly available document dated September 9, 1994 describes an incident of sexual abuse perpetrated by Father Turnbull during the 1976-1977 school year at Austin Prep, when the reporting victim was 14 years old. (See Assault Report dated September 9, 1994, Bates stamped TURNBULL-2 009-011, a copy of which is attached hereto as Exhibit 6.) (Redactions in original.) In that document, the reporting victim describes how Father Turnbull, under the guise of

performing a sports-related physical examination, had the victim pull down his pants and underwear, at which point Father Turnbull touched and rubbed the victim's genitals. (See id., Ex. 6.) The reporting victim wrote that he remembered Father Turnbull saying "something to the effect of: 'Don't worry, I've done this with lots of other boys.'" (Id., Ex. 6.) This statement suggests that Father Turnbull may have engaged in sexually abusive conduct with numerous minor boys at Austin Prep prior to ever contacting Plaintiff Peter Nichols. Further, a publicly available memorandum from Sister Catherine Mulkerrin to Father John McCormack, dated June 13, 1994, describes how another former Austin Prep student reported a "sexual incident" involving Father Turnbull that apparently occurred in the early 1970's. (See Memorandum from Sister Catherine Mulkerrin to Father John McCormack dated June 13, 1994, Bates stamped TURNBULL-2 008, a copy of which is attached hereto as Exhibit 7.) (Redactions in original.)

Earlier litigation arising out of Father Turnbull's sexually abusive conduct with minor boys at Austin Prep indicates that Father Smith may have had knowledge or notice of Father Turnbull's sexually abusive behavior with boys other than Plaintiff Peter Nichols at least as early as 1968. A complaint filed in the Middlesex Superior Court in 2003 describes Father Turnbull engaging in sexually abusive conduct with a 14-year-old boy at Austin Prep in 1968, approximately nine years before Father Turnbull sexually molested Plaintiff Peter Nichols. (See Complaint And Jury Trial Demand for David Doyle v. Reverend George F. Burrell, et al., Middlesex Superior Court Civil Action No. 03-0395, a copy of which is attached hereto as Exhibit 8.) The description of Father Turnbull's sexually abusive conduct in this complaint, and the age of the Father Turnbull's victim in this complaint, are both very similar to the description of abuse contained in Plaintiff's Complaint.

Father Turnbull's sexually abusive conduct with these boys, students at Austin Prep, predates Father Turnbull's sexual molestation of Plaintiff Peter Nichols. It is reasonable to believe that Father Smith's knowledge or notice of Father Turnbull's sexually abusive behavior with minor boys also predates Father Turnbull's sexual molestation of Plaintiff Peter Nichols.

### C.  Justice Requires That Plaintiff Be Granted Leave To Amend Plaintiff's Complaint To Substitute Father Smith For The Previously Unidentified Defendant Two.

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, leave to amend Plaintiff Peter Nichols' Complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15. Plaintiff's proposed Second Amended Complaint seeks to substitute Father Smith for the name of a previously unidentified Defendant Two; "no new legal theories are involved in the amendment." Carmona v. Toledo, 215 F.3d 124, 136 (1st Cir. 2000) (holding plaintiffs were entitled to amend complaint to name previously unidentified defendants where claims were pending against such unidentified defendants from the inception of litigation). Plaintiff Peter Nichols' proposed Second Amended Complaint states a prima facie case of negligent hiring, retention, direction, and supervision against Father Smith. See Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996). (Pl.'s Second Am. Compl. at paras. 11-18, Ex. A.) There is at this time some available evidence indicating that Father Smith was negligent in at least the retention, direction, and supervision of Father Turnbull. This motion will be served prior to the time in the Court's Scheduling Order for amending pleadings has expired in this action. Further, discovery is at an early stage in this action; as the discovery deadline is October 5, 2006, there is still time for all parties to conduct discovery regarding Plaintiff Peter Nichols' proposed claims against Father Smith.

WHEREFORE, for the reasons stated above, Plaintiff Sean Hurley respectfully requests that this Honorable Court grant Plaintiff Sean Hurley leave to amend Plaintiff's Complaint to state a claim of negligence against.

### REQUEST FOR ORAL ARGUMENT

Plaintiff Peter Nichols respectfully requests a hearing on Plaintiff Peter Nichols' Motion To Amend Complaint.

                                               Respectfully,
                                               By Plaintiff's Attorney,

                                               /s/ Mitchell Garabedian
                                               Mitchell Garabedian, BBO #184760
                                               William H. Gordon, BBO #545378
                                               LAW OFFICES OF
                                               MITCHELL GARABEDIAN
                                               100 State Street, 6th Floor
                                               Boston, MA 02109
                                               (617) 523-6250

### CERTIFICATE OF SERVICE

I hereby certify that the above document filed through the ECF system on March 6, 2006 will be sent electronically to Jean A. Musiker, Esq., SUGARMAN, ROGERS, BARSHAK & COHEN, P.C., 101 Merrimac Street, Boston, MA 02114-4737 as identified on the Notice of Electronic Filing (NEF); and a paper copy was sent pursuant to Local Rule 15.1 to Francis P. Burns, III, Esq., LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO, Suite 500, 190 North Independence Mall West, 6th & Race Streets, Philadelphia, PA 19106; and Very Reverend Arthur F. Smith, St. Thomas Monastery, Villanova University, Villanova, PA 19085, whom Plaintiff understands are non registered participants, on February 24, 2006 via First Class Mail, Postage Prepaid.

                                               /s/ Mitchell Garabedian
                                               Mitchell Garabedian, BBO #184760
                                               LAW OFFICES OF
                                               MITCHELL GARABEDIAN
                                               100 State Street, 6th Floor
                                               Boston, MA 02109
                                               (617) 523-6250

**"EXHIBIT 1"**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11422-RCL

|  |  |
|---|---|
| PETER NICHOLS,<br>    Plaintiff<br><br>v.<br><br>REVEREND ARTHUR D. JOHNSON,<br>VERY REVEREND ARTHUR F. SMITH, and<br>DEFENDANT TWO,<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SECOND AMENDED COMPLAINT

### A. PARTIES

1.  The Plaintiff, Peter Nichols, is an individual residing in Topsfield, Essex County, Massachusetts.

2.  Defendant Reverend Arthur D. Johnson (hereinafter referred to as "Defendant Father Johnson") is an individual with an address in Charlotte, North Carolina. During the relevant time period Father Johnson was a religious priest of the Augustinian Fathers, and was Sub-Prior of Austin Preparatory School in Reading, Middlesex County, Massachusetts, and at times material hereto, had a duty to hire, supervise, direct and retain the late Father Robert Turnbull (hereinafter referred to as "Father Turnbull").

3.  Defendant Very Reverend Arthur F. Smith (hereinafter referred to as "Defendant Father Smith") is an individual with an address in Villanova, Pennsylvania. During the relevant time period Father Smith was a religious priest of the Augustinian Fathers, and was Prior of Austin Preparatory School in Reading, Middlesex County, Massachusetts, and at times material hereto, had a duty to hire, supervise, direct and retain the late Father Turnbull.

4.  Defendant Two is an individual or individuals, the identity of whom are presently unknown to the Plaintiff; therefore, the Plaintiff files the above-captioned action against Defendant Two by such fictitious name. The Plaintiff will amend this Complaint to show the true name or names of Defendant Two when said name or names have been ascertained. The Plaintiff alleges that Defendant Two was also responsible for the hiring, supervision, direction and retention of Father Turnbull.

## B. STATEMENT OF FACTS

5.  Father Turnbull was affiliated with Austin Preparatory School in Reading, Middlesex County, Massachusetts in approximately 1977, as well as at other times. Austin Preparatory School is a private Roman Catholic school located within the Roman Catholic Archdiocese of Boston. At all relevant times, Austin Preparatory was operated by the religious priests of the Augustinian Fathers. Father Turnbull is now deceased.

6.  Not until recently did the Plaintiff have knowledge or sufficient notice that he had been harmed and that that harm was caused by the explicit sexual behavior and lewd and lascivious acts of Father Turnbull as explained below.

7.  In approximately 1977, when the Plaintiff was approximately 14 years old, Father Turnbull engaged in explicit sexual behavior and lewd and lascivious behavior with the Plaintiff, including but not limited to, masturbating the Plaintiff.

8.  As a result of Father Turnbull's sexual and lewd and lascivious conduct with the Plaintiff, the Plaintiff has suffered deep emotional pain, is suffering deep emotional pain, and will suffer future deep emotional pain.

9. At all times material hereto, Father Turnbull misrepresented and concealed from the Plaintiff the wrongful nature of the sexual activity and that such sexual activity could harm the Plaintiff.

10. As a result of the said explicit sexual behavior and lewd and lascivious behavior in which Father Turnbull engaged with the Plaintiff, the Plaintiff is unable at this time to fully disclose in complete detail to what degree Father Turnbull did abuse the Plaintiff emotionally and physically.

## C. CLAIM FOR RELIEF.

**Plaintiff v. Defendant Father Johnson, Defendant Father Smith, and Defendant Two**
**Negligent Hiring, Retention, Direction, and Supervision**

11. The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

12. At all relevant times to this action, the responsibilities of Defendant Father Johnson, Defendant Father Smith, and Defendant Two (hereinafter referred to as the "Supervisory Defendants") included the hiring, retention, direction, and supervision of Father Turnbull.

13. At all relevant times to this action, the Supervisory Defendants knew or should have known that Father Turnbull would interact and was interacting with individuals, including minors, and more specifically, was interacting with the Plaintiff.

14. At all relevant times to this action, the Supervisory Defendants had a special relationship with Father Turnbull or the Plaintiff.

15. At all relevant times to this action, the Supervisory Defendants had a duty of care to properly hire, retain, direct, and supervise individuals of good reputation and character who would be asked to interact with minors.

16. At all relevant times to this action, the Supervisory Defendants negligently breached said duty by hiring and retaining Father Turnbull, an individual whom the Supervisory Defendants knew or should have known was of bad character and reputation and unable to properly interact with minors. The Supervisory Defendants improperly and inadequately directed and supervised Father Turnbull.

17. At all relevant times to this action, the Supervisory Defendants knew or should have known that Father Turnbull's intentional and negligent conduct would result in severe mental and emotional suffering by the Plaintiff.

18. As a direct and proximate result of the Supervisory Defendants' negligent conduct, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, including, but not limited to, objective corroboration of said mental distress and emotional injuries; financial expenses for medical and therapeutic care and treatment; lost long-term earning capacity; as well as other damages.

WHEREFORE, the Plaintiff respectfully demands judgment against the Defendants on each count in an amount to be determined by a jury, plus costs, interest, attorneys' fees, and such other and further relief as this Court deems just and equitable.

## JURY TRIAL DEMANDED

**PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS.**

By Plaintiff's Attorney,

/s/ Mitchell Garabedian
Mitchell Garabedian, BBO #184760
LAW OFFICES OF
MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
(617) 523-6250

## CERTIFICATE OF SERVICE

  I hereby certify that the above document filed through the ECF system on March 6, 2006 will be sent electronically to Jean A. Musiker, Esq., SUGARMAN, ROGERS, BARSHAK & COHEN, P.C., 101 Merrimac Street, Boston, MA 02114-4737 as identified on the Notice of Electronic Filing (NEF); and a paper copy was sent pursuant to Local Rule 15.1 to Francis P. Burns, III, Esq., LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO, Suite 500, 190 North Independence Mall West, 6th & Race Streets, Philadelphia, PA 19106; and Very Reverend Arthur F. Smith, St. Thomas Monastery, Villanova University, Villanova, PA 19085, whom Plaintiff understands are non registered participants, on February 24, 2006 via First Class Mail, Postage Prepaid.

              /s/ Mitchell Garabedian
              Mitchell Garabedian, BBO #184760
              LAW OFFICES OF
              MITCHELL GARABEDIAN
              100 State Street, 6th Floor
              Boston, MA 02109
              (617) 523-6250

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11422-RCL

PETER NICHOLS,          )
    Plaintiff          )
              )
  v.          )
              )
REVEREND ARTHUR D. JOHNSON and          )
DEFENDANT TWO,          )
    Defendants          )

**PLAINTIFF PETER NICHOLS' NOTICE OF FILING WITH CLERK'S OFFICE**

    Notice is hereby given that the documents, exhibits or attachments to Plaintiff Peter Nichols' Motion To Amend Complaint listed below have been manually filed with the Court and are available in paper form only:

    1.    Plaintiff Peter Nichols' Transcript from Austin Prep (Exhibit 2 to Plaintiff Peter Nichols' Motion To Amend Complaint);

    2.    The deceased Reverend Robert A. Turnbull's Assignment Card (Exhibit 3 to Plaintiff Peter Nichols' Motion To Amend Complaint);

    3.    Copies of selected pages from The Official Catholic Directory for the Archdiocese of Boston for the years 1964 - 1982 (Exhibit 4 to Plaintiff Peter Nichols' Motion To Amend Complaint);

    4.    May 6, 1981 Memorandum Regarding "Bob Turnbull" (Exhibit 5 to Plaintiff Peter Nichols' Motion To Amend Complaint);

    5.    Assault Report dated September 9, 1994, Bates stamped TURNBULL-2 009-011 (Exhibit 6 to Plaintiff Peter Nichols' Motion To Amend Complaint);

    6.    Memorandum from Sister Catherine Mulkerrin to Father John McCormack dated June 13, 1994, Bates stamped TURNBULL-2 008 (Exhibit 7 to Plaintiff Peter Nichols' Motion To Amend Complaint); and

    7.    Complaint And Jury Trial Demand for David Doyle v. Reverend George F. Burnell, et al., Middlesex Superior Court Civil Action No. 03-0395 (Exhibit 8 to Plaintiff Peter Nichols' Motion To Amend Complaint).

    The original documents are maintained in the case file in the Clerk's Office. Further, on March 6, 2006, paper copies of each of the above documents were served upon Jean A. Musiker,

Esq., SUGARMAN, ROGERS, BARSHAK & COHEN, P.C., 101 Merrimac Street, Boston, MA 02114-3747 via Hand Delivery.

> Respectfully,
> By Plaintiff's Attorney,
>
> /s/ Mitchell Garabedian
> Mitchell Garabedian, BBO #184760
> William H. Gordon, BBO #545378
> LAW OFFICES OF
> MITCHELL GARABEDIAN
> 100 State Street, 6th Floor
> Boston, MA 02109
> (617) 523-6250

Dated: March 6, 2006

### CERTIFICATE OF SERVICE

I hereby certify that the above document filed through the ECF system on March 6, 2006 will be sent electronically to Jean A. Musiker, Esq., SUGARMAN, ROGERS, BARSHAK & COHEN, P.C., 101 Merrimac Street, Boston, MA 02114-4737 as identified on the Notice of Electronic Filing (NEF); and a paper copy will be sent to Francis P. Burns, III, Esq., LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO, Suite 500, 190 North Independence Mall West, 6th & Race Streets, Philadelphia, PA 19106; and Very Reverend Arthur F. Smith, St. Thomas Monastery, Villanova University, Villanova, PA 19085, whom Plaintiff understands are non registered participants, on March 6, 2006 via First Class Mail, Postage Prepaid.

> /s/ Mitchell Garabedian
> Mitchell Garabedian, BBO #184760
> LAW OFFICES OF
> MITCHELL GARABEDIAN
> 100 State Street, 6th Floor
> Boston, MA 02109
> (617) 523-6250