UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

PETER NICHOLS
          Plaintiff

v.                                          CIVIL ACTION NO. 05-CV-11422-RCL

REVEREND ARTHUR D. JOHNSON
AND DEFENDANT TWO
          Defendants

**OPPOSITION OF DEFENDANT, REV. ARTHUR D. JOHNSON, O.S.A.,
TO PLAINTIFF'S MOTION TO AMEND[1]**

**I.    Summary of Argument**

Plaintiff has filed a motion to amend his complaint to add Rev. Arthur F. Smith, O.S.A.,

as an additional defendant.  This motion is presented almost 15 months after the action was first

filed in the state court and eight months after it was removed to this Court. The motion implies,

but never states, that Father Smith is being made a party based on recently discovered evidence.

However, the facts upon which plaintiff grounds his motion were known to plaintiff before he

filed the action against Fr. Johnson.  Plaintiff provides no explanation or justification for his

delay in pursuing Fr. Smith.  The effect of this latter-day maneuver will be to unnecessarily

prolong the course of the litigation and make it more complex, all to the detriment of Fr.

Johnson.  It is not in the interest of justice to permit plaintiff to engage in dilatory tactics.

Plaintiff's motion to amend to add a new defendant therefore should be denied.

---

[1] Proposed defendant, Reverend Arthur F. Smith, has filed a separate opposition to the motion.  Defendant Fr.
Johnson hereby restates and incorporates herein the arguments contained in Fr. Smith's opposition.

## II.    <u>Factual Background</u>

Plaintiff claims that he was sexually abused when he was 14 years old. He has identified the abuser as Rev. Robert A. Turnbull, O.S.A., a former member of the faculty at Austin Preparatory School ("Austin Prep"). Fr. Turnbull is deceased. The abuse is alleged to have occurred in 1977. At the time, Fr. Turnbull was a teacher and assistant football coach at the school.

Plaintiff avers that, at the time of the alleged abuse, Father Johnson was a member of the Augustinian Order and the Sub-Prior of the Augustinian community associated with Austin Prep.[2] He further alleges that in his capacity as Sub-Prior, Father Johnson negligently failed to supervise Fr. Turnbull, causing plaintiff harm.

Father Smith, also an Augustinian priest, has been identified in the proposed Second Amended Complaint as a former Prior of the community and a former Dean of Students of the school. As set forth in Fr. Smith's opposition, he has been a citizen of Pennsylvania for the past 19 years and presently lives at the Augustinian Monastery in Villanova, Pennsylvania. He is eighty years old and is confined to the Monastery where he receives around-the-clock care for mental and physical ailments. Among other things, he suffers from senile dementia with agitation and psychosis. He has other chronic and debilitating medical problems which impair the function of his heart and lungs. *See*, Opposition of Proposed Additional Defendant, Rev. Arthur R. Smith, O.S.A., to Plaintiff's Motion to Amend, Exhibits A and B.

---

[2]  In his proposed Second Amended Complaint, the plaintiff alleges that "[a]t all relevant times, Austin Preparatory was operated by the religious priests of the Augustinian Fathers." Second Amended Complaint, ¶ 5. Fr. Johnson believes that plaintiff has no factual basis for this assertion. In fact, Fr. Johnson has offered plaintiff documentary evidence to the contrary. In his Initial Disclosures pursuant to Fed. R. Civ. P. Rule 26(a)(1), Fr. Johnson identified a Memorandum of Agreement under which the Augustinian Order transferred the school to a lay organization in 1973, four years prior to the alleged events upon which plaintiff bases his complaint. *See* Ex. A attached hereto. Plaintiff has offered nothing to connect the Augustinian Order with the control or administration of Austin Prep at the time of the alleged abuse.

III.  **Argument**

The plaintiff's motion should be denied on the ground that it causes undue delay. Plaintiff is engaging in dilatory tactics and proceeding in a manner that can only cause further delay and expense. He has failed to act in a timely fashion to add Fr. Smith, although he apparently has been in possession of the information on which he now grounds his motion for more than a year.

There are limits to a court's largess in granting a motion to amend, despite the general principle that it should be "freely given." Where there is, *inter alia,* undue delay, bad faith or dilatory motive, the motion should be denied. *See Foman v. Davis,* 371 U. S. 178, 182 (1962). *See also*, *Hatch v. Dept. for Children, Youth and Their Families*, 274 F.3d 12, 19 (1st Cir. 2001). Over time, the burden on a plaintiff seeking to amend a complaint becomes more exacting. "[T]he longer a plaintiff delays, the more likely the motion to amend will be denied, as protracted delay, with its attendant burdens on the opponent and the court, is itself a sufficient reason for the court to withhold permission to amend." *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004) (citing *Acosta-Mestre v. Hilton Int'l of P.R., Inc.,* 156 F.3d 49, 52-53 (1st Cir. 1998)).

Plaintiff has waited almost 15 months to make the motion to add Fr. Smith. He first filed his complaint in state court in December, 2004 and amended it once, as a matter of right, on January 5, 2005. Plaintiff made no attempt to serve this lawsuit for over six months, despite counsel's written offer to accept service for Fr. Johnson in February of 2005. Instead, plaintiff filed a several motions in the state court, *ex parte*, seeking extensions of time within which to serve the complaint.[3]

---

[3] The history of the state court proceeding is laid out in Fr. Johnson's Opposition to Plaintiff's Ex Parte Motion to Enlarge Time to Serve Defendants and Amend Tracking Order, attached hereto as Exhibit B.

Ultimately, the court granted plaintiff one last opportunity to serve Fr. Johnson and prosecute this lawsuit.  Fr. Johnson thereafter exercised his right to remove the case to this forum under diversity jurisdiction.  At the Scheduling Conference on October 5, 2005, the Court granted plaintiff until March 6, 2006, to move to amend or add a party to substitute for the pseudonymous Defendant Two.  Plaintiff filed his motion to amend to add Fr. Smith on the very last day permitted under the Court's order.  Plaintiff is not prosecuting his case in a timely and efficient fashion.  The addition of a second defendant will clearly increase the expense and complexity of Fr. Johnson's defense of this matter, be it as a result of additional depositions, a longer trial, or more extensive motion practice.

In support of his motion, plaintiff offers no explanation for the delay in seeking to add Fr. Smith.  The documents plaintiff relies upon in support of his motion are not newly discovered.  It appears that prior to filing the original state court complaint plaintiff had in his possession all the material on which he now bases his claim against Fr. Smith.  There are pages from collections of Catholic directories that have been publicly available since 1982. *See* Plaintiff Peter Nichols' Motion to Amend Complaint, Exhibit 4.  There is a copy of a civil complaint filed by plaintiff's counsel in 2003 on behalf of another client.  *See Id.,* Exhibit 8.  There is Nichols' high school transcript.  *See Id.,* Exhibit 2.  There are materials relating to Fr. Turnbull, including biographical data, which have been in the possession of plaintiff's counsel as a result of earlier claims against Fr. Turnbull. *See Id.,* Exhibits 3 and 5.  Exhibit 3 is merely the Order's record of Fr. Turnbull's assignments. Exhibit 5 is a memorandum dated May 6, 1981, also from the Order's files, which contains a report of an unrelated incident involving Fr. Turnbull.  It recites that Fr. Smith was made aware by an unnamed doctor at some indefinite time that Father Turnbull had been accused of inappropriately touching a student.  Exhibits 6 and 7, each dated in 1994, record the

complaints of two other individuals that Fr. Turnbull engaged in inappropriate sexual conduct

with them, one during the 1976-1977 school year and the other in the early 1970's. These

documents were apparently obtained from public records in a prior state court proceeding.  *See*

*Ford et al. v. Law et al.*, Civ. Action No. SUCV2002-04551 (Mass.Super. filed Oct. 11, 2002),

Docket Entry No. 203, The Roman Catholic Archbishop of Boston's production of documents

relating to Reverend John Turnbull.  They were filed with the Court by the Archdiocese on or

about December 17, 2002.  Relevant pages of the computer based docket are attached hereto as

Exhibit C.[4]

     The identity of Fr. Smith is not recently discovered. Indeed, plaintiff has offered no

explanation for the timing of his motion to add Fr. Smith as a party.  Local Rule 15.1(A) requires

that amendments that seek to add a party "*shall* be sought as soon as an attorney reasonably can

be expected to have become aware of the identity of the proposed new party."  (Emphasis

added.)  *See also Data General Corp. v. Grumman Systems Support Corp*., 825 F.Supp. 340, 345

(D.Mass. 1993). A motion to amend may be denied where a party does not take action until long

after it first became aware of the facts which form the basis for the motion.  *See* Steir, 383 F.3d

at 14.  A court should consider as relevant to whether justice requires leave to amend under Rule

15(a) "what the plaintiff knew or should have known and what he did or should have done."

(quoting *Leonard v. Parry*, 219 F. 3d 25, 30 (1st Cir. 2000)).  *See also Datascope v. SMEC, Inc*.,

962 F.2d 1043, 1045 (Fed.Cir. 1992) (undue delay where plaintiff was or should have been

aware of the relevant facts long before it sought to an amendment to add an additional

---

[4]  Of note, none of the documents plaintiff appends to his motion support his claims against either Fr. Johnson or Fr. Smith. Notably, none mention Fr. Johnson, either personally or in any allegedly official role.  Nor do any of the documents provide probative evidence that any member of the Augustinian Order was aware of complaints of abuse concerning Fr. Turnbull as of 1977, the time when plaintiff claims to have been abused.

defendant).  Under the standard set by the rules and elucidated by the cases, plaintiff has failed to name Fr. Smith in a timely fashion.

## IV.    <u>Conclusion</u>

For the foregoing reasons, plaintiff's motion for leave to add Fr. Smith as a defendant should be denied.

Respectfully submitted,
DEFENDANT, Reverend Arthur D. Johnson
By his Attorneys,

*/s/ Jean A. Musiker*
_____
Jean A. Musiker, BBO # 365410
Carl A. Roller, BBO # 665008
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030
musiker@srbc.com
roller@srbc.com

DATED:  March  20, 2006

<u>CERTIFICATE OF SERVICE</u>

       I, Jean A. Musiker, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on March 20, 2006.

       Mitchell Garabedian, Esquire
       William H. Gordon, Esquire
       Law Offices of Mitchell Garabedian
       100 State Street
       Boston, MA 02109

*/s/ Jean A. Musiker*
                 _____

Jean A. Musiker
musiker@srbc.com

375078v2

7

EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11422-RCL

| | |
|---|---|
| PETER NICHOLS<br>    Plaintiff | )<br>)<br>)<br>) |
| v. | )<br>) |
| REVEREND ARTHUR D. JOHNSON and<br>DEFENDANT TWO,<br>    Defendants | )<br>)<br>)<br>) |

## INITIAL DISCLOSURES OF THE DEFENDANT REVEREND ARTHUR D. JOHNSON

Pursuant to Federal Rule of Civil Procedure 26(a)(1) and Local Rule 26.2(A), the

Defendant Reverend Arthur D. Johnson (hereinafter "Defendant Reverend Johnson") hereby

provides the following initial disclosures to the plaintiff.

Fed.R.Civ.P. 26(A)(1)(A):

Defendant Reverend Johnson has identified the following individuals who are likely to

have discoverable information that may be used to support his claims and defenses. The

individuals listed below can contacted through their counsel, Jean A. Musiker and Matthew J.

Fogelman.

1.    Defendant Reverend Johnson has knowledge regarding the duties and responsibilities

of a sub-prior of the St. Augustine Friary, the relationship between the St. Augustine Friary and

Austin Preparatory School of Reading, Massachusetts, and the relationship between the St.

Augustine Friary and faculty at the Austin Preparatory School. He also has knowledge

concerning any allegations that relate to him directly.

2.   Reverend Francis J. Horn, O.S.A., J.C.D., has knowledge regarding the duties and responsibilities of a sub-prior of the St. Augustine Friary.  Reverend Horn also has knowledge regarding the organization, government, and structure of the Order, including the duties and responsibilities of the Order's officers, as well as the relationship between the Order and its members.  Father Horn has knowledge of the canon law to which the Order and its members are subject.

Fed.R.Civ.P. 26(A)(1)(B):

Defendant Reverend Johnson has in his possession, custody, or control the following documents or categories of documents that may be used to support his claims or defenses.

1.   Rule and Constitutions of the Order of Saint Augustine.

2.   Letter to Charles H. McLaughlin, Board of Trustees, Austin Preparatory School, dated June 12, 1973.

3.   Memorandum of Understanding and Addendum between Augustinian High School of Reading, Massachusetts and The Province of St. Thomas of Villanova, dated June 11, 1973.

Fed.R.Civ.P. 26(A)(1)(C):

Not applicable.

Fed.R.Civ.P. 26(A)(1)(D):

The defendant agrees to produce a copy of the declaration page from the applicable insurance agreement, Comprehensive General Liability Insurance Policy No. CBP 68721, issued by Firemen's Insurance Co.

- 2 -

Respectfully submitted,
DEFENDANT REVEREND ARTHUR D. JOHNSON
By his Attorneys,

/s/ Matthew J. Fogelman

Jean A. Musiker, BBO #365410
Matthew J. Fogelman, BBO #653916
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street
Boston, MA 02114-4737
(617) 227-3030

Dated: November 29, 2005

## CERTIFICATE OF SERVICE

I, Matthew J. Fogelman, hereby certify that on the above date I served the within document by mailing a copy thereof, postage prepaid, to the following counsel of record:

William H. Gordon, Esquire
Law Offices of Mitchell Garabedian
100 State Street
Boston, MA 02109

/s/ Matthew J. Fogelman

Matthew J. Fogelman

370483

## MEMORANDUM OF UNDERSTANDING

## AUGUSTINIAN HIGH SCHOOL OF READING, MASSACHUSETTS

### AND

## THE PROVINCE OF ST. THOMAS OF VILLANOVA

WHEREAS, by resolution unanimously passed by the Provincial Council on the 20th day of February, 1973, it was, "Moved that a 'Memorandum of Understanding' be drawn up between the Province of St. Thomas of Villanova and the Board of Trustees of Augustinian High School of Reading, Massachusetts, to ensure that the Province is relieved of all legal and fiscal responsibility for the institution, and that the past, present, and future investment of the Province in contributed services and the past and present cash loans be protected"; and

WHEREAS, it has been voted by the Executive Board of Augustinian High School of Reading, Massachusetts, to reform the Board of Trustees with a view to continue the operation of the school.

NOW, THEREFORE, in consequence of the foregoing, the Province of St. Thomas of Villanova, hereinafter called the "Province", and Augustinian High School of Reading, Massachusetts, hereinafter called the "School", agree as follows:

1.  Upon finalizing this agreement, the Province of St. Thomas of Villanova will pay to the School the sum of $350,000.00, as previously agreed, less whatever sum or sums have been paid to Internal Revenue Service ($42,700.00) in behalf of the School for withholding and other federal taxes, the sum or sums paid to the New England Merchants National Bank of Boston, Massachusetts ($64,811.25), as Trustee, for the Trust Indenture of the First Mortgage Bond of Augustinian High School of Reading, Massachusetts, as hereinafter further set forth.

2.  The School will retire the financial obligations due to the Province, including both cash loans and contributed services accumulated prior hereto or in consequence hereof, as follows:

    (a)  The parties hereto recognize the obligation of the School to the Province in the amount of $471,000.00 representing monies advanced in the amount of $228,511.25, and the sum of $242,488.75 to be advanced upon execution of this memorandum. For additional consideration in the execution of this agreement, the School agrees to liquidate the debt to the following banks, which have demand loans with the School.

    1.  Arlington Trust Co. - $60,000.00, plus accrued interest.

    2.  Burlington Bank and Trust Co. - $40,000.00, plus accrued interest.

    3.  Middlesex County National Bank - $50,000.00, plus accrued interest.

(b)    The entire amount due shall be payable in or within fifteen (15) years from the date hereof, without prepayment penalty, with interest on the unpaid balance at the rate of six (6%) per centum per annum computed and paid quarterly, but not compounded. The principal shall be paid in forty (40) equal quarterly installments beginning five (5) years from the date of these presents.

    The interest for the first two years shall not be paid, as above set forth, but shall be added to the principal sum of the obligation under paragraph 2(a) above.

(c)    After the obligation for monies advanced has been satisfied in full, the sum of money represented by "Contributed Services" shall be paid by the School to the Province. The total sum due shall be determined on the basis of $1,000.00 per year for each of the faculty or administrative officials, and the rate of repayment shall be twenty thousand ($20,000.00) dollars per year.

(d)    Augustinian High School of Reading, Massachusetts, will recognize the financial obligations due to the Archdiocese of Boston, as hereinafter set forth.

3.    It is further agreed that in the event it becomes necessary to sell the School, the proceeds thereof shall be distributed in the following order of priority:

(a)    It is legally required that the bond obligation be first paid in full;

(b)    The Province shall next be repaid, including the original investment, monies advanced since opening of the School, and the obligation designated as "contributed services";

(c)    The Archdiocese shall be repaid for funds advanced originally upon founding of the School.

(d)    Any excess of funds, after all debts and obligations have been satisfied in full, shall be paid to the Province of St. Thomas of Villanova for its good works.

- 2 -

4. The Province will supply to the School a minimum of five (5) of its members as faculty and/or administrative officials for the next school year and, thereafter, the number shall be as the requirements of the Province will permit.

5. Through the Prior, the School will compensate the members of the Province who may serve as faculty or administrative officials of the School on the same basis as comparable lay members of the staff, both as to salaries and fringe benefits.

6. The School will provide housing accommodations and living facilities in the Monastery in accordance with past standards and, in payment therefor, the Prior of the Monastery shall pay to the School from the salary fund the sum of eighteen hundred ($1,800.00) dollars monthly, based on the five member minimum.

7. In the event that the Headmaster of the School is to be an Augustinian, he shall be nominated by the Provincial of the Province of St. Thomas of Villanova, and his appointment approved and confirmed by the Board of Trustees of the School.

8. The Trustees of the School will take the necessary action to effect certain changes, as follows:

   (a) The legal title of the corporation shall be amended from "Augustinian High School of Reading, Massachusetts" to "Austin Preparatory School", and Article I, Section 1 of the By-Laws shall be amended to conform thereto.

   (b) The Trustees shall amend the Articles of Organization so as to delete from the purposes the phrase "administered by the Augustinian Fathers".

   (c) The Trustees will amend or cause to be amended Article V, Section 3a and 3c of the By-Laws so as to delete therefrom the term "Rector" and substitute therefor the title "Headmaster".

9. The matters contained in Paragraphs 4, 5, and 6, as heretofore set forth, shall be subject to renegotiation annually at the request of either party hereto.

10. It is understood by the Province and the School that although the Province is unable to provide any further financial or fiscal support to the School, that whatever and whenever possible the Province will supply all moral and advisory assistance consistent with the aims and purposes of both organizations.

This Memorandum of Understanding executed this 11th day of June, 1973.

THE PROVINCE OF ST. THOMAS OF VILLANOVA

AUGUSTINIAN HIGH SCHOOL OF READING, MASSACHUSETTS

By: _____ Duly Authorized

By: _____ Duly Authorized

# EXHIBIT B

FILE COPY

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS:

SUPERIOR COURT
CIVIL ACTION
NO. 04-2335-B

PETER NICHOLS
    Plaintiff

v.

REVEREND ARTHUR D. JOHNSON and
DEFENDANT TWO
    Defendants

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S EX PARTE MOTION TO ENLARGE TIME TO SERVE DEFENDANTS AND AMEND TRACKING ORDER

Now comes the defendant, Reverend Arthur D. Johnson, in the above-captioned matter and hereby opposes the plaintiff's motion to enlarge the time for service of process and to amend the tracking order accordingly. In support of his opposition, the defendant states as follows:

1. The plaintiff filed the complaint in the instant action with the Court on December 24, 2004. Upon learning of the filing, instant counsel for Reverend Johnson contacted plaintiff's counsel. By letter dated February 2, 2005, counsel confirmed that she was authorized to accept service on behalf of Reverend Johnson. There have been no communications between counsel for the plaintiff, Mr. Nichols, and counsel for Reverend Johnson from that time until June 3, 2005. In particular, there have been no discussions

with counsel for plaintiff concerning resolution of this matter with Reverend Johnson

through alternative dispute resolution options. See Affidavit of Jean A. Musiker filed

herewith.

2.    The first contact from plaintiff's counsel, subsequent to the February 2nd

letter, was via telephone on June 3, 2005, and concerned plaintiff's intent to file the

motion to enlarge the time for service. See Affidavit of Jean A. Musiker

3.    Plaintiff has failed to show good cause why service has not been made

within the time period required by Mass. R. Civ. P. 4(j). <u>Shuman v. The Stanley Works</u>,

30 Mass. App. Ct. 951, 953 (1991); <u>see</u> <u>Commission of Revenue v.</u> Carrigan, 45 Mass.

App. Ct. 309 (1998). To find good cause, the Court must apply a "'stringent standard

requiring diligen[t]' albeit unsuccessful effort to complete service within the time

prescribed by the rules." <u>Shuman</u>, 30 Mass. App. Ct. at 953 (quoting <u>Davis-Wilson v.</u>

<u>Hilton Hotels Corp.</u>, 106 F.R.D. 505, 509 (E.D. La. 1985). Plaintiff's counsel has not

been reasonable or diligent in his effort to effectuate service in this case. Despite

counsel's offer to accept service on behalf of defendant, which remained outstanding for

three months, no attempt was made by plaintiff's counsel to make service. There were no

discussions with defendant concerning alternate means of resolving the dispute. Nor was

failure to serve the complaint the only means at plaintiff's disposal to avoid the expense

of litigation, if he had wished to discuss resolution. There are other alternatives, such as

a stay of proceedings. While the error of the clerk's office in entering a dismissal on

April 8, 2005, may have required plaintiff to cure this mistake prior to serving the

complaint, plaintiff's counsel has provided no explanation for its failure to take any

action from the date the erroneous entry was discovered until June, well after the prior extension had expired.

4.   According to the allegations of the complaint, the facts upon which plaintiff bases his claim occurred in 1977. The defendant is concerned that the more than 28-year delay in plaintiff's prosecution of this claim may have a prejudicial effect on defendant's ability to defend. More delay should not be sanctioned by this Honorable Court. In any event, potential prejudice to the plaintiff or lack of prejudice to the defendant are not considerations when ruling on a motion under Rule 4(j). Johnson v. Maynard, 2004 WL 504744 (Mass. Super. 2004); see also Mills v. Kline, 2004 WL 626292 (Mass. App. Ct. 2004)(unpublished decisions).

WHEREFORE, for all the above reasons, defendant, Reverend Arthur Johnson, prays that this Honorable Court will deny plaintiff's motion and dismiss the complaint, nunc pro tunc to May 23, 2005.

DEFENDANT, REVEREND ARTHUR D. JOHNSON
By his Attorneys,

Jean A. Musiker, BBO # 365410
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

DATED:   June 7, 2005

## CERTIFICATE OF SERVICE

I, Jean A. Musiker, hereby certify that on the above date I served the within document by faxing and hand-delivering a copy of same, to the following counsel of record:

> Mitchell Garabedian, Esquire
> Law Offices of Mitchell
> Garabedian
> 100 State Street
> Boston, MA 02109

Jean A. Musiker

JAM/gv

364068

EXHIBIT C

# Commonwealth of Massachusetts
## SUFFOLK SUPERIOR COURT
## Case Summary
## Civil Docket

## Ford et al v Law et al

Details for Docket: SUCV2002-04551

### Case Information

| | | | |
|---|---|---|---|
| **Docket Number:** | SUCV2002-04551 | **Caption:** | Ford et al v Law et al |
| **Filing Date:** | 10/11/2002 | **Case Status:** | |
| **Status Date:** | 07/01/2004 | **Session:** | |
| **Lead Case:** | NA | **Case Type:** | |

### Tracking Deadlines

| | | | |
|---|---|---|---|
| **TRK:** | F | **Discovery:** | 08/07/2003 |
| **Service Date:** | 01/09/2003 | **Disposition:** | 12/05/2003 |
| **Rule 15:** | 03/10/2003 | **Rule 12/19/20:** | 03/10/2003 |
| **Final PTC:** | 10/06/2003 | **Rule 56:** | 09/06/2003 |
| **Answer Date:** | 03/10/2003 | **Jury Trial:** | YES |

## Parties Involved

23 Parties Involved in Docket: SUCV2002-04551

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Alias defendant name |
| **Last Name:** | Law | **First Name:** | Cardinal Bernard F |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | | |
|---|---|---|---|
| **Party Involved:** | | **Role:** | Alias deft name |
| **Last Name:** | Law | **First Name:** | Cardinal Bernard F |
| **Address:** | | **Address:** | |
| **City:** | | **State:** | |
| **Zip Code:** | | **Zip Ext:** | |
| **Telephone:** | | | |

| | | |
|---|---|---|
| 12/16/2002 | 183 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/16/2002 | 183 | relating to Reverend Paul David White |
| 12/16/2002 | 184 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/16/2002 | 184 | relating to Reverend Raymond Boulanger |
| 12/16/2002 | 185 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/16/2002 | 185 | relating to Reverend John A. Dunn |
| 12/16/2002 | 186 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/16/2002 | 186 | relating to Brother Dominic Karrow |
| 12/16/2002 | 187 | The Roman Catholic Archbishop of Bsoton's production of documents |
| 12/16/2002 | 187 | relating to Reverend Richard Barry |
| 12/16/2002 | 188 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/16/2002 | 188 | relating to Brother Kevin Ghastin |
| 12/16/2002 | 189 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/16/2002 | 189 | relating to Reverened B. Landry |
| 12/16/2002 | 190 | The Roman Catholic Archibishop of Boston's production of documents |
| 12/16/2002 | 190 | relating to Brother Fidelis Debernadis |
| 12/17/2002 | 191 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/17/2002 | 191 | relating to Reverend C. Melvin Surrette |
| 12/17/2002 | 192 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/17/2002 | 192 | relating to Reverend Dennis Keefe |
| 12/17/2002 | 193 | The Roman Catholic Archbishop of Boston's Production of documents |
| 12/17/2002 | 193 | relating to Reverend Anthony Bouchette |
| 12/17/2002 | 194 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/17/2002 | 194 | relating to Reverend Gerard Creighton |
| 12/17/2002 | 195 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/17/2002 | 195 | relating to Reverend Kelvin E. Iguabita |
| 12/17/2002 | 196 | The Roman Catholic Archbishop of Boston's Production of documents |
| 12/17/2002 | 196 | relating to Reverend Joseph Coleman |
| 12/17/2002 | 197 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/17/2002 | 197 | relating to Reverend Paul Finnegan |
| 12/17/2002 | 198 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/17/2002 | 198 | relating to James J. Foley |
| 12/17/2002 | 199 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/17/2002 | 199 | relating to Reverend Paul Hurley |
| 12/17/2002 | 200 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/17/2002 | 200 | relating to Reverend Andrez Sujka |
| 12/17/2002 | 201 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/17/2002 | 201 | relating to Thomas Donnelly |
| 12/17/2002 | 202 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/17/2002 | 202 | relating to Reverend Benjamin J. McMahon |
| 12/17/2002 | 203 | The Roman Catholic Archbishop of Boston's production of documents |

| 12/17/2002 | 203 | relating to Reverend John Turnbull |
| 12/17/2002 | 204 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/17/2002 | 204 | relating to Reverend Joseph Gilpin |
| 12/18/2002 | 205 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/18/2002 | 205 | relating to Reverend Peter Kanchong |
| 12/18/2002 | 206 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/18/2002 | 206 | relating to Reverend Paul Tivnan |
| 12/18/2002 | 207 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/18/2002 | 207 | relating to Reverend Samuel Lombard |
| 12/18/2002 | 208 | Medical Records of Gregory Ford (IMPOUNDED) Per order dated 11/25/02 |
| 12/18/2002 | 208 | P#141 |
| 12/19/2002 | 209 | Re-Notice of Deposition of Bernard Cardinal Law |
| 12/19/2002 | 210 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/19/2002 | 210 | relating to Reverend harold Johnson |
| 12/19/2002 | 211 | The Roman Cahtolic Archbishop of Boston's production of documents |
| 12/19/2002 | 211 | relating to Reverend Antyony Rebeiro |
| 12/19/2002 | 212 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/19/2002 | 212 | relating to Reverend Gerald Hickey |
| 12/19/2002 | 213 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/19/2002 | 213 | relating to Reverend Jay Mullin |
| 12/19/2002 | 214 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/19/2002 | 214 | relating to Reverend Philip Bretton |
| 12/20/2002 | 215 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/20/2002 | 215 | relating to Reverend David Murphy |
| 12/20/2002 | 216 | The Roman Catjp;oc Archbishop of Boston's production of documents |
| 12/20/2002 | 216 | relating to Reverend Raymond Plourde |
| 12/20/2002 | 217 | The Roman Catholic Archbishop of Boston's productin of documents |
| 12/20/2002 | 217 | relating to Reverend Edward Kelly |
| 12/20/2002 | 218 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/20/2002 | 218 | relating to Reverend John Connell |
| 12/23/2002 | 219 | The Roman Catholic Archbishop of Boston's production of documents |
| 12/23/2002 | 219 | relating to Reverend Edward Kelly (Supplement) |
| 01/02/2003 | 220 | Plaintiffs Rodney Ford's and Paula Ford's Third Supplement to their |
| 01/02/2003 | 220 | objections and answers to Bernard Cardinal Law's Interrogatories |
| 01/02/2003 | 221 | Plaintiff Gregory Ford's Third Supplement to his objections and |
| 01/02/2003 | 221 | answers to Bernard Cardinal Law's Interrogatories |
| 01/06/2003 | 222 | Emergency motion of deft Most Rev Thomas V Daily to enlarge time to |
| 01/06/2003 | 222 | file responses to plff's request for admission up to & including |
| 01/06/2003 | 222 | January 20,2003 (w/o opposition) |
| 01/07/2003 | 223 | Plff Gregory Ford Et Al oppositon to deft Thomas V Daily emergency |
| 01/07/2003 | 223 | motion to enlarge time |