UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11422-RCL

| | |
|---|---|
| PETER NICHOLS,       Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| REVEREND ARTHUR D. JOHNSON and DEFENDANT TWO,       Defendants | )<br>)<br>)<br>) |

**PLAINTIFF PETER NICHOLS' MOTION TO FILE
PLAINTIFF PETER NICHOLS' REPLY BRIEF IN SUPPORT OF
PLAINTIFF PETER NICHOLS' MOTION TO AMEND COMPLAINT**

Now comes Plaintiff Peter Nichols and, pursuant to Local Rule 7.1(B)(3), moves that this Court grant Plaintiff Peter Nichols leave to file Plaintiff Peter Nichols' Reply Brief In Support Of Plaintiff Peter Nichols' Motion To Amend Complaint, with attached Exhibits; and to file manually with the Court those Exhibits which cannot be filed electronically.

In support of this Motion, Plaintiff Peter Nichols states as follows:

1. Plaintiff Peter Nichols timely moved to amend Plaintiff Peter Nichols' Complaint to name an additional supervisor of the late priest who sexually abused Plaintiff Peter Nichols when Plaintiff Peter Nichols was a minor child. In support of Plaintiff Peter Nichols' Motion To Amend Complaint, Plaintiff Peter Nichols submitted as exhibits with Plaintiff Peter Nichols' Motion To Amend Complaint evidence that showed the proposed new defendant resided in and worked in Massachusetts in a supervisory capacity during the relevant time when Plaintiff Peter Nichols was sexually abused. In support of Plaintiff Peter Nichols' Motion To Amend Complaint, Plaintiff Peter Nichols also submitted evidence that showed the proposed new defendant had received notice, prior to or about the time that Plaintiff Peter Nichols was sexually abused, that the same abusing priest had sexually abused at least one other minor child. The

proposed defendant, now a Pennsylvania resident, submitted an Opposition challenging personal jurisdiction and timeliness, including but not limited to whether the proposed amendment related back to the filing of Plaintiff Peter Nichols' original Complaint in the Massachusetts Superior Court.  Plaintiff Peter Nichols' Reply Brief In Support Of Plaintiff Peter Nichols' Motion To Amend Complaint addresses these issues.  A copy of Plaintiff Peter Nichols' Reply Brief In Support Of Plaintiff Peter Nichols' Motion To Amend Complaint, without attached Exhibits, is filed herewith as Exhibit A.  Plaintiff Peter Nichols seeks leave to file Plaintiff Peter Nichols' Reply Brief In Support Of Plaintiff Peter Nichols' Motion To Amend Complaint, with attached Exhibits.

2.   Plaintiff Peter Nichols further states that granting Plaintiff Peter Nichols leave to file Plaintiff Peter Nichols' Reply Brief In Support Of Plaintiff Peter Nichols' Motion To Amend Complaint will aid this Honorable Court in rendering a just and fair decision in this matter.

WHEREFORE, for the reasons set forth above, Plaintiff Peter Nichols respectfully requests that this Honorable Court grant Plaintiff Peter Nichols leave to file Plaintiff Peter Nichols' Reply Brief In Support Of Plaintiff Peter Nichols' Motion To Amend Complaint, with attached Exhibits; and to file manually with the Court those Exhibits which cannot be filed electronically.

      Respectfully,
      By Plaintiff's Attorney,

      */s/ Mitchell Garabedian*
      Mitchell Garabedian, BBO #184760
      William H. Gordon, BBO #545378
      LAW OFFICES OF
      MITCHELL GARABEDIAN
      100 State Street, 6th Floor
      Boston, MA 02109
      (617) 523-6250

## **CERTIFICATE OF SERVICE**

I hereby certify that the above document filed through the ECF system on June 16, 2006 will be sent electronically to Jean A. Musiker, Esq., SUGARMAN, ROGERS, BARSHAK & COHEN, P.C., 101 Merrimac Street, Boston, MA  02114-4737 as identified on the Notice of Electronic Filing (NEF); and a paper copy will be sent to Francis P. Burns, III, Esq., LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO, Suite 500, 190 North Independence Mall West, 6th & Race Streets, Philadelphia, PA  19106; and Very Reverend Arthur F. Smith, St. Thomas Monastery, Villanova University, Villanova, PA  19085, whom Plaintiff understands are non-registered participants, on June 16, 2006 via First Class Mail, Postage Prepaid.

        */s/ Mitchell Garabedian*
Mitchell Garabedian, BBO #184760
LAW OFFICES OF
MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
(617) 523-6250

"EXHIBIT A"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11422-RCL

| | |
|---|---|
| PETER NICHOLS, <br>     Plaintiff | ) <br> ) <br> ) |
| v. | ) <br> ) |
| REVEREND ARTHUR D. JOHNSON and <br> DEFENDANT TWO, <br>     Defendants | ) <br> ) <br> ) |

**PLAINTIFF PETER NICHOLS' REPLY BRIEF IN SUPPORT OF
PLAINTIFF PETER NICHOLS' MOTION TO AMEND COMPLAINT**

In the Opposition Of Proposed Additional Defendant, Rev. Arthur F. Smith, O.S.A., To Plaintiff's Motion To Amend, Reverend Arthur F. Smith (hereinafter referred to as "Father Smith") objects to this Court granting Plaintiff Peter Nichols leave to amend Plaintiff's current Complaint to state a claim of negligence against Father Smith. Father Smith's Opposition to Plaintiff Peter Nichols' Motion To Amend Complaint is based upon an erroneous application of law governing amendments to complaints, and the exercise of personal jurisdiction over a proposed out-of-state defendant such as Father Smith, to the facts of this case. As further explained below, Plaintiff Peter Nichols' proposed claims against Father Smith are not barred by the applicable statute of limitations in this removed diversity action, because pursuant to Fed. R. Civ. P. 15(c)(1) and Massachusetts law, Plaintiff's proposed claim against Father Smith relates back to the filing date of Plaintiff's original Complaint. Furthermore, in this removed diversity action where this Court is the functional equivalent of a Massachusetts court of general jurisdiction, Massachusetts law grants personal jurisdiction over Father Smith for a claim made against Father Smith for engaging in tortious activity while residing and working in Massachusetts, and Father Smith has had sufficient minimum contacts with Massachusetts such

that the exercise of personal jurisdiction over him would not offend traditional notions of fair play or substantial justice.

> A. **Plaintiff Peter Nichols' Proposed Claims Against Father Smith Are Not Barred By The Applicable Massachusetts Statute Of Limitations In This Removed Diversity Action, As Plaintiff's Proposed Claims Against Father Smith Would Relate Back To The Filing Date Of Plaintiff's Original Complaint.**

Father Smith alleges that Plaintiff Peter Nichols' proposed claim against Father Smith should not be deemed to relate back to the original filing of Plaintiff's Complaint, as Plaintiff Peter Nichols does not meet the requirements of Fed. R. Civ. P. 15(c)(3), which requires that Plaintiff Peter Nichols be "mistaken" as to the identity of the party sought to be added. However, Plaintiff Peter Nichols does not claim to have made a mistake in the identity of Father Smith, and Fed. R. Civ. P. 15(c)(3) does not control the issue of whether Plaintiff Peter Nichols' proposed claim against Father Smith relates back to the original filing date of Plaintiff Peter Nichols' Complaint where Massachusetts law provides the statute of limitations applicable to this removed diversity action. Rule 15(c)(1) of the Federal Rules of Civil Procedure provides: "An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statue of limitations applicable to the action." Fed. R. Civ. P. 15(c)(1). Case law cited by Father Smith relates to Fed. R. Civ. P. 15(c)(3) and statutes of limitation provided by federal law; these cases are inapplicable to the issue of whether Plaintiff Peter Nichols' proposed Second Amended Complaint, stating a claim of negligence against Father Smith under Massachusetts common law, relates back to the original filing date of Plaintiff Peter Nichols' Complaint in the Massachusetts Superior Court.

As Massachusetts law provides the applicable statute of limitations in this removed diversity action, Massachusetts law also governs on the issue of whether an amended complaint relates back to the filing date of the original complaint. See Marshall v. Mulrenin, 508 F.2d 39,

44-45 (1st Cir. 1974); see also Saxton v. ACF Indus., Inc., 254 F.3d 959, 962-964 (11th Cir. 2001). Because, inter alia, there was some question whether this First Circuit understanding of controlling authority in relation back questions arising in diversity cases applied in other Federal courts, Rule 15 of the Federal Rules of Civil Procedure was amended in 1991 to provide: "An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statue of limitations applicable to the action." Fed. R. Civ. P. 15(c)(1). Prior to the 1991 Amendment to Fed. R. Civ. P. 15 which enacted paragraph (c)(1), federal courts in this circuit applied relevant state law governing the relation back of amended pleadings. See Pessotti v. Eagle Mfg. Co., 946 F.2d 974, 980 (1st Cir. 1991); Marshall, 508 F.2d at 44-45. Paragraph (c)(1) of Fed. R. Civ. P. 15 "is intended to make it clear that the rule does not apply to preclude any relation back that may be permitted under the applicable limitations law." Advisory Committee's Note to Fed. R. Civ. P. 15 (1991).

> Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim. Accord, Marshall v. Mulrenin, 508 F.2d 39 (1st Cir.1974). If Schiavone v. Fortune, 106 S.Ct. 2379 (1986) implies the contrary, this paragraph is intended to make a material change in the rule.

Id., see also Pessotti, 946 F.2d at 980 n.6 (Amendment to Fed. R. Civ. P. 15 explicitly provides that Marshall remains good law).

On July 6, 2005 Defendant Reverend Arthur D. Johnson removed this action from the Massachusetts Superior Court, claiming jurisdiction in this Court arising from diversity of citizenship within the meaning of 28 U.S.C. § 1332. (See Defendant's Notice Of Removal, para. 3, previously filed at Docket No. 1.) As this Court has subject matter jurisdiction over this removed action based only upon diversity of citizenship of the parties, Massachusetts law provides the statute of limitations applicable to this action. See Guaranty Trust Co. v. York, 326

U.S. 99, 107-110 (1945), rehearing denied, 326 U.S. 806 (1945); see also Marshall, 508 F.2d at 44. This Court should follow Massachusetts law governing the relation back of amended pleadings to find that Plaintiff Peter Nichols' proposed amended Complaint should relate back to the original filing date of this action in Massachusetts Superior Court. See Fed. R. Civ. P. 15(c)(1); Marshall, 508 F.2d at 44-45; see also Curley v. North American Man Boy Love Assoc., 2003 U.S. Dist. LEXIS 12488 * 8-10, 2003 WL 21696547 * 2-3 (D.Mass. March 31, 2003).

> Rule 15(c) of the Massachusetts Rules of Civil Procedure provides:
>
>> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.

Further, Massachusetts statutory law provides that a court may liberally allow amendments adding a party at any time, and that such amendments "shall relate to the original pleading." See M.G.L. c. 231, § 51[1]; see also Curley, 2003 U.S. Dist. LEXIS 12488 at * 9, 2003 WL 21696547 * 3 ("Massachusetts employs a liberal relation back rule that permits new parties to be added to an ongoing case even after the expiration of the limitations period."). Under Massachusetts law, there is "no substantial difference between a new defendant joined in an ongoing case *as a substitute for* an existing party and a new defendant joined *in addition to* existing defendants." Curley, 2003 U.S. Dist. LEXIS 12488 * 9, 2003 WL 21696547 * 3 (citing Wadsworth v. Boston

---

[1] Section 51 of chapter 231 of the Massachusetts General Laws provides:

> In all civil proceedings, the court may at any time, allow amendments adding a party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought, or enable the defendant to make a legal defense. Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading.

Gas Co., 352 Mass. 86 (1967). (Emphasis in original.) So long as Plaintiff Peter Nichols' claims against Father Smith "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth" in Plaintiff Peter Nichols' original Complaint, Plaintiff Peter Nichols' claims against Father Smith must be deemed to relate back to the filing date of Plaintiff Peter Nichols' original Complaint, i.e., on or about December 24, 2004. See Fed. R. Civ. P. 15(c)(1). (See Pl.'s Compl. and Jury Trial Demand, a copy of which is filed herewith as Exhibit 9.)

Plaintiff Peter Nichols states in his Complaint that in approximately 1977, when Plaintiff Peter Nichols was approximately 14 years old, the late Father Turnbull engaged in explicit sexual behavior and lewd and lascivious behavior with Plaintiff Peter Nichols, including, but not limited to, Father Turnbull masturbating Plaintiff Peter Nichols. (See Pl.'s First Am. Compl. and Jury Trial Demand, para. 6, a copy of which is available as Exhibit A to Docket No. 1, Notice Of Removal.) In Plaintiff Peter Nichols' original Complaint, Plaintiff Peter Nichols did state claims against Defendant Reverend George F. Johnson and Defendant Two, an individual or individuals, the identity of whom were then unknown to Plaintiff Peter Nichols, for negligent hiring, retention, direction, and supervision of the late Father Turnbull. (See Pl.'s Compl., paras. 10-17, Ex. 9.)[2] With Plaintiff Peter Nichols' Motion To Amend First Amended Complaint, Plaintiff Peter Nichols seeks to state a claim of negligence against Father Smith for negligent hiring, retention, direction, and supervision of the late Father Turnbull. (See Pl.'s Mot. To Am. Compl. at 1; see also Pl.'s Second Am. Compl., paras. 12-18, previously filed with Pl.'s Mot. To Am. Compl. as Exhibit 1.) Plaintiff Peter Nichols states in both Plaintiff's current Complaint and Plaintiff's proposed Second Amended Complaint claims for the negligent hiring, retention,

---

[2] On or about January 5, 2005, Plaintiff Peter Nichols amended his Complaint as a matter of course to substitute the name of Defendant Reverend Arthur D. Johnson (hereinafter referred to as "Defendant Father Johnson") for the name of Defendant Reverend George F. Johnson. (See Pl.'s First Am. Compl.) Defendant Father Johnson is the currently named party defendant to this matter.

direction, and supervision of the late Father Turnbull during the time that Father Turnbull sexually abused the then approximately 14 year old Plaintiff.  Plaintiff Peter Nichols' proposed claims against Father Smith "arose out of the conduct, transaction, or occurrence set forth" in Plaintiff's current Complaint, and Plaintiff's proposed claims against Father Smith should relate back to the date Plaintiff originally filed this action in the Massachusetts Superior Court.  See Mass. R. Civ. P. 15(c); Curley, 2003 U.S. Dist. LEXIS 12488 at * 9-10, 2003 WL 21696547 * 2-3; Sigros, 190 F.Supp.2d at 168.  (See Pl.'s Compl., para. 6, Ex. 9; Pl.'s Second Am. Compl., para. 7, Ex. 1.)

Under Massachusetts law, actions for assault and battery alleging the defendant sexually abused a minor must be brought "within three years of the acts alleged to have caused an injury or condition or within three years of the time the victim discovered or reasonably should have discovered that an emotional or psychological injury was caused by said act . . . ." M.G.L. c. 260, § 4C; see Ross v. Garabedian, 433 Mass. 360, 362-363, 742 N.E.2d 1046, 1048 (Mass. 2001); see also Phinney v. Morgan, 39 Mass.App.Ct. 202, 203-206, 654 N.E.2d 77, 79-80 (Mass.App.Ct. 1995) (discovery rule applied to Massachusetts tort actions arising out of child sexual abuse against nonperpetrator of the abuse).  As Plaintiff Peter Nichols' claims in this action are based upon the late Father Turnbull's sexual abuse of then approximately 14 year old Plaintiff Peter Nichols in approximately 1977, Plaintiff Peter Nichols' claims accrued under the applicable Massachusetts statute of limitations when Plaintiff Peter Nichols knew or should have known that he had suffered appreciable harm; and that the late Father Turnbull's sexually abusive conduct caused Plaintiff Peter Nichols to suffer appreciable harm.  See Ross, 433 Mass. at 363-366, 742 N.E.2d at 1048-1051; Riley v. Presnell, 409 Mass. 239, 245-247, 565 N.E.2d 780, 785-787 (Mass. 1991).  In his original Complaint, Plaintiff Peter Nichols stated "[n]ot until

recently did the Plaintiff have knowledge or sufficient notice that he had been harmed and that that harm was caused by the explicit sexual behavior and lewd and lascivious acts of Father Turnbull as explained below." (Pl.'s Compl., para. 5, Ex. 9.) In his currently proposed Second Amended Complaint, Plaintiff Peter Nichols also states that "[n]ot until recently did the Plaintiff have knowledge or sufficient notice that he had been harmed and that that harm was caused by the explicit sexual behavior and lewd and lascivious acts of Father Turnbull as explained below." (Pl.'s Second Am. Compl., para. 7, Ex. 1.) As Plaintiff Peter Nichols had only recently discovered at the time of filing his original Complaint that Plaintiff Peter Nichols had suffered harm and that the harm was caused by the late Father Turnbull's sexually abusive conduct with the then approximately 14 year old Plaintiff Peter Nichols in approximately 1977, Plaintiff Peter Nichols' proposed claim against Father Smith is timely under Massachusetts law.

> **B.   In This Removed Diversity Action Where This Court Is The Functional Equivalent Of A State Court Sitting In The Forum State, (1) The Massachusetts Long-Arm Statute Grants Personal Jurisdiction Over Father Smith For Father Smith's Tortious Activity In Massachusetts; And (2) Father Smith Has Had Sufficient Minimum Contacts With Massachusetts Such That The Exercise Of Personal Jurisdiction Would Not Offend Traditional Notions Of Fair Play And Substantial Justice.**

The law of the forum state of Massachusetts determines whether this Court may exercise personal jurisdiction over the non-resident proposed defendant Father Smith in this removed diversity case. See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51-52 (1st Cir. 2002); Palandjian v. Pahlavi, 586 F.Supp. 671, 673-674 (D.Mass. 1984). Under Massachusetts law, this Court may exercise personal jurisdiction over Father Smith where (1) "the assertion of jurisdiction [is] authorized by the statute," and (2) "the exercise of jurisdiction under state law [is] consistent with basic due process requirements mandated by the United States Constitution." Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6, 389

N.E.2d 76, 79 (1979); see Ealing Corp. v. Harrods Ltd., 720 F.2d 978, 981-982 (1st Cir. 1986). The assertion of personal jurisdiction by this Court over Father Smith is authorized under subsection (c) of the Massachusetts long-arm statute, which provides that a court "may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . (c) causing tortious injury by an act or omission in this commonwealth." M.G.L. c. 223A, § 3(c); see Palandjian, 586 F.Supp. at 674; Wood v. Wood, 369 Mass. 665, 671-672, 342 N.E.2d 712, 716-717 (1976).

Father Smith at times served as the Dean of Studies of the Austin Preparatory School located in Reading, Massachusetts and as Prior of the Austin Preparatory community of priests located in Reading, Massachusetts during the at least approximately twenty-four years that Father Smith lived and worked at the Austin Preparatory School (hereinafter referred to as "Austin Prep") in Reading, Massachusetts, where the late Father Turnbull sexually abused the then approximately 14 year old Plaintiff Peter Nichols. (See copies of selected pages from The Official Catholic Directory for the Archdiocese of Boston for the years 1964 at 36, 1965 at 37, 1966 at 38, 1968 at 89, 1969 at 90, 1970 at 94, 1971 at 97, 1972 at 99, 1973 at 99, 1974 at 99, 1975 at 106, 1976 at 107, 1977 at 110, 1978 at 114, 1979 at 113, 1980 at 117, 1981 at 97, and 1982 at 97, previously filed with Pl.'s Mot. To Am. Compl. as Exhibit 4; copies of selected pages from The Official Catholic Directory for the Archdiocese of Boston for the years 1983 at 100, 1984 at 91, 1985 at 90, 1986 at 92, and 1987 at 93, collectively filed herewith as Exhibit 10.) From 1964 through at least some of 1968 Father Smith was Dean of Studies of Austin Prep, and from 1970 through 1979 Father Smith served as the Prior of Austin Prep. (See Ex. 4.) Plaintiff Peter Nichols states that the late Father Turnbull sexually abused Plaintiff Peter Nichols when he was approximately 14 years old in approximately 1977, i.e., during a time period that

Father Smith served as Austin Prep's Prior. (See Pl.'s First Am. Compl., para. 6, Ex. A to Docket No. 1.) Plaintiff Peter Nichols states that Father Smith's negligence in at least the retention, direction, and supervision of the late Father Turnbull, while Father Smith was Prior of Austin Prep, caused Plaintiff Peter Nichols to suffer tortious injuries from Father Turnbull's sexual abuse of the then approximately 14 year old Plaintiff Peter Nichols. (See Pl.'s Second Am. Compl., paras. 3, 6, Ex. 1.) The Massachusetts common law provides that Plaintiff Peter Nichols may bring a claim against a supervisor for negligent hiring, retention, direction, and supervision, whether that supervisor is an employee or an independent contractor. See, e.g., Or v. Edwards, 62 Mass. App. Ct. 475, 483-485, 818 N.E.2d 163, 169-171 (2004) (negligence in retaining a person to perform given tasks who is unfit for the job long ago recognized as ground of liability for harmful effects of the choice). (See also Pl.'s Mot. To Am. Compl. at 3-6.) Father Smith's acts or omissions, i.e., the negligent hiring, retention, direction, and supervision of the late Father Turnbull, a pedophile who apparently sexually abused numerous students at Austin Prep as well as Plaintiff Peter Nichols, permits the assertion of personal jurisdiction authorized by M.G.L. c. 223A, § 3(c). See Palandjian, 586 F.Supp. at 674; Wood, 369 Mass. at 671-672, 342 N.E.2d at 716-717.

This Honorable Court may exercise personal jurisdiction over Father Smith consistent with the due process clause of the Constitution, where Father Smith has had more than minimum contacts with Massachusetts, such that this lawsuit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Father Smith purposefully availed himself of the "privilege of conducting activities within [Massachusetts], thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). Father Smith's activities in Massachusetts were of a nature that allows

- 9 -

Father Smith to "reasonably anticipate being haled into court" in Massachusetts. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

In this case, where Plaintiff Peter Nichols' claims are based on the tortious activity of Father Smith in Massachusetts, there is "a sufficient causal nexus" between Father Smith's contacts with Massachusetts and Plaintiff Peter Nichols' cause of action for this Court's assertion of personal jurisdiction over Father Smith to meet the due process requirements of the Constitution. See Curley, 2003 U.S. Dist. LEXIS 12488 * 18, 2003 WL 21696547 * 6 (internal citations omitted). For approximately twenty-four years, Father Smith lived and worked at Austin Prep in Reading, Massachusetts. During those twenty-four years, Father Smith served five years as Dean of Studies of Austin Prep in Reading, Massachusetts, and ten years, which includes the time when Father Turnbull sexually abused Plaintiff Peter Nichols, as Prior of Austin Prep in Reading, Massachusetts. Plaintiff Peter Nichols' proposed claims against Father Smith arise out of Father Smith's negligent supervision of the late Father Turnbull, a priest who worked at Austin Prep and who resided with Father Smith at Austin Prep. Father Turnbull's sexual abuse of then approximately 14 year old Peter Nichols occurred at Austin Prep while Father Smith was Austin Prep's Prior. Where, as in this case, Father Smith continuously and deliberately for at least approximately twenty-four years engaged in significant activities within Massachusetts, and where these activities directly relate to Plaintiff Peter Nichols' proposed tort claim against Father Smith, Father Smith must "reasonably anticipate being haled into court" in Massachusetts to answer for his actions in the state. See Palandjian, 586 F.Supp. at 674-675; see also Curley, U.S. Dist. LEXIS 12488 * 16-19.

Father Smith erroneously cites LaValle v. Parrot-Ice Drinks Products, 193 F.Supp.2d 296 (D.Mass. 2002) for his contention that Father Smith's "supposed nonfeasance" while acting in an

official capacity for Austin Prep or the Augustinian Order[3] will not support the application of the Massachusetts long-arm statute in this action.  The LaValle defendant was a "junior business associate" whose sole connection to the forum state was by telephone and fax machine.  In this case, Plaintiff Peter Nichols' proposed claim against Father Smith is based upon Father Smith's personal tortious activity at Austin Prep located in Reading, Massachusetts, where Father Smith resided and worked for at least approximately twenty-four years, and where Father Smith supervised priests who worked with the minor students of Austin Prep, including the late Father Turnbull, who, in approximately 1977, sexually abused then approximately 14 year old Plaintiff Peter Nichols.

As this is a removed diversity action seeking relief for tortious conduct that took place in Massachusetts, this Court should follow Massachusetts law regarding the exercise of personal jurisdiction by Massachusetts courts of general jurisdiction.  See Daynard, 290 F.3d at 51-52; Palandjian, 586 F.Supp. at 673-674.  Section (c) of chapter 223A of the Massachusetts General Laws authorizes Massachusetts courts of general jurisdiction to assert personal jurisdiction over Father Smith for Father Smith's personal liability in tort for the negligent hiring, retention, direction, and supervision of Father Turnbull, even if Father Smith acted negligently on behalf of Austin Prep or the Augustinian Order.  See Zises v. Prudential Insurance Co. of America, 1981 U.S.Dist. LEXIS 12155 * 9 (D.Mass. 1981) (citing Escude Cruz v. Ortho Pharmaceutical Corp., 619 F.2d. 902, 907 (1st Cir. 1980)).  Evidence available at this time indicates that Father Smith had personal knowledge that the late Father Turnbull had had inappropriate sexual conduct with a minor boy other than Plaintiff Peter Nichols.  (See May 6, 1981 Memorandum Regarding "Bob Turnbull," previously filed with Pl.'s Mot. To Am. Compl. as Exhibit 5.)  Other available

---

[3] I.e., the Augustinians of the Province of St. Thomas of Villanova, also known as the Brothers of the Order of Hermits of St. Augustine.

evidence indicates that Father Smith may have had knowledge or notice of Father Turnbull's sexually abusive behavior with boys other than Plaintiff Peter Nichols during the late 1960's and early 1970's, all times previous to Father Turnbull's sexual abuse of the then approximately 14 year old Plaintiff Peter Nichols in approximately 1977.  (See Complaint And Jury Trial Demand for David Doyle v. Reverend George F. Burnell, et al., Massachusetts Superior Court, Middlesex County Civil Action No. 03-0395, previously filed with Pl.'s Mot. To Am. Compl. as Exhibit 8; Memorandum from Sister Catherine Mulkerrin to Father John McCormack dated June 13, 1994, Bates stamped TURNBULL-2 008, previously filed with Pl.'s Mot. To Am. Compl. as Exhibit 7.) Plaintiff Peter Nichols seeks to state a claim of negligence against Father Smith for Father Smith's negligent hiring, retention, direction, and supervision of the late Father Turnbull at Austin Prep located in Reading, Massachusetts, where in approximately 1977 Father Turnbull sexually abused then approximately 14 year old Plaintiff Peter Nichols.  See Or, 62 Mass.App.Ct. at 483-485, 818 N.E.2d at 169-171.  As Father Smith's personal tortious activity in Massachusetts is causally related to Plaintiff Peter Nichols' injuries, this Court may exercise personal jurisdiction over Father Smith.  See Zises, 1981 U.S. Dist. LEXIS 12155 * 9-11.

    **C.**    **Plaintiff Peter Nichols' Motion To Amend Complaint Is Timely.**

Plaintiff Peter Nichols filed Plaintiff's First Amended Complaint as a matter of course pursuant to Mass. R. Civ. P. 15(a) in Massachusetts Superior Court on or about January 5, 2005. (See Pl.'s First Am. Compl., Ex. A to Docket No. 1.)  On March 23, 2005, the Massachusetts Superior Court, Essex County granted Plaintiff's Ex Parte Motion To Enlarge Time to serve Summonses and copies of the Complaints on Defendants from March 24, 2005 to May 23, 2005, so that the parties could effectively explore alternative dispute resolutions. (See Pl.'s Ex Parte Mot. To Enlarge Time, a copy of which is filed herewith as Exhibit 11; Clerk's Notice dated

March 23, 2005, a copy of which is available as Exhibit B to Docket No. 1; see also Docket for Essex Civil Action No. 2004-2335, Entry Date 3/23/2005, a copy of which is available at Docket No. 4, State Court Report.)  In mid May 2005 when it was becoming apparent that Plaintiff Peter Nichols would not be able to reach resolution of this action through alternative dispute resolution options prior to May 23, 2005, Plaintiff's Counsel began preparations to serve process upon the Defendant.  (See Affidavit Of Mitchell Garabedian, Esq., para. 4, a copy of which without attachments is filed herewith as Exhibit 12.)  Even though the Massachusetts Superior Court enlarged the time for Plaintiff Peter Nichols to complete service of process to May 23, 2005, the action in Massachusetts Superior Court was dismissed by error on April 8, 2005 for failure to timely complete service of process.  (See Docket for Essex Civil Action No. 2004-2335, Entry Date 4/8/2005, Docket No. 4.)  Plaintiff's Counsel prior to checking the Massachusetts Superior Court web site in mid May 2005 had not received notice that the Massachusetts Superior Court's Judgment of Dismissal had entered on April 8, 2005.  (See Garabedian Aff., para. 5, Ex. 12.)  After learning in mid May 2005 of the April 8, 2005 entry of dismissal, Plaintiff's Counsel did contact the Essex County Civil Clerk's Office as the April 8, 2005 Dismissal was in apparent conflict with the Court's March 23, 2005 Order, and as a result, the Essex County Civil Clerk's Office entered a notice on June 2, 2005 that the Docket Entry of April 8, 2005 was "in error." (See Docket for Essex Civil Action No. 2004-2335, Entry Date 6/2/2005, Docket No. 4) Plaintiff Peter Nichols thereafter filed Plaintiff's Ex Parte Motion To Enlarge Time To Serve Defendants And Amend Tracking Order to enlarge time to create a finite time period in which to effect service of process could be effected during a period while the action as a matter of record was not dismissed.  (See Pl.'s Ex Parte Mot. To Enlarge Time To Serve Defendants And Am. Tracking Order, a copy of which is filed herewith as Exhibit 13; see also Docket for Essex Civil

Action No. 2004-2335, Entry Date 6/7/2005, Docket No. 4.)  Judge Fahey of the Massachusetts Superior Court, Essex County, allowed Plaintiff's Ex Parte Motion To Enlarge Time To Serve Defendants And Amend Tracking Order to allow Plaintiff Peter Nichols to complete service of process on Defendants on or by July 1, 2005.  (See Clerk's Notice dated June 7, 2005, a copy of which is available as Ex. C to Docket No. 1.)  After Defendant Father Johnson moved to set aside Judge Fahey's allowance, the Massachusetts Superior Court held a hearing on June 16, 2005 before Judge Lowy, and again on June 22, 2005 allowed Plaintiff's Motion To Enlarge, noting, "Judge Welch's order gave a specific time for service and due to an error in the clerk's office a period of the time for service was unavailable."  (See Clerk's Notice dated June 23, 2005, a copy of which is available as Ex. E. to Docket No. 1; see also Docket for Essex Civil Action No. 2004-2335, Entry Date 6/22/2005, Docket No. 4.)  On June 23, 2005, Defendant Father Johnson, the only named Defendant in this action, was personally served in hand with a Summons and a copy of the Complaint for this action.  (See Affidavit Of Process - Individual, a copy of which is available as Ex. F to Docket No. 1.)

On or about July 6, 2005, Defendant Arthur D. Johnson filed his Notice Of Removal with this Court, which effectively stayed all discovery in this action until the Initial Scheduling Conference on October 5, 2005.  (See Defendant Father Johnson's Notice Of Removal, previously filed, available at Docket Number 1.)  This Honorable Court ordered that the parties file amended pleadings, including pleadings to add new parties, on or by March 6, 2006, and that the parties complete fact discovery by October 6, 2006.  (See Clerk's Notes For Proceedings Held Before Judge Reginald C. Lindsay of November 5, 2005.)

Prior to this Honorable Court's deadline for amended pleadings of March 6, 2006, Plaintiff Peter Nichols sought discovery of the Augustinian Order, the religious organization with which

the late Father Turnbull, Father Smith, and Defendant Father Johnson are or were affiliated, and of Father Smith in order to discover information that could be used in support of an appropriate Fed. R. Civ. P. 15 motion. On February 11, 2006, Plaintiff Peter Nichols had a Subpoena Duces Tecum served upon the Augustinian Order, commanding the appearance of a witness or witnesses and the production of documents at a deposition on February 15, 2006. (See Subpoena Duces Tecum to The Brothers Of The Order Of Hermits Of St. Augustine, without Attachments, with attached Affidavit Of Process Server, a copy of which is filed herewith as Exhibit 14.) On February 15, 2006, Plaintiff Peter Nichols had a Subpoena Duces Tecum served upon Father Smith, commanding Father Smith to appear and produce documents at a deposition on February 21, 2006. (See Subpoena Duces Tecum to Reverend Arthur F. Smith, without Attachment, with attached Affidavit Of Process Server, a copy of which is filed herewith as Exhibit 15.) Both the Augustinian Order and Father Smith objected to Plaintiff Peter Nichols' subpoenas to the Augustinian Order and Father Smith, and refused to appear at deposition. (See letter of Francis P. Burns, III, Esq. to Mitchell Garabedian, Esq. of February 13, 2006; and letter of Francis P. Burns, III, Esq. to Mitchell Garabedian, Esq. of February 20, 2006, a copies of which are collectively filed herewith as Exhibit 16.) As Plaintiff Peter Nichols has sufficient evidence to amend his pleading to state a claim against Father Smith without having conducted discovery prior to this Court's deadline for amended pleadings, Plaintiff Peter Nichols timely moved to amend Plaintiff's Complaint to name Father Smith as a Defendant. (See, e.g., May 6, 1981 Memo. Regarding "Bob Turnbull," Ex. 5.) On February 24, 2006, Plaintiff Peter Nichols timely served Plaintiff's Motion To Amend Complaint upon Father Smith, pursuant to Local Rule 15.1, and on March 6, 2006, Plaintiff Peter Nichols timely filed Plaintiff's Motion To Amend Complaint. (See Plaintiff Peter Nichols' Local Rule 15.1 Certificate, previously filed, available

at Docket No. 12.) Plaintiff Peter Nichols seeks to amend Plaintiff's current Complaint to state a claim of negligence against Father Smith, so that Plaintiff Peter Nichols may proceed with orderly discovery of Plaintiff's claims and Defendants' defenses.

        Respectfully,
        By Plaintiff's Attorney,

        */s/ Mitchell Garabedian*
        Mitchell Garabedian, BBO #184760
        William H. Gordon, BBO #545378
        LAW OFFICES OF
        MITCHELL GARABEDIAN
        100 State Street, 6th Floor
        Boston, MA 02109
        (617) 523-6250