UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER NICHOLS,<br><br>        Plaintiff<br><br>v.<br><br>REVEREND ARTHUR D. JOHNSON and DEFENDANT TWO,<br><br>        Defendants | CIVIL ACTION NO. 05-CV-11422-RCL |

### DEFENDANT, REVEREND ARTHUR D. JOHNSON O.S.A. AND PROPOSED ADDITIONAL DEFENDANT REVEREND ARTHUR F. SMITH, O.S.A.'S OPPOSITION TO PLAINTIFF PETER NICHOLS' MOTION TO FILE PLAINTIFF PETER NICHOLS' REPLY BRIEF IN SUPPORT OF PLAINTIFF PETER NICHOLS' MOTION TO AMEND COMPLAINT

Now come defendant Rev. Arthur D. Johnson O.S.A. and proposed additional defendant, Rev. Arthur F. Smith, O.S.A. and oppose plaintiff Peter Nichols' request to file a reply brief in support of his motion to amend his complaint to add Father Smith as a party defendant. For their reasons, Father Johnson and Father Smith state as follows:

Nichols is requesting permission to file a reply brief almost three months after Father Johnson and Father Smith filed their respective oppositions to Nichols' motion to amend his complaint to add Father Smith as a party defendant. The reply brief is out of order; it is as untimely as the motion it seeks to support. In an attempt to defeat Fathers Johnson and Smith's argument that the motion to amend is

untimely, Nichols proposes to present a new factual predicate for the timing of the Motion to Amend.[1] As with Nichols' original motion, the request to file a reply brief is the product of a strategy of delay and obfuscation.

This law suit was commenced by Nichols in December of 2004. Through a series of *ex parte* motions, Nichols delayed service of process on Father Johnson for over six months. Father Johnson removed the case to this Court, which held a scheduling conference in October of 2005. Nichols was permitted no more than six months to amend his pleadings and to add new parties. Nichols waited until the last permissible day to file the pending motion seeking to add Father Smith as a defendant, despite the fact Nichols' counsel has known of Father Smith's existence and purported relevance to this matter since before the original state court complaint was filed in 2004.[2] Fathers Johnson and Smith urge this Court to reject Nichols' eleventh hour tactics and deny plaintiff's request.

In the alternative, if the Court grants Nichols' the opportunity to file another brief in support of his motion to amend, Father Johnson and Father Smith respectfully request that the Court grant them the right to file a surreply, in order to address the issues newly raised by Nichols in his reply brief, including the standard under Massachusetts jurisprudence for the grant of a motion to amend to add a party.

---

[1] Nichols also seeks to reply to Father Smith's argument the proposed amendment will be futile, as it will be defective on statute of limitations and personal jurisdiction grounds. However, these issues are secondary; the Court does not reach this argument if it concludes that Nichols' motion is improper because of the unjustified delay in its filing and the prejudice it will cause to Father Johnson.

[2] As Father Johnson noted in his opposition, previously filed, the facts on which Nichols bases his argument that Father Smith is a proper party-defendant are culled from documents that were publicly available and known to Nichols' counsel for a substantial period of time prior to 2004. (See discussion at Opposition of Defendant Reverend Arthur D. Johnson, O.S.A., to Plaintiff's Motion to Amend at 4-5.)

        Respectfully submitted,
        DEFENDANT, Reverend Arthur D. Johnson O.S.A. and
        Proposed Additional Defendant Reverend Arthur F. Smith,
        O.S.A.
        By their Attorneys,

        */s/ Jean A. Musiker*
        _____
        Jean A. Musiker, BBO # 365410
        Carl A. Roller, BBO # 665008
        Sugarman, Rogers, Barshak & Cohen, P.C.
        101 Merrimac Street, 9th Floor
        Boston, MA 02114
        (617) 227-3030
        musiker@srbc.com


DATED:    June 26, 2006


## CERTIFICATE OF SERVICE

     I, Jean A. Musiker, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 23, 2006.  The participants are as follows:

    Mitchell Garabedian, Esquire
    William H. Gordon, Esquire
    Law Offices of Mitchell Garabedian
    100 State Street
    Boston, MA 02109


        */s/ Jean A. Musiker*
        _____
        Jean A. Musiker
        musiker@srbc.com


379206