UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11422-RCL

| | |
|---|---|
| PETER NICHOLS, | ) |
|     Plaintiff | ) |
| | ) |
|     v. | ) |
| | ) |
| REVEREND ARTHUR D. JOHNSON and | ) |
| DEFENDANT TWO, | ) |
|     Defendants | ) |

**PLAINTIFF PETER NICHOLS' REPLY BRIEF IN SUPPORT OF**
**PLAINTIFF PETER NICHOLS' MOTION TO AMEND COMPLAINT**
**(Pursuant to the Order of Judge Reginald C. Lindsay dated July 26, 2006, granting**
**Plaintiff Peter Nichols's Motion for Leave to File Reply Brief by Plaintiff Peter Nichols)**

In the Opposition Of Proposed Additional Defendant, Rev. Arthur F. Smith, O.S.A., To Plaintiff's Motion To Amend, Reverend Arthur F. Smith (hereinafter referred to as "Father Smith") objects to this Court granting Plaintiff Peter Nichols leave to amend Plaintiff's current Complaint to state a claim of negligence against Father Smith. Father Smith's Opposition to Plaintiff Peter Nichols' Motion To Amend Complaint is based upon an erroneous application of law governing amendments to complaints, and the exercise of personal jurisdiction over a proposed out-of-state defendant such as Father Smith, to the facts of this case. As further explained below, Plaintiff Peter Nichols' proposed claims against Father Smith are not barred by the applicable statute of limitations in this removed diversity action, because pursuant to Fed. R. Civ. P. 15(c)(1) and Massachusetts law, Plaintiff's proposed claim against Father Smith relates back to the filing date of Plaintiff's original Complaint. Furthermore, in this removed diversity action where this Court is the functional equivalent of a Massachusetts court of general jurisdiction, Massachusetts law grants personal jurisdiction over Father Smith for a claim made against Father Smith for engaging in tortious activity while residing and working in

Massachusetts, and Father Smith has had sufficient minimum contacts with Massachusetts such that the exercise of personal jurisdiction over him would not offend traditional notions of fair play or substantial justice.

> **A.     Plaintiff Peter Nichols' Proposed Claims Against Father Smith Are Not Barred By The Applicable Massachusetts Statute Of Limitations In This Removed Diversity Action, As Plaintiff's Proposed Claims Against Father Smith Would Relate Back To The Filing Date Of Plaintiff's Original Complaint.**

Father Smith alleges that Plaintiff Peter Nichols' proposed claim against Father Smith should not be deemed to relate back to the original filing of Plaintiff's Complaint, as Plaintiff Peter Nichols does not meet the requirements of Fed. R. Civ. P. 15(c)(3), which requires that Plaintiff Peter Nichols be "mistaken" as to the identity of the party sought to be added. However, Plaintiff Peter Nichols does not claim to have made a mistake in the identity of Father Smith, and Fed. R. Civ. P. 15(c)(3) does not control the issue of whether Plaintiff Peter Nichols' proposed claim against Father Smith relates back to the original filing date of Plaintiff Peter Nichols' Complaint where Massachusetts law provides the statute of limitations applicable to this removed diversity action.  Rule 15(c)(1) of the Federal Rules of Civil Procedure provides: "An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statue of limitations applicable to the action."  Fed. R. Civ. P. 15(c)(1).  Case law cited by Father Smith relates to Fed. R. Civ. P. 15(c)(3) and statutes of limitation provided by federal law; these cases are inapplicable to the issue of whether Plaintiff Peter Nichols' proposed Second Amended Complaint, stating a claim of negligence against Father Smith under Massachusetts common law, relates back to the original filing date of Plaintiff Peter Nichols' Complaint in the Massachusetts Superior Court.

As Massachusetts law provides the applicable statute of limitations in this removed diversity action, Massachusetts law also governs on the issue of whether an amended complaint

relates back to the filing date of the original complaint.  See Marshall v. Mulrenin, 508 F.2d 39, 44-45 (1st Cir. 1974); see also Saxton v. ACF Indus., Inc., 254 F.3d 959, 962-964 (11th Cir. 2001).  Because, inter alia, there was some question whether this First Circuit understanding of controlling authority in relation back questions arising in diversity cases applied in other Federal courts, Rule 15 of the Federal Rules of Civil Procedure was amended in 1991 to provide: "An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statue of limitations applicable to the action."  Fed. R. Civ. P. 15(c)(1).  Prior to the 1991 Amendment to Fed. R. Civ. P. 15 which enacted paragraph (c)(1), federal courts in this circuit applied relevant state law governing the relation back of amended pleadings.  See Pessotti v. Eagle Mfg. Co., 946 F.2d 974, 980 (1st Cir. 1991); Marshall, 508 F.2d at 44-45.  Paragraph (c)(1) of Fed. R. Civ. P. 15 "is intended to make it clear that the rule does not apply to preclude any  relation back that may be permitted under the applicable limitations law."  Advisory Committee's Note to Fed. R. Civ. P. 15 (1991).

> Whatever may be the controlling body of limitations law, if that law affords a more forgiving principle of relation back than the one provided in this rule, it should be available to save the claim.  Accord, Marshall v. Mulrenin, 508 F.2d 39 (1st Cir.1974).  If Schiavone v. Fortune, 106 S.Ct. 2379 (1986) implies the contrary, this paragraph is intended to make a material change in the rule.

Id., see also Pessotti, 946 F.2d at 980 n.6 (Amendment to Fed. R. Civ. P. 15 explicitly provides that Marshall remains good law).

On July 6, 2005 Defendant Reverend Arthur D. Johnson removed this action from the Massachusetts Superior Court, claiming jurisdiction in this Court arising from diversity of citizenship within the meaning of 28 U.S.C. § 1332.  (See Defendant's Notice Of Removal, para. 3, previously filed at Docket No. 1.)  As this Court has subject matter jurisdiction over this removed action based only upon diversity of citizenship of the parties, Massachusetts law

provides the statute of limitations applicable to this action.  See Guaranty Trust Co. v. York, 326 U.S. 99, 107-110 (1945), rehearing denied, 326 U.S. 806 (1945); see also Marshall, 508 F.2d at 44.  This Court should follow Massachusetts law governing the relation back of amended pleadings to find that Plaintiff Peter Nichols' proposed amended Complaint should relate back to the original filing date of this action in Massachusetts Superior Court.  See Fed. R. Civ. P. 15(c)(1); Marshall, 508 F.2d at 44-45; see also Curley v. North American Man Boy Love Assoc., 2003 U.S. Dist. LEXIS 12488 * 8-10, 2003 WL 21696547 * 2-3  (D.Mass. March 31, 2003).

Rule 15(c) of the Massachusetts Rules of Civil Procedure provides:

> Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment (including an amendment changing a party) relates back to the original pleading.

Further, Massachusetts statutory law provides that a court may liberally allow amendments adding a party at any time, and that such amendments "shall relate to the original pleading."  See M.G.L. c. 231, § 51[1]; see also Curley, 2003 U.S. Dist. LEXIS 12488 at * 9, 2003 WL 21696547 * 3 ("Massachusetts employs a liberal relation back rule that permits new parties to be added to an ongoing case even after the expiration of the limitations period.").  Under Massachusetts law, there is "no substantial difference between a new defendant joined in an ongoing case *as a substitute for* an existing party and a new defendant joined *in addition to* existing defendants."

---

[1] Section 51 of chapter 231 of the Massachusetts General Laws provides:

> In all civil proceedings, the court may at any time, allow amendments adding a party, discontinuing as to a party or changing the form of the action, and may allow any other amendment in matter of form or substance in any process, pleading or proceeding, which may enable the plaintiff to sustain the action for the cause or for recovery for the injury for which the action was intended to be brought, or enable the defendant to make a legal defense.  Any amendment allowed pursuant to this section or pursuant to the Massachusetts Rules of Civil Procedure shall relate to the original pleading.

Curley, 2003 U.S. Dist. LEXIS 12488 * 9, 2003 WL 21696547 * 3 (citing Wadsworth v. Boston

Gas Co., 352 Mass. 86 (1967).  (Emphasis in original.)  So long as Plaintiff Peter Nichols' claims

against Father Smith "arose out of the conduct, transaction, or occurrence set forth or attempted

to be set forth" in Plaintiff Peter Nichols' original Complaint, Plaintiff Peter Nichols' claims

against Father Smith must be deemed to relate back to the filing date of Plaintiff Peter Nichols'

original Complaint, i.e., on or about December 24, 2004.  See Fed. R. Civ. P. 15(c)(1).  (See Pl.'s

Compl. and Jury Trial Demand, a copy of which is filed herewith as Exhibit 9.)

    Plaintiff Peter Nichols states in his Complaint that in approximately 1977, when Plaintiff

Peter Nichols was approximately 14 years old, the late Father Turnbull engaged in explicit

sexual behavior and lewd and lascivious behavior with Plaintiff Peter Nichols, including, but not

limited to, Father Turnbull masturbating Plaintiff Peter Nichols.  (See Pl.'s First Am. Compl. and

Jury Trial Demand, para. 6, a copy of which is available as Exhibit A to Docket No. 1, Notice Of

Removal.)  In Plaintiff Peter Nichols' original Complaint, Plaintiff Peter Nichols did state claims

against Defendant Reverend George F. Johnson and Defendant Two, an individual or

individuals, the identity of whom were then unknown to Plaintiff Peter Nichols, for negligent

hiring, retention, direction, and supervision of the late Father Turnbull.  (See Pl.'s Compl., paras.

10-17, Ex. 9.)[2]  With Plaintiff Peter Nichols' Motion  To Amend First Amended Complaint,

Plaintiff Peter Nichols seeks to state a claim of negligence against Father Smith for negligent

hiring, retention, direction, and supervision of the late Father Turnbull.  (See Pl.'s Mot. To Am.

Compl. at 1; see also Pl.'s Second Am. Compl., paras. 12-18, previously filed with Pl.'s Mot. To

Am. Compl. as Exhibit 1.)  Plaintiff Peter Nichols states in both Plaintiff's current Complaint

---

[2] On or about January 5, 2005, Plaintiff Peter Nichols amended his Complaint as a matter of course to substitute the name of Defendant Reverend Arthur D. Johnson (hereinafter referred to as "Defendant Father Johnson") for the name of Defendant Reverend  George F. Johnson.  (See Pl.'s First Am. Compl.)  Defendant Father Johnson is the currently named party defendant to this matter.

and Plaintiff's proposed Second Amended Complaint claims for the negligent hiring, retention, direction, and supervision of the late Father Turnbull during the time that Father Turnbull sexually abused the then approximately 14 year old Plaintiff. Plaintiff Peter Nichols' proposed claims against Father Smith "arose out of the conduct, transaction, or occurrence set forth" in Plaintiff's current Complaint, and Plaintiff's proposed claims against Father Smith should relate back to the date Plaintiff originally filed this action in the Massachusetts Superior Court. See Mass. R. Civ. P. 15(c); Curley, 2003 U.S. Dist. LEXIS 12488 at * 9-10, 2003 WL 21696547 * 2-3; Sigros, 190 F.Supp.2d at 168. (See Pl.'s Compl., para. 6, Ex. 9; Pl.'s Second Am. Compl., para. 7, Ex. 1.)

Under Massachusetts law, actions for assault and battery alleging the defendant sexually abused a minor must be brought "within three years of the acts alleged to have caused an injury or condition or within three years of the time the victim discovered or reasonably should have discovered that an emotional or psychological injury was caused by said act . . . ." M.G.L. c. 260, § 4C; see Ross v. Garabedian, 433 Mass. 360, 362-363, 742 N.E.2d 1046, 1048 (Mass. 2001); see also Phinney v. Morgan, 39 Mass.App.Ct. 202, 203-206, 654 N.E.2d 77, 79-80 (Mass.App.Ct. 1995) (discovery rule applied to Massachusetts tort actions arising out of child sexual abuse against nonperpetrator of the abuse). As Plaintiff Peter Nichols' claims in this action are based upon the late Father Turnbull's sexual abuse of then approximately 14 year old Plaintiff Peter Nichols in approximately 1977, Plaintiff Peter Nichols' claims accrued under the applicable Massachusetts statute of limitations when Plaintiff Peter Nichols knew or should have known that he had suffered appreciable harm; and that the late Father Turnbull's sexually abusive conduct caused Plaintiff Peter Nichols to suffer appreciable harm. See Ross, 433 Mass. at 363-366, 742 N.E.2d at 1048-1051; Riley v. Presnell, 409 Mass. 239, 245-247, 565 N.E.2d

780, 785-787 (Mass. 1991). In his original Complaint, Plaintiff Peter Nichols stated "[n]ot until recently did the Plaintiff have knowledge or sufficient notice that he had been harmed and that that harm was caused by the explicit sexual behavior and lewd and lascivious acts of Father Turnbull as explained below." (Pl.'s Compl., para. 5, Ex. 9.) In his currently proposed Second Amended Complaint, Plaintiff Peter Nichols also states that "[n]ot until recently did the Plaintiff have knowledge or sufficient notice that he had been harmed and that that harm was caused by the explicit sexual behavior and lewd and lascivious acts of Father Turnbull as explained below." (Pl.'s Second Am. Compl., para. 7, Ex. 1.) As Plaintiff Peter Nichols had only recently discovered at the time of filing his original Complaint that Plaintiff Peter Nichols had suffered harm and that the harm was caused by the late Father Turnbull's sexually abusive conduct with the then approximately 14 year old Plaintiff Peter Nichols in approximately 1977, Plaintiff Peter Nichols' proposed claim against Father Smith is timely under Massachusetts law.

**B.** **In This Removed Diversity Action Where This Court Is The Functional Equivalent Of A State Court Sitting In The Forum State, (1) The Massachusetts Long-Arm Statute Grants Personal Jurisdiction Over Father Smith For Father Smith's Tortious Activity In Massachusetts; And (2) Father Smith Has Had Sufficient Minimum Contacts With Massachusetts Such That The Exercise Of Personal Jurisdiction Would Not Offend Traditional Notions Of Fair Play And Substantial Justice.**

The law of the forum state of Massachusetts determines whether this Court may exercise personal jurisdiction over the non-resident proposed defendant Father Smith in this removed diversity case. See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A., 290 F.3d 42, 51-52 (1st Cir. 2002); Palandjian v. Pahlavi, 586 F.Supp. 671, 673-674 (D.Mass. 1984). Under Massachusetts law, this Court may exercise personal jurisdiction over Father Smith where (1) "the assertion of jurisdiction [is] authorized by the statute," and (2) "the exercise of jurisdiction under state law [is] consistent with basic due process requirements mandated by the United

States Constitution." Good Hope Industries, Inc. v. Ryder Scott Co., 378 Mass. 1, 5-6, 389 N.E.2d 76, 79 (1979); see Ealing Corp. v. Harrods Ltd., 720 F.2d 978, 981-982 (1st Cir. 1986). The assertion of personal jurisdiction by this Court over Father Smith is authorized under subsection (c) of the Massachusetts long-arm statute, which provides that a court "may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . . (c) causing tortious injury by an act or omission in this commonwealth." M.G.L. c. 223A, § 3(c); see Palandjian, 586 F.Supp. at 674; Wood v. Wood, 369 Mass. 665, 671-672, 342 N.E.2d 712, 716-717 (1976).

Father Smith at times served as the Dean of Studies of the Austin Preparatory School located in Reading, Massachusetts and as Prior of the Austin Preparatory community of priests located in Reading, Massachusetts during the at least approximately twenty-four years that Father Smith lived and worked at the Austin Preparatory School (hereinafter referred to as "Austin Prep") in Reading, Massachusetts, where the late Father Turnbull sexually abused the then approximately 14 year old Plaintiff Peter Nichols. (See copies of selected pages from The Official Catholic Directory for the Archdiocese of Boston for the years 1964 at 36, 1965 at 37, 1966 at 38, 1968 at 89, 1969 at 90, 1970 at 94, 1971 at 97, 1972 at 99, 1973 at 99, 1974 at 99, 1975 at 106, 1976 at 107, 1977 at 110, 1978 at 114, 1979 at 113, 1980 at 117, 1981 at 97, and 1982 at 97, previously filed with Pl.'s Mot. To Am. Compl. as Exhibit 4; copies of selected pages from The Official Catholic Directory for the Archdiocese of Boston for the years 1983 at 100, 1984 at 91, 1985 at 90, 1986 at 92, and 1987 at 93, collectively filed herewith as Exhibit 10.) From 1964 through at least some of 1968 Father Smith was Dean of Studies of Austin Prep, and from 1970 through 1979 Father Smith served as the Prior of Austin Prep. (See Ex. 4.) Plaintiff Peter Nichols states that the late Father Turnbull sexually abused Plaintiff Peter Nichols

when he was approximately 14 years old in approximately 1977, i.e., during a time period that Father Smith served as Austin Prep's Prior.  (See Pl.'s First Am. Compl., para. 6, Ex. A to Docket No. 1.)  Plaintiff Peter Nichols states that Father Smith's negligence in at least the retention, direction, and supervision of the late Father Turnbull, while Father Smith was Prior of Austin Prep, caused Plaintiff Peter Nichols to suffer tortious injuries from Father Turnbull's sexual abuse of the then approximately 14 year old Plaintiff Peter Nichols.  (See Pl.'s Second Am. Compl., paras. 3, 6, Ex. 1.)  The Massachusetts common law provides that Plaintiff Peter Nichols may bring a claim against a supervisor for negligent hiring, retention, direction, and supervision, whether that supervisor is an employee or an independent contractor.  See, e.g., Or v. Edwards, 62 Mass. App. Ct. 475, 483-485, 818 N.E.2d 163, 169-171 (2004) (negligence in retaining a person to perform given tasks who is unfit for the job long ago recognized as ground of liability for harmful effects of the choice).  (See also Pl.'s Mot. To Am. Compl. at 3-6.) Father Smith's acts or omissions, i.e., the negligent hiring, retention, direction, and supervision of the late Father Turnbull, a pedophile who apparently sexually abused numerous students at Austin Prep as well as Plaintiff Peter Nichols, permits the assertion of personal jurisdiction authorized by M.G.L. c. 223A, § 3(c).  See Palandjian, 586 F.Supp. at 674; Wood, 369 Mass.at 671-672, 342 N.E.2d at 716-717.

This Honorable Court may exercise personal jurisdiction over Father Smith consistent with the due process clause of the Constitution, where Father Smith has had more than minimum contacts with Massachusetts, such that this lawsuit does not offend "traditional notions of fair play and substantial justice."  International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Father Smith purposefully availed himself of the "privilege of conducting activities within [Massachusetts], thus invoking the benefits and protections of its laws."  Hanson v. Denckla, 357

U.S. 235, 253 (1958). Father Smith's activities in Massachusetts were of a nature that allows Father Smith to "reasonably anticipate being haled into court" in Massachusetts. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

In this case, where Plaintiff Peter Nichols' claims are based on the tortious activity of Father Smith in Massachusetts, there is "a sufficient causal nexus" between Father Smith's contacts with Massachusetts and Plaintiff Peter Nichols' cause of action for this Court's assertion of personal jurisdiction over Father Smith to meet the due process requirements of the Constitution. See Curley, 2003 U.S. Dist. LEXIS 12488 * 18, 2003 WL 21696547 * 6 (internal citations omitted). For approximately twenty-four years, Father Smith lived and worked at Austin Prep in Reading, Massachusetts. During those twenty-four years, Father Smith served five years as Dean of Studies of Austin Prep in Reading, Massachusetts, and ten years, which includes the time when Father Turnbull sexually abused Plaintiff Peter Nichols, as Prior of Austin Prep in Reading, Massachusetts. Plaintiff Peter Nichols' proposed claims against Father Smith arise out of Father Smith's negligent supervision of the late Father Turnbull, a priest who worked at Austin Prep and who resided with Father Smith at Austin Prep. Father Turnbull's sexual abuse of then approximately 14 year old Peter Nichols occurred at Austin Prep while Father Smith was Austin Prep's Prior. Where, as in this case, Father Smith continuously and deliberately for at least approximately twenty-four years engaged in significant activities within Massachusetts, and where these activities directly relate to Plaintiff Peter Nichols' proposed tort claim against Father Smith, Father Smith must "reasonably anticipate being haled into court" in Massachusetts to answer for his actions in the state. See Palandjian, 586 F.Supp. at 674-675; see also Curley, U.S. Dist. LEXIS 12488 * 16-19.

Father Smith erroneously cites <u>LaValle v. Parrot-Ice Drinks Products</u>, 193 F.Supp.2d 296 (D.Mass. 2002) for his contention that Father Smith's "supposed nonfeasance" while acting in an official capacity for Austin Prep or the Augustinian Order[3] will not support the application of the Massachusetts long-arm statute in this action. The <u>LaValle</u> defendant was a "junior business associate" whose sole connection to the forum state was by telephone and fax machine. In this case, Plaintiff Peter Nichols' proposed claim against Father Smith is based upon Father Smith's personal tortious activity at Austin Prep located in Reading, Massachusetts, where Father Smith resided and worked for at least approximately twenty-four years, and where Father Smith supervised priests who worked with the minor students of Austin Prep, including the late Father Turnbull, who, in approximately 1977, sexually abused then approximately 14 year old Plaintiff Peter Nichols.

As this is a removed diversity action seeking relief for tortious conduct that took place in Massachusetts, this Court should follow Massachusetts law regarding the exercise of personal jurisdiction by Massachusetts courts of general jurisdiction. See <u>Daynard</u>, 290 F.3d at 51-52; <u>Palandjian</u>, 586 F.Supp. at 673-674. Section (c) of chapter 223A of the Massachusetts General Laws authorizes Massachusetts courts of general jurisdiction to assert personal jurisdiction over Father Smith for Father Smith's personal liability in tort for the negligent hiring, retention, direction, and supervision of Father Turnbull, even if Father Smith acted negligently on behalf of Austin Prep or the Augustinian Order. See <u>Zises v. Prudential Insurance Co. of America</u>, 1981 U.S.Dist. LEXIS 12155 * 9 (D.Mass. 1981) (citing <u>Escude Cruz v. Ortho Pharmaceutical Corp.</u>, 619 F.2d. 902, 907 (1st Cir. 1980)). Evidence available at this time indicates that Father Smith had personal knowledge that the late Father Turnbull had had inappropriate sexual conduct with

---

[3] I.e., the Augustinians of the Province of St. Thomas of Villanova, also known as the Brothers of the Order of Hermits of St. Augustine.

a minor boy other than Plaintiff Peter Nichols.  (See May 6, 1981 Memorandum Regarding "Bob Turnbull," previously filed with Pl.'s Mot. To Am. Compl. as Exhibit 5.)   Other available evidence indicates that Father Smith may have had knowledge or notice of Father Turnbull's sexually abusive behavior with boys other than Plaintiff Peter Nichols during the late 1960's and early 1970's, all times previous to Father Turnbull's sexual abuse of the then approximately 14 year old Plaintiff Peter Nichols in approximately 1977.  (See Complaint And Jury Trial Demand for David Doyle v. Reverend George F. Burnell, et al., Massachusetts Superior Court, Middlesex County Civil Action No. 03-0395, previously filed with Pl.'s Mot. To Am. Compl. as Exhibit 8; Memorandum from Sister Catherine Mulkerrin to Father John McCormack dated June 13, 1994, Bates stamped TURNBULL-2 008, previously filed with Pl.'s Mot. To Am. Compl. as Exhibit 7.)  Plaintiff Peter Nichols seeks to state a claim of negligence against Father Smith for Father Smith's negligent hiring, retention, direction, and supervision of the late Father Turnbull at Austin Prep located in Reading, Massachusetts, where in approximately 1977 Father Turnbull sexually abused then approximately 14 year old Plaintiff Peter Nichols.   See Or, 62 Mass.App.Ct. at 483-485, 818 N.E.2d at 169-171.  As Father Smith's personal tortious activity in Massachusetts is causally related to Plaintiff Peter Nichols' injuries, this Court may exercise personal jurisdiction over Father Smith.  See Zises, 1981 U.S. Dist. LEXIS 12155 * 9-11.

**C.   Plaintiff Peter Nichols' Motion To Amend Complaint Is Timely.**

Plaintiff Peter Nichols filed Plaintiff's First Amended Complaint as a matter of course pursuant to Mass. R. Civ. P. 15(a) in Massachusetts Superior Court on or about January 5, 2005.  (See Pl.'s First Am. Compl., Ex. A to Docket No. 1.)  On March 23, 2005, the Massachusetts Superior Court, Essex County granted Plaintiff's Ex Parte Motion To Enlarge Time to serve Summonses and copies of the Complaints on Defendants from March 24, 2005 to May 23, 2005,

so that the parties could effectively explore alternative dispute resolutions.  (See Pl.'s Ex Parte Mot. To Enlarge Time, a copy of which is filed herewith as Exhibit 11; Clerk's Notice dated March 23, 2005, a copy of which is available as Exhibit B to Docket No. 1; see also Docket for Essex Civil Action No. 2004-2335, Entry Date 3/23/2005, a copy of which is available at Docket No. 4, State Court Report.)  In mid May 2005 when it was becoming apparent that Plaintiff Peter Nichols would not be able to reach resolution of this action through alternative dispute resolution options prior to May 23, 2005, Plaintiff's Counsel began preparations to serve process upon the Defendant.  (See Affidavit Of Mitchell Garabedian, Esq., para. 4, a copy of which without attachments is filed herewith as Exhibit 12.)  Even though the Massachusetts Superior Court enlarged the time for Plaintiff Peter Nichols to complete service of process to May 23, 2005, the action in Massachusetts Superior Court was dismissed by error on April 8, 2005 for failure to timely complete service of process.  (See Docket for Essex Civil Action No. 2004-2335, Entry Date 4/8/2005, Docket No. 4.)  Plaintiff's Counsel prior to checking the Massachusetts Superior Court web site in mid May 2005 had not received notice that the Massachusetts Superior Court's Judgment of Dismissal had entered on April 8, 2005.  (See Garabedian Aff., para. 5, Ex. 12.)  After learning in mid May 2005 of the April 8, 2005 entry of dismissal, Plaintiff's Counsel did contact the Essex County Civil Clerk's Office as the April 8, 2005 Dismissal was in apparent conflict with the Court's March 23, 2005 Order, and as a result, the Essex County Civil Clerk's Office entered a notice on June 2, 2005 that the Docket Entry of April 8, 2005 was "in error." (See Docket for Essex Civil Action No. 2004-2335, Entry Date 6/2/2005, Docket No. 4) Plaintiff Peter Nichols thereafter filed Plaintiff's Ex Parte Motion To Enlarge Time To Serve Defendants And Amend Tracking Order to enlarge time to create a finite time period in which to effect service of process could be effected during a period while the action as a matter of record

was not dismissed.  (See Pl.'s Ex Parte Mot. To Enlarge Time To Serve Defendants And Am. Tracking Order, a copy of which is filed herewith as Exhibit 13; see also Docket for Essex Civil Action No. 2004-2335, Entry Date 6/7/2005, Docket No. 4.)  Judge Fahey of the Massachusetts Superior Court, Essex County, allowed Plaintiff's Ex Parte Motion To Enlarge Time To Serve Defendants And Amend Tracking Order to allow Plaintiff Peter Nichols to complete service of process on Defendants on or by July 1, 2005.  (See Clerk's Notice dated June 7, 2005, a copy of which is available as Ex. C to Docket No. 1.)  After Defendant Father Johnson moved to set aside Judge Fahey's allowance, the Massachusetts Superior Court held a hearing on June 16, 2005 before Judge Lowy, and again on June 22, 2005 allowed Plaintiff's Motion To Enlarge, noting, "Judge Welch's order gave a specific time for service and due to an error in the clerk's office a period of the time for service was unavailable."  (See Clerk's Notice dated June 23, 2005, a copy of which is available as Ex. E. to Docket No. 1; see also Docket for Essex Civil Action No. 2004-2335, Entry Date 6/22/2005, Docket No. 4.)  On June 23, 2005, Defendant Father Johnson, the only named Defendant in this action, was personally served in hand with a Summons and a copy of the Complaint for this action.  (See Affidavit Of Process - Individual, a copy of which is available as Ex. F to Docket No. 1.)

On or about July 6, 2005, Defendant Arthur D. Johnson filed his Notice Of Removal with this Court, which effectively stayed all discovery in this action until the Initial Scheduling Conference on October 5, 2005.  (See Defendant Father Johnson's Notice Of Removal, previously filed, available at Docket Number 1.)  This Honorable Court ordered that the parties file amended pleadings, including pleadings to add new parties, on or by March 6, 2006, and that the parties complete fact discovery by October 6, 2006.  (See Clerk's Notes For Proceedings Held Before Judge Reginald C. Lindsay of November 5, 2005.)

- 14 -

Prior to this Honorable Court's deadline for amended pleadings of March 6, 2006, Plaintiff Peter Nichols sought discovery of the Augustinian Order, the religious organization with which the late Father Turnbull, Father Smith, and Defendant Father Johnson are or were affiliated, and of Father Smith in order to discover information that could be used in support of an appropriate Fed. R. Civ. P. 15 motion. On February 11, 2006, Plaintiff Peter Nichols had a Subpoena Duces Tecum served upon the Augustinian Order, commanding the appearance of a witness or witnesses and the production of documents at a deposition on February 15, 2006. (See Subpoena Duces Tecum to The Brothers Of The Order Of Hermits Of St. Augustine, without Attachments, with attached Affidavit Of Process Server, a copy of which is filed herewith as Exhibit 14.) On February 15, 2006, Plaintiff Peter Nichols had a Subpoena Duces Tecum served upon Father Smith, commanding Father Smith to appear and produce documents at a deposition on February 21, 2006. (See Subpoena Duces Tecum to Reverend Arthur F. Smith, without Attachment, with attached Affidavit Of Process Server, a copy of which is filed herewith as Exhibit 15.) Both the Augustinian Order and Father Smith objected to Plaintiff Peter Nichols' subpoenas to the Augustinian Order and Father Smith, and refused to appear at deposition. (See letter of Francis P. Burns, III, Esq. to Mitchell Garabedian, Esq. of February 13, 2006; and letter of Francis P. Burns, III, Esq. to Mitchell Garabedian, Esq. of February 20, 2006, a copies of which are collectively filed herewith as Exhibit 16.) As Plaintiff Peter Nichols has sufficient evidence to amend his pleading to state a claim against Father Smith without having conducted discovery prior to this Court's deadline for amended pleadings, Plaintiff Peter Nichols timely moved to amend Plaintiff's Complaint to name Father Smith as a Defendant. (See, e.g., May 6, 1981 Memo. Regarding "Bob Turnbull," Ex. 5.) On February 24, 2006, Plaintiff Peter Nichols timely served Plaintiff's Motion To Amend Complaint upon Father Smith, pursuant to Local Rule 15.1,

and on March 6, 2006, Plaintiff Peter Nichols timely filed Plaintiff's Motion To Amend

Complaint. (See Plaintiff Peter Nichols' Local Rule 15.1 Certificate, previously filed, available

at Docket No. 12.) Plaintiff Peter Nichols seeks to amend Plaintiff's current Complaint to state a

claim of negligence against Father Smith, so that Plaintiff Peter Nichols may proceed with

orderly discovery of Plaintiff's claims and Defendants' defenses.

Respectfully,
By Plaintiff's Attorney,


 /s/ Mitchell Garabedian
Mitchell Garabedian, BBO #184760
William H. Gordon, BBO #545378
LAW OFFICES OF
MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
(617) 523-6250

## CERTIFICATE OF SERVICE

I hereby certify that the above document filed through the ECF system on July 27, 2006
will be sent electronically to Jean A. Musiker, Esq., SUGARMAN, ROGERS, BARSHAK &
COHEN, P.C., 101 Merrimac Street, Boston, MA 02114-4737 as identified on the Notice of
Electronic Filing (NEF); and a paper copy will be sent to Francis P. Burns, III, Esq., LAVIN,
O'NEIL, RICCI, CEDRONE & DISIPIO, Suite 500, 190 North Independence Mall West, 6th &
Race Streets, Philadelphia, PA  19106; and Very Reverend Arthur F. Smith, St. Thomas
Monastery, Villanova University, Villanova, PA  19085, whom Plaintiff understands are non-
registered participants, on July 27, 2006 via First Class Mail, Postage Prepaid.


 /s/ Mitchell Garabedian
Mitchell Garabedian, BBO #184760
LAW OFFICES OF
MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
(617) 523-6250

"EXHIBIT 9"

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION NO.    A 2335

PETER NICHOLS
  Plaintiff
   )
   )
   )
   )
v.
   )
   )
REVEREND GEORGE F. JOHNSON and
DEFENDANT TWO,
  Defendants
   )
   )
   )
   )

COMPLAINT AND
JURY TRIAL DEMAND

## A. PARTIES

1.   The Plaintiff, Peter Nichols, is an individual residing in Topsfield, Essex County, Massachusetts.

2.   Defendant Reverend Arthur D. Johnson (hereinafter referred to as "Defendant Father Johnson") is an individual with an address in Charlotte, North Carolina.  During the relevant time period Father Johnson was a religious priest of the Augustinian Fathers, and was Sub-Prior of Austin Preparatory School in Reading, Middlesex County, Massachusetts, and at times material hereto, had a duty to hire, supervise, direct and retain the late Father Robert Turnbull (hereinafter referred to as "Father Turnbull").

3.   Defendant Two is an individual or individuals, the identity of whom are presently unknown to the Plaintiff; therefore, the Plaintiff files the above-captioned action against Defendant Two by such fictitious name.  The Plaintiff will amend this Complaint to show the true name or names of Defendant Two when said name or names

have been ascertained. The Plaintiff alleges that Defendant Two was also responsible for the hiring, supervision, direction and retention of Father Turnbull.

## B. STATEMENT OF FACTS

4.     Father Turnbull was affiliated with Austin Preparatory School in Reading, Middlesex County, Massachusetts in approximately 1977, as well as at other times. Austin Preparatory School is a private Roman Catholic school located within the Roman Catholic Archdiocese of Boston. At all relevant times, Defendant Austin Preparatory was operated by the religious priests of the Augustinian Fathers. Father Turnbull is now deceased.

5.     Not until recently did the Plaintiff have knowledge or sufficient notice that he had been harmed and that that harm was caused by the explicit sexual behavior and lewd and lascivious acts of Father Turnbull as explained below.

6.     In approximately 1977, when the Plaintiff was approximately 14 years old, Father Turnbull engaged in explicit sexual behavior and lewd and lascivious behavior with the Plaintiff, including but not limited to, masturbating the Plaintiff.

7.     As a result of Father Turnbull's sexual and lewd and lascivious conduct with the Plaintiff, the Plaintiff has suffered deep emotional pain, is suffering deep emotional pain, and will suffer future deep emotional pain.

8.     At all times material hereto, Father Turnbull misrepresented and concealed from the Plaintiff the wrongful nature of the sexual activity and that such sexual activity could harm the Plaintiff.

9.     As a result of the said explicit sexual behavior and lewd and lascivious behavior in which Father Turnbull engaged with the Plaintiff, the Plaintiff is unable at

2

this time to fully disclose in complete detail to what degree Father Turnbull did abuse the Plaintiff emotionally and physically.

## C. CLAIM FOR RELIEF.

### Plaintiff v. Defendant Father Johnson and Defendant Two
### Negligent Hiring, Retention, Direction, and Supervision

10.    The Plaintiff repeats, realleges, and incorporates by reference herein each and every allegation heretofore pleaded in this Complaint.

11.    At all relevant times to this action, the responsibilities of Defendant Father Johnson and Defendant Two (hereinafter referred to as the "Supervisory Defendants") included the hiring, retention, direction, and supervision of Father Turnbull.

12.    At all relevant times to this action, the Supervisory Defendants knew or should have known that Father Turnbull would interact and was interacting with individuals, including minors, and more specifically, was interacting with the Plaintiff.

13.    At all relevant times to this action, the Supervisory Defendants had a special relationship with Father Turnbull or the Plaintiff.

14.    At all relevant times to this action, the Supervisory Defendants had a duty of care to properly hire, retain, direct, and supervise individuals of good reputation and character who would be asked to interact with minors.

15.    At all relevant times to this action, the Supervisory Defendants negligently breached said duty by hiring and retaining Father Turnbull, an individual whom the Supervisory Defendants knew or should have known was of bad character and reputation and unable to properly interact with minors. The Supervisory Defendants improperly and inadequately directed and supervised Father Turnbull.

16.     At all relevant times to this action, the Supervisory Defendants knew or should have known that Father Turnbull's intentional and negligent conduct would result in severe mental and emotional suffering by the Plaintiff.

17.     As a direct and proximate result of the Supervisory Defendants' negligent conduct, the Plaintiff suffered and will continue to suffer in the future: severe and permanent mental distress and emotional injuries, including, but not limited to, objective corroboration of said mental distress and emotional injuries; financial expenses for medical and therapeutic care and treatment; lost long-term earning capacity; as well as other damages.

WHEREFORE, the Plaintiff respectfully demands judgment against the Defendants on each count in an amount to be determined by a jury, plus costs, interest, attorneys' fees, and such other and further relief as this Court deems just and equitable.

### JURY TRIAL DEMANDED

### PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL CLAIMS.

By Plaintiff's Attorney,

Mitchell Garabedian, BBO #184760
LAW OFFICES OF
MITCHELL GARABEDIAN
100 State Street
Boston, MA 02109
(617) 523-6250

4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11422-RCL

_____
PETER NICHOLS,                                )
    Plaintiff                               )
                                                 )
    v.                                          )
                                                 )
REVEREND ARTHUR D. JOHNSON and    )
DEFENDANT TWO,                            )
    Defendants                            )
_____)

### PLAINTIFF PETER NICHOLS' NOTICE OF FILING WITH CLERK'S OFFICE

Pursuant to the Order of Judge Reginald C. Lindsay dated July 26, 2006 granting Plaintiff Peter Nichols' Motion for Leave to File Reply Brief by Plaintiff Peter Nichols, notice is hereby given that copies of selected pages from The Official Catholic Directory for the Archdiocese of Boston for the years 1983 at 100, 1984 at 91, 1985 at 90, 1986 at 92, and 1987 at 93 (Exhibit 10 to Plaintiff Peter Nichols' Motion To Amend Complaint) have been manually filed with the Court and are available in paper form only.

The original documents are maintained in the case file in the Clerk's Office. Further, on July 27, 2006, paper copies of the above-described documents were served upon Jean A.

Musiker, Esq. SUGARMAN, ROGERS, BARSHAK & COHEN, P.C., 101 Merrimac

Street, Boston, MA 02114-3747 via Hand Delivery.

Respectfully,
By Plaintiff's Attorney,

/s/ Mitchell Garabedian
Mitchell Garabedian, BBO #184760
William H. Gordon, BBO #545378
LAW OFFICES OF
MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
(617) 523-6250

Dated: July 27, 2006

## CERTIFICATE OF SERVICE

I hereby certify that the above document filed through the ECF system on July 27, 2006 will be sent electronically to Jean A. Musiker, Esq., SUGARMAN, ROGERS, BARSHAK & COHEN, P.C., 101 Merrimac Street, Boston, MA 02114-4737 as identified on the Notice of Electronic Filing (NEF); and a paper copy will be sent to Francis P. Burns, III, Esq., LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO, Suite 500, 190 North Independence Mall West, 6th & Race Streets, Philadelphia, PA 19106; and Very Reverend Arthur F. Smith, St. Thomas Monastery, Villanova University, Villanova, PA 19085, whom Plaintiff understands are non-registered participants, on July 27, 2006 via First Class Mail, Postage Prepaid.

/s/ Mitchell Garabedian
Mitchell Garabedian, BBO #184760
LAW OFFICES OF
MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
(617) 523-6250

"EXHIBIT 11"

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION NO. 04-2335-B

PETER NICHOLS )
    Plaintiff )
     )
     )
    v. )
     )
REVEREND ARTHUR D. JOHNSON and )
DEFENDANT TWO, )
    Defendants )

## PLAINTIFF'S EX PARTE MOTION TO ENLARGE TIME

Now comes the above-captioned Plaintiff and ex parte moves this Honorable Court to enlarge the time for the Plaintiff to serve Summonses and copies of the Complaints on Defendants by 60 days, from March 24, 2005 to May 23, 2005.

In support of this Motion the Plaintiff states as follows:

1.    Plaintiff Peter Nichols seeks additional time to serve the Defendants in the above-captioned matter in order to allow additional time for the parties to effectively explore alternative dispute resolution options.  Plaintiff understands that this matter may shortly be addressed by mediation.  The additional time will allow the parties to attempt resolution without incurring substantial litigation costs.

2.    The Plaintiff states that because no party or their Counsel other than the Plaintiff's Counsel has yet appeared in these matters, the Plaintiff is filing this motion ex parte.  Further, the Plaintiff states that because this is a motion to enlarge time before the expiration of time for the Plaintiff to serve process and file returns of service, this motion to enlarge time may be served ex parte.  Mass. R. Civ. P. 6(b); see, Reporter's Notes (1973) to Mass. R. Civ. P. 5 ("The phrase

'except as otherwise provided' in Rule 5(a) refers to motions which may be made ex parte: (Rule

6(b)--request for enlargement of time made prior to expiration of the applicable period); . . . ."').

See also Greco, Hon. Robert V., Graeber, J., Woolf, J., Yurko, R., Massachusetts Civil Practice:

Pretrial, at 9-41, §9:116 (1997).

By Attorney for the Plaintiff,

_____

Mitchell Garabedian, BBO #184760
LAW OFFICES OF
MITCHELL GARABEDIAN
100 State Street
Boston, MA 02109
(617) 523-6250

"EXHIBIT 12"

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT
                                              CIVIL ACTION NO. 04-2335-B

```
                                          )
PETER NICHOLS                             )
     Plaintiff                            )
                                          )
     v.                                   )
                                          )
REVEREND ARTHUR D. JOHNSON and            )
DEFENDANT TWO,                            )
     Defendant                            )
                                          )
```

## AFFIDAVIT OF MITCHELL GARABEDIAN, ESQ.

I, Mitchell Garabedian, do depose and state as follows:

1. At all relevant times I am and I have been an attorney admitted to practice law in the Commonwealth of Massachusetts.

2. At relevant times I have represented and I do represent Plaintiff Peter Nichols.

3. On March 14, 2005, I filed Plaintiff's Ex Parte Motion to Enlarge Time with the Court in order to allow time for exploration of alternative dispute resolution options. (See Plaintiff's Ex Parte Motion To Enlarge Time, a copy of which is attached hereto as Exhibit 1.)  Said Motion was allowed on March 23, 2005 by this Honorable Court, allowing Plaintiff to serve process upon the Defendant Arthur D. Johnson, an individual with an address in Charlotte, North Carolina, by May 23, 2005, but providing that there were to be no more extensions beyond May 23, 2005.  (See Clerk's Notice of March 23, 2005, attached hereto as Exhibit 2.)

4. In mid May 2005 when it was becoming apparent that Plaintiff would not be able to reach resolution of this action through alternative dispute resolution options prior

to May 23, 2005, my office began preparations to serve process upon the Defendant. As part of those preparations my office checked the docket entries for this action at the Commonwealth of Massachusetts Trial Court Information Center web site. The docket entries at the Trial Court web site indicated that contrary to this Honorable Court's Order of March 23, 2005, allowing Plaintiff to serve process upon the Defendant by May 23, 2005, this action was dismissed on April 8, 2005 for failure to timely complete service of process. (See copy of Civil Docket attached hereto as Exhibit 3, Docket Entry of April 8, 2005.)

5. My office prior to checking the Trial Court web site in mid May 2005, had not received notice that Judgment of Dismissal had entered on April 8, 2005. After learning in mid May 2005, of the April 8, 2005 entry of dismissal, my office did contact the Civil Clerk's Office as the April 8, 2005 Dismissal was in apparent conflict with the Court's March 23, 2005 Order allowing Plaintiff to serve process upon the Defendant by May 23, 2005. (Compare Pl.'s Ex Parte Mot. To Enlarge Time, Exhibit 1 and Clerk's Notice of March 23, 2005, Exhibit 2, with Docket Entry of April 8, 2005, Exhibit 3.) As a result, upon information and belief, the Clerk's Office entered a notice on June 2, 2005, that the Docket Entry of April 8, 2005 was "in error." (See Civil Docket, Exhibit 3, Docket Entry of June 2, 2005.

6. Although the Docket for this matter indicates that the entry of Judgment of Dismissal entered on April 8, 2005 was in error, that corrective entry was entered after the date that this Court originally allowed for Plaintiff to serve process. As a result Plaintiff needs a finite time period in which to serve process while the Docket indicates that the deadline for service has not expired prior to service.

7. Plaintiff has good claims or defenses in this matter and I will pursue same.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS _6+h_
DAY OF JUNE 2005.

_Mitchell Garabedi._

Mitchell Garabedian, BBO #184760
LAW OFFICES OF
MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
(617) 523-6250

- 3 -

"EXHIBIT 13"

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION NO. 04-2335-B

PETER NICHOLS
    Plaintiff

    v.

REVEREND ARTHUR D. JOHNSON and
DEFENDANT TWO,
    Defendant

)
)
)
)
)
)
)
)
)
)

## PLAINTIFF'S EX PARTE MOTION TO ENLARGE TIME TO SERVE DEFENDANTS AND AMEND TRACKING ORDER

Now comes the Plaintiff in the above-captioned action and hereby moves to enlarge the time for Plaintiff to serve process upon Defendant Arthur D. Johnson, an individual with an address in Charlotte, North Carolina, and Defendant Two to July 6, 2005, and to amend each deadline date of the Tracking Order as follows so that each deadline is enlarged by a similar amount of time:

| | |
|---|---|
| Service of process made and return filed with court | 07/06/2005 |
| Response to the complaint filed | 09/06/2005 |
| All motions under Mass.R.Civ.P. 12, 19, and 20 filed | 09/06/2005 |
| All motions under Mass.R.Civ.P. 15 filed | 09/06/2005 |
| All discovery requests and depositions completed | 02/02/2006 |
| All motions under Mass.R.Civ.P. 56 filed and heard | 03/07/2006 |
| Final pre-trial conference held and/or firm trial date set | 04/06/2006 |
| Case disposed | 06/06/2006 |

In support thereof, the Plaintiff states the following:

1.    Plaintiff has good cause for this motion. On March 14, 2005, Plaintiff filed Plaintiff's Ex Parte Motion to Enlarge Time with this Honorable Court in order to allow time for exploration of alternative dispute resolution options. (See Plaintiff's Ex Parte Motion To Enlarge Time, a copy of which is attached to Affidavit Of Mitchell Garabedian, Esq. as Exhibit 1.) Said

Motion was allowed on March 23, 2005 by this Court, allowing Plaintiff to serve process upon the Defendant by May 23, 2005, but providing that there were to be no more extensions beyond May 23, 2005. (See Clerk's Notice of March 23, 2005, attached to Garabedian Aff. as Exhibit 2.)

2.    In mid May 2005 when it was becoming apparent that Plaintiff would not be able to reach resolution of this action through alternative dispute resolution options prior to May 23, 2005, Plaintiff's Counsel began preparations to serve process upon the Defendant. (See Garabedian Aff.) As part of those preparations Plaintiff's Counsel checked the docket entries for this action at the Commonwealth of Massachusetts Trial Court Information Center web site. (See id.) The docket entries at the Trial Court web site indicated that contrary to this Honorable Court's Order of March 23, 2005, allowing Plaintiff to serve process upon the Defendant by May 23, 2005, this action was dismissed on April 8, 2005 for failure to timely complete service of process. (See copy of Civil Docket attached to Garabedian Aff. as Exhibit 3, Docket Entry of April 8, 2005.)

3.    Plaintiff's Counsel prior to checking the Trial Court web site in mid May 2005, had not received notice that Judgment of Dismissal had entered on April 8, 2005. (See Garabedian Aff.) After learning in mid May 2005, of the April 8, 2005 entry of dismissal, Plaintiff's Counsel did contact the Civil Clerk's Office as the April 8, 2005 Dismissal was in apparent conflict with the Court's March 23, 2005 Order allowing Plaintiff to serve process upon the Defendant by May 23, 2005. (Compare Pl.'s Ex Parte Mot. To Enlarge Time, Exhibit 1 and Clerk's Notice of March 23, 2005, Exhibit 2, with Docket Entry of April 8, 2005, Exhibit 3.) As a result, apparently, the Clerk's Office entered a notice on June 2, 2005, that the Docket Entry of April 8, 2005 was "in error." (See Civil Docket, Exhibit 3, Docket Entry of June 2, 2005).

4.    Although the Docket for this matter indicates that the entry of Judgment of Dismissal entered on April 8, 2005 was in error, that corrective entry was entered after the date that this Court originally allowed for Plaintiff to serve process. Consequently, Plaintiff needs a finite time period in which to serve process while the Docket indicates that the deadline for service has not expired prior to service.

Wherefore, Plaintiff respectfully requests this Honorable Court:

(a)    To enlarge the time for Plaintiff to serve process upon Defendant Arthur D. Johnson and Defendant Two to July 6, 2005; and

(b)    To amend the Tracking Order as follows:

| | |
|---|---|
| Service of process made and return filed with court | 07/06/2005 |
| Response to the complaint filed | 09/06/2005 |
| All motions under Mass.R.Civ.P. 12, 19, and 20 filed | 09/06/2005 |
| All motions under Mass.R.Civ.P. 15 filed | 09/06/2005 |
| All discovery requests and depositions completed | 02/02/2006 |
| All motions under Mass.R.Civ.P. 56 filed and heard | 03/07/2006 |
| Final pre-trial conference held and/or firm trial date set | 04/06/2006 |
| Case disposed | 06/06/2006 |

By Plaintiff's Attorney,


Mitchell Garabedian, BBO #184760
LAW OFFICES OF
MITCHELL GARABEDIAN
100 State Street, 6th Floor
Boston, MA 02109
(617) 523-6250

"EXHIBIT 14"

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Pennsylvania |
| --- | --- | --- |

Peter Nichols

V.

Reverend Arthur D. Johnson, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] 05-CV-11422-RCL

District of Massachusett

TO:  The Brothers Of The Order Of Hermits Of St. Augustine
214 Ashwood Road, P.O. Box 340
Villanova, PA 19085-0340

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.    Deposition testimony to be recorded by stenographic means

| PLACE OF DEPOSITION  Courtyard by Marriot Philadelphia Airport, 8900 Bartram Avenue, Philadelphia, PA | DATE AND TIME  2/15/2006 10:00 am |
| --- | --- |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Attachment B, a copy of which is attached hereto

| PLACE  Courtyard by Marriot Philadelphia Airport, 8900 Bartram Avenue, Philadelphia, PA | DATE AND TIME  2/15/2006 10:00 am |
| --- | --- |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).   See Attachment A for scope

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)  Mitchell Garabedian  Attorney for Plaintiff | DATE  2/9/06 |
| --- | --- |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Mitchell Garabedian, 100 State Street, 6th Floor, Boston, MA 02109

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## AFFIDAVIT OF PROCESS SERVER

PETER NICHOLS V. REVEREND ARTHUR D JOHNSON, ET AL

05CV-11422RCL

CASE NAME

CASE #

I _Dennis Gormley_, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service

Service: I served ____ THE ORDER OF ST AUGUSTINE
NAME OF PERSON / ENTITY BEING SERVED

with (list documents) _Subpoena in a Civil Case_

by leaving with _William Donnelly - member_ At
NAME                          RELATIONSHIP

Residence _____
ADDRESS CITY / STATE

Business _214 Ashwood Road Villanova PA 19085_
ADDRESS CITY / STATE

On _2/11/06_    _10:31 AM_
DATE        TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on_____
DATE

from_____ BROOMALL, PENNSYLVANIA 19008
CITY      STATE      ZIP

Manner of Service:

____ Personal: By personally delivering copies to the person being served.
____ Substituted at Residence: By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
_X_ Substituted at Business: By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
____ Posting: By posting copies in a conspicuous manner to the front door of the person/entity being served.
Non-Service: After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):
____ Unknown at Address ____ Moved, Left no Forwarding ____ Service Cancelled by Litigant ____ Unable to Serve in Timely Fashion
____ Address Does Not Exist ____ Other

Service Attempts: Service was attempted on: (1) _____ (2) _____
        DATE    TIME        DATE    TIME
(3) _____ (4) _____ (5) _____
    DATE    TIME        DATE    TIME        DATE    TIME

Description:. Age _60_ Sex _M_ Race _W_ Height _5'6_ Weight _170_ Hair _G_ Beard _N_ Glasses _Y_

SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this _13th_ day of _February_, 2006.

SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the state of _____
NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Nathan A. Lautar, Notary Public
Marple Twp., Delaware County
My Commission Expires Jan. 4, 2009

**"EXHIBIT 15"**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
## UNITED STATES DISTRICT COURT

| Eastern | DISTRICT OF | Pennsylvania |
|---|---|---|

| Peter Nichols | |
|---|---|
| V. | **SUBPOENA IN A CIVIL CASE** |
| Reverend Arthur D. Johnson, et al. | |
| | Case Number:[1] 05-CV-11422-RCL |
| | District of Massachusett |

TO: Very Reverend Arthur F. Smith
St. Thomas Monastery, Villanova University
Villanova, PA 19085

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.   Deposition testimony to be recorded by stenographic mean

| PLACE OF DEPOSITION   Foster Court Reporting, 1835 Market St., Suite 600, Philadelphia, PA | DATE AND TIME 2/21/2006 10:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

Please see Attachment A, a copy of which is attached hereto

| PLACE    Foster Court Reporting, 1835 Market St., Suite 600, Philadelphia, PA | DATE AND TIME 2/21/2006 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Mitchell Garabedian*   ATTORNEY FOR PLAINTIFF | 2/14/2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Mitchell Garabedian, 100 State Street, 6th Floor, Boston, MA 02109

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## AFFIDAVIT OF PROCESS SERVER

PETER NICHOLS V. REVEREND ARTHUR D JOHNSON, ET AL

CASE NAME

05-CV-11422-RCL

CASE #

I _Dennis Gormley_, being first duly sworn, depose and say: that I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to perform said service

Service: I served _REV ARTHUR F. SMITH_

NAME OF PERSON / ENTITY BEING SERVED

with (list documents) _Subpoena in a civil case_

by leaving with _Terry Sousa - Administrator_ At

NAME                    RELATIONSHIP

Residence _St. Thomas Monostery, Villanova University_

ADDRESS CITY / STATE

Business _____

ADDRESS CITY / STATE

On _2/15/06_ _12:25 PM_

DATE         TIME

Thereafter copies of the documents were mailed by prepaid, first class mail on_____

DATE

from_____ BROOMALL, PENNSYLVANIA 19008

CITY         STATE    ZIP

Manner of Service:

____ Personal: By personally delivering copies to the person being served.
_X_ Substituted at Residence: By leaving copies at the dwelling house or usual place of abode of the person being served with a member of the household over the age of _____ and explaining the general nature of the papers.
____ Substituted at Business: By leaving, during office hours, copies at the office of the person/entity being served with the person apparently in charge thereof.
____ Posting: By posting copies in a conspicuous manner to the front door of the person/entity being served.
Non-Service: After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been unable to effect process upon the person/entity being served because of the following reason(s):
____ Unknown at Address ____ Moved, Left no Forwarding ____Service Cancelled by Litigant ____Unable to Serve in Timely Fashion
____ Address Does Not Exist ____ Other

Service Attempts: Service was attempted on: (1)_____ (2)_____

DATE    TIME              DATE    TIME

(3)_____ (4)_____ (5)_____

DATE    TIME         DATE    TIME         DATE    TIME

Description:. Age _50_ Sex _F_ Race _W_ Height _5'10_ Weight _130_ Hair _B_ Beard _N/A_ Glasses _No_

SIGNATURE OF PROCESS SERVER

SUBSCRIBED AND SWORN to before me this _15th_ day of _February_ 2006,

_____
SIGNATURE OF NOTARY PUBLIC
NOTARY PUBLIC for the state of _____
NATIONAL ASSOCIATION OF COMMONWEALTH OF PENNSYLVANIA

Notarial Seal
Nathan A. Lautar, Notary Public
Marple Twp., Delaware County
My Commission Expires Jan. 4, 2009

"EXHIBIT 16"

# LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

### ATTORNEYS AT LAW
### SUITE 500
### 190 NORTH INDEPENDENCE MALL WEST
### 6TH & RACE STREETS
### PHILADELPHIA, PA 19106
### (215) 627-0303

FAX: (215) 627-2551

WWW.LAVIN-LAW.COM

NEW YORK OFFICE
420 LEXINGTON AVENUE
GRAYBAR BUILDING
SUITE 2900
NEW YORK, NY 10170
(212) 319-6808

FAX: (212) 319-6922

WRITER'S DIRECT DIAL NUMBER
(215) 351-7907

NEW JERSEY OFFICE
1500 ROUTE 73
SUITE 307
MT. LAUREL, NJ 08054
(856) 778-5844

FAX: (856) 793-0287

WRITER'S E-MAIL ADDRESS
PBURNS@LAVIN-LAW.COM

February 13, 2006

Via Facsimile (617) 523-3687
Mitchell Garabedian, Esquire
Law Offices of Mitchell Garabedian
100 State Street, 6th Floor
Boston, MA 02109

RE:    Nichols v. Johnson
C.A. No. 05-CV-11422

Dear Mr. Garabedian:

Our office is legal counsel to The Brothers of the Order of Hermits of St. Augustine. Two third-party subpoenas, over your signature, and demanding both the appearance of a witness or witnesses and the production of documents, were served at the Order's Friary in Villanova, Pennsylvania on the afternoon of Saturday, February 11, 2006. The subpoenas have a return date of Wednesday, February 15, 2006.

This will serve as notice under Federal Rule 45 of our client's objection to the subpoenas. The subpoenas are plainly overbroad, fail to allow reasonable time for compliance, and are so lengthy that an itemized statement of specific objections would require several days to compose. Also, no attendance fee or mileage allowance was tendered with the subpoenas as required by Rule 45.

Please be advised that no witness designated to speak for the Order will appear on February 15, and no documents will be produced on that date. Instead of immediately filing a motion to quash in the Eastern District of Pennsylvania, The Order has authorized Jean Musiker, counsel of record for Fr. Johnson and legal counsel to the Order in Boston, to prepare a proposal and seek an agreement in response to your subpoenas which will facilitate the production of documents and testimony reasonably related to the ongoing litigation. Further, The Order prefers to have an agreement in place and the discovery completed as soon as practicable. Our client reserves its right to file a motion to quash if no agreement can be reached.

**LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO**

Mitchell Garabedian, Esquire
February 13, 2006
Page 2

Ms. Musiker will contact you before the close of business tomorrow.

Very truly yours,

Francis P. Burns, III

FPB/
cc:    Jean Musiker, Esquire (*via Fax Only*)

938939v1

# LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

ATTORNEYS AT LAW

SUITE 500

190 NORTH INDEPENDENCE MALL WEST

6TH & RACE STREETS

PHILADELPHIA, PA 19106

(215) 627-0303

FAX: (215) 627-2551

WWW.LAVIN-LAW.COM

NEW YORK OFFICE
420 LEXINGTON AVENUE
GRAYBAR BUILDING
SUITE 2900
NEW YORK, NY 10170
(212) 319-6898

FAX: (212) 319-6932

WRITER'S DIRECT DIAL NUMBER
(215) 851-7907

NEW JERSEY OFFICE
1300 ROUTE 73
SUITE 307
MT. LAUREL, NJ 08054
(856) 778-5544

FAX: (856) 793-0237

WRITER'S E-MAIL ADDRESS
FBURNS@LAVIN-LAW.COM

February 20, 2006

**Via Facsimile (617) 523-3687**
Mitchell Garabedian, Esquire
Law Offices of Mitchell Garabedian
100 State Street, 6th Floor
Boston, MA 02109

      RE:   Nichols v. Johnson
             C.A. No. 05-CV-11422

Dear Mr. Garabedian:

Our office has been retained to represent Rev. Arthur Smith, OSA. Two subpoenas over your signature demanding Fr. Smith's appearance and the production of documents were left by a process server for Fr. Smith on Wednesday, February 15, 2005, at the St. Thomas Monastery in Villanova, Pennsylvania. The subpoenas have a return date of Tuesday, February 21, 2006.

Fr. Smith will not appear for deposition. He is not physically or mentally able to do so. He suffers from senile dementia with agitation and psychosis. He takes multiple medications for his neuro- psychiatric problems. He is also suffering with several other chronic and debilitating physical ailments involving, among other things, his heart and lungs.

Fr. Smith does not have in his possession any records which might be responsive to the requests for documents. However, for the record, this will serve as notice under Federal Rule 45 of our client's objection to the document demands found in the subpoena. The requests are plainly overbroad, fail to allow reasonable time for compliance, and are so lengthy that an itemized statement of specific objections would require several days to compose. Also, so far as I have been able to determine no attendance fee or mileage allowance was tendered with the subpoenas as required by Rule 45.

20/00  12:30 FAX

## LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO

Mitchell Garabedian, Esquire
February 20, 2006
Page 2

If you have any questions, please feel free to contact me.

Very truly yours,

Francis P. Burns III

FPB/ra

cc:    Jean Musiker, Esquire (via Fax Only)