UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER NICHOLS,<br>　　　　　Plaintiff<br><br>v.<br><br>REVEREND ARTHUR D. JOHNSON and<br>DEFENDANT TWO,<br>　　　　　Defendants | CIVIL ACTION NO. 05-CV-11422-RCL |

**DEFENDANT, REVEREND ARTHUR D. JOHNSON O.S.A. AND PROPOSED ADDITIONAL DEFENDANT REVEREND ARTHUR F. SMITH, O.S.A.'S SURREPLY TO PLAINTIFF PETER NICHOLS' REPLY BRIEF IN SUPPORT OF PLAINTIFF PETER NICHOLS' MOTION TO AMEND COMPLAINT**

In response to an argument of Father Smith that the proposed amendment should not relate back to filing date of the complaint, plaintiff argues in his reply brief that under Massachusetts law[1], which he urges governs the consideration of his motion, any proposed amendment is timely because it relates back to the filing of the initial complaint against Father Johnson. Thus, he says, he should be permitted to amend his complaint to add Father Smith as a party defendant and Father Smith's opposition, to the extent it is based upon the untimeliness of the claim, is not persuasive.

Plaintiff ignores the fact that, even by applying the standards established under Massachusetts jurisprudence, his undue delay in filing the motion constitutes grounds to deny the motion to amend. Equally as important, Fathers Johnson and Smith opposed the motion on

---

[1] Although Father Smith's opposition referenced Federal, rather than State, law as the foundation for his argument, the opposition was based upon the fact that the motion is untimely and the product of undue delay and dilatory tactics. See Smith Brief, p. 4. For reasons discussed herein, these arguments remain as valid under state law as they are under federal law.

grounds unrelated to the arguments plaintiff proffers in his reply brief and these form an independent – and unchallenged – basis for denying the motion.[2]

Plaintiff argues that Rule 15(c) of the Massachusetts Rule of Civil Procedure protects his proposed amendment from challenge on the grounds of timeliness because any amendment relates back to the original pleading. *Plaintiff Peter Nichols' Reply Brief in Support of Plaintiff Peter Nichols' Motion to Amend Complaint* ("Reply Brief") pp. 3-5. Fathers Smith and Johnson do not dispute that the Massachusetts rule allows for such relation back – provided that the motion itself is allowed. However, Plaintiff has not presented this Court with the grounds for granting the motion. Under Massachusetts law the decision to allow the motion is discretionary and it may be denied where there has been undue delay by the moving party. *Pessotti v. Eagle Manuf. Co.*, 946 F. 2d 974, 980 (1991). As the First Circuit opined in *Pessotti*,

> Massachusetts cases appear to provide that 'undue delay' alone is a sufficient reason to deny the amendment of a complaint, and that an explicit showing of some other factor such as prejudice is not required. The SJC recently held that 'unexcused delay in seeking to amend is a valid basis for denial of a motion to amend.' *Mathis v. Mass Elec.* Co., 409 Mass. 256, 265 (1991).

The First Circuit also noted that Massachusetts jurisprudence recognizes that the policy considerations that underlie statutes of limitations may dictate the denial of the amendment where the amendment seeks to add a new defendant. *Id.* (relying upon *Christopher v. Duffy*, 28 Mass. App. Ct. 780, 785 (1990) ("the policies that support the extinguishment of claims after limitations periods speak against allowing such amendments.")); See also *Mathis v. Mass Elec.*

---

[2] Fathers Johnson and Smith collectively argued that the motion to amend should be denied as it (a) would result in prejudice to Father Johnson, (b) is untimely, (c) is the product of undue delay, and (d) is futile. Father Smith also argues that this court lacks personal jurisdiction over him. Plaintiff's reply completely fails to address Father Smith's argument as to futility, namely that Nichols has failed to present or allege any factual predicate upon which a claim for negligent supervision could be based. See Smith Brief, p. 6. It also leaves unchallenged Father Johnson's argument as to prejudice resulting from increased expense and a delay in justice. See Johnson Brief, p. 4. Finally, Nichols' argument as to the "timeliness" of his motion fails to address the mandate contained in Local Rule 15.1(A), which requires a party to file a motion to add a new party as soon as he becomes aware of the proposed new party's identity. See Johnson Brief, p. 5.

*Co.*, 409 Mass. 256, 264-65 (1991) (undue delay is sufficient justification by itself for denying a motion to amend, especially when the plaintiff is attempting to add a new party), citing, *Barbosa v. Hopper Feeds, Inc.*, 404 Mass. 610, 621-622 (1989)).

While *Pessotti*, a 1991 decision, questioned whether Massachusetts law was settled regarding the sufficiency of undue delay alone as grounds to deny a motion to amend, and therefore addressed the issue of prejudice as well, 946 F.2d at 980, subsequent decisions by the Supreme Judicial Court and the Massachusetts Appeals Court have resolved any doubts.  It is now clear that prejudice is not required, particularly where the moving party was aware of the facts underlying the proposed amendment at the time suit was initially commenced.  See *Weber v. Community Teamwork*, 434 Mass. 761, 785-786 (2001) (despite the liberal nature of relation back rules, they are not so broad as to excuse unexplained delays in filing amendments that could have been brought in a timely manner), citing, *Wynn & Wynn, P.C. v. M.C.A.D.*, 431 Mass. 655, 673 (2000) ("[The rules of relation back] are not so broad as to encompass any claim that was known to the complainant that could have been brought in a timely fashion."); *Psiroukis v. DeSilva*, 63 Mass. App. Ct. 1109, 2005 WL 771389 (2005) (unpublished) (affirming denial of motion to amend to add a party where plaintiff had known identity of proposed defendant and delay unexplained).  See also, *Luna v. Harvard Community Health Plan, Inc.*, 54 Mass. App Ct. 1101 (2002) (unpublished decision)  (amendment denied where plaintiff "has not provided a legitimate explanation for the delay in advancing these claims, a valid basis in and of itself for denying a motion to amend."); *Moriarty v. Sullivan*, 2006 WL 2089773 (2006) (Sweeney, J.) (motion to amend to add new claims against existing defendant denied on the basis of "undue and unexcused delay").  But see, *Sharon v. Newton*, 437 Mass. 99, 102-103 (2002) (finding no abuse of discretion where court granted defendant's motion to amend to add an affirmative

defense based upon a document uncovered during discovery and noting in *dicta* that affirmances of trial courts' denials of motions to amend had generally been grounded in undue delay and other factors).

In an attempt to prove that his motion is timely, Plaintiff recites a litany of convoluted procedural obstacles which, he claims, explain his delay in filing his motion. Reply Brief pp. 12-16.  Plaintiff's argument as to the timeliness of his motion is disingenuous for a host of reasons. He states that he delayed service of process of the complaint against Father Johnson from its filing in December 2004 until mid May 2005 in order to "explore alternative dispute resolutions". Reply Brief p.12.  However, there was no such exploration.  Counsel for Plaintiff never engaged Defendant Johnson in any discussion about alternative dispute resolution during the five month period.  There was simply no valid reason to delay serving Father Johnson, whose present counsel offered to accept service on his behalf in mid January.  See *Opposition of Defendant, Rev. Arthur D. Johnson, O.S.A. to Plaintiff's Motion to Amend* pp. 3-5 and Exhibit B, *Defendant's Opposition to Plaintiff's Ex Parte Motion to Enlarge Time and Amend Tracking Order,* attached thereto.

Plaintiff's entire course of conduct in this litigation has been one of delay.  It is abundantly clear that plaintiff has known of Father Smith's existence and his alleged role for a considerable period of time.  Indeed, plaintiff admits that, without engaging in *any* discovery, he had sufficient evidence to amend his pleading to state a claim against Father Smith.  Reply Brief p. 15. Instead, he waited 15 months after the commencement of the litigation to move to amend to add Father Smith as a party.   Fathers Johnson and Smith urge this Court to reject Nichols' eleventh hour tactics and deny plaintiff's request.

>Respectfully submitted,
>DEFENDANT, Reverend Arthur D. Johnson O.S.A. and Proposed
>Additional Defendant Reverend Arthur F. Smith, O.S.A.
>By their Attorneys,
>
>
>_____/s/ Jean A. Musiker_____
>Jean A. Musiker, BBO # 365410
>Carl A. Roller, BBO # 665008
>Sugarman, Rogers, Barshak & Cohen, P.C.
>101 Merrimac Street, 9th Floor
>Boston, MA 02114-4737
>(617) 227-3030
>musiker@srbc.com

DATED:    August 4, 2006

CERTIFICATE OF SERVICE

I, Jean A. Musiker, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 4, 2006. The participants are as follows:

   Mitchell Garabedian, Esquire
   William H. Gordon, Esquire
   Law Offices of Mitchell Garabedian
   100 State Street
   Boston, MA 02109

>____/s/ Jean A. Musiker_____
>Jean A. Musiker
>musiker@srbc.com

380584.3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PETER NICHOLS,<br><br>        Plaintiff<br><br>v.<br><br>REVEREND ARTHUR D. JOHNSON and DEFENDANT TWO,<br><br>        Defendants | CIVIL ACTION NO. 05-CV-11422-RCL |

**DEFENDANT, REVEREND ARTHUR D. JOHNSON O.S.A. AND PROPOSED ADDITIONAL DEFENDANT REVEREND ARTHUR F. SMITH, O.S.A.'S MOTION FOR LEAVE TO FILE A SURREPLY TO DEFENDANTS' MOTION TO AMEND COMPLAINT**

Pursuant to Local Rule 7.1(B)(3), Reverend Johnson, the Defendant, and Reverend Smith, the Proposed Additional Defendant, hereby respectfully request leave to file a Surreply to Defendant's Motion to Amend the Complaint, attached hereto as Exhibit A. As grounds for this motion, Reverends Johnson and Smith state that the Surreply is necessary in order to address the issues newly raised by Nichols in his reply brief, including the standard under Massachusetts jurisprudence for the grant of a motion to amend to add a party.

        Respectfully submitted,
        DEFENDANT, Reverend Arthur D. Johnson O.S.A. and
           Proposed Additional Defendant Reverend Arthur F. Smith,
           O.S.A.
        By their Attorneys,


    ___/s/ *Jean A. Musiker*_____

    Jean A. Musiker, BBO # 365410
    Carl A. Roller, BBO # 665008
    Sugarman, Rogers, Barshak & Cohen, P.C.
    101 Merrimac Street
    Boston, MA 02114-4737
    (617) 227-3030

CERTIFICATE OF SERVICE

      I, Jean A. Musiker, hereby certify that on August 4, 2006 I served the within document via electronic mail and first-class mail, postage prepaid on the following counsel of record:

    Mitchell Garabedian, Esquire
    William H. Gordon, Esquire
    Law Offices of Mitchell Garabedian
    100 State Street
    Boston, MA 02109

                                ___/s/ Jean A. Musiker_____
                                Jean A. Musiker

367477.1