UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11422-RCL

| | |
|---|---|
| PETER NICHOLS, | ) |
|    Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| REVEREND ARTHUR D. JOHNSON and | ) |
| DEFENDANT TWO, | ) |
|    Defendants | ) |

**PLAINTIFF PETER NICHOLS' OPPOSITION TO DEFENDANT, REVEREND ARTHUR D. JOHNSON O.S.A. AND PROPOSED ADDITIONAL DEFENDANT REVEREND ARTHUR F. SMITH, O.S.A.'S MOTION FOR LEAVE TO FILE A SURREPLY TO DEFENDANTS' [SIC] MOTION TO AMEND COMPLAINT**

Now comes Plaintiff Peter Nichols and opposes Defendant, Reverend Arthur D. Johnson O.S.A. And Proposed Additional Defendant Reverend Arthur F. Smith, O.S.A.'s Motion For Leave To File A Surreply To Defendants' [sic] Motion To Amend Complaint (hereinafter referred to as "Motion For Leave To File Surreply").

In support of this Opposition, Plaintiff Peter Nichols states as follows:

1.  Plaintiff Peter Nichols opposes the Motion For Leave To File Surreply of Defendant Reverend Arthur D. Johnson, O.S.A. (hereinafter "Defendant Father Johnson") and Proposed Defendant Reverend Arthur F. Smith, O.S.A. (hereinafter "Father Smith") as the timing of its filing was designed to cause delay and the proposed surreply attached to the Motion For Leave To File Surreply makes arguments that cannot be supported by fact.

2.  As Plaintiff Peter Nichols filed on June 16, 2006 Plaintiff's Motion to File Reply Brief, which had attached as an exhibit a copy of Plaintiff's proposed Reply Brief, Plaintiff Peter Nichols objects to Defendant Father Johnson and Father Smith waiting seven weeks to ask permission to file a surreply to Plaintiff's Reply Brief. Since June 16,

2006, Defendant Father Johnson and Father Smith knew what Plaintiff Peter Nichols was stating and arguing in his Reply Brief. It was at that time that Defendant Father Johnson and Father Smith should have requested permission to file a response to Plaintiff's Reply Brief if the Court allowed Plaintiff's June 2006 Motion to File Reply Brief. Instead, Defendant Father Johnson and Father Smith have waited until after this Court on July 26, 2006 allowed Plaintiff's Motion to File Reply Brief and after Plaintiff filed that Reply Brief on July 27, 2006, to ask permission to file their surreply so that Defendant Father Johnson and Father Smith could potentially delay decision on Plaintiff Peter Nichols' Motion To Amend Complaint filed on March 6, 2006. The timing of Defendant Father Johnson's and Father Smith's request to file a surreply is not designed to "secure the just, speedy, and inexpensive determination" of either Plaintiff's Motion To Amend or this action. Fed. R. Civ. P. 1.

3.   Most of the issues raised by Defendant Father Johnson and Father Smith in their proposed surreply have been addressed by the memoranda and exhibits Plaintiff Peter Nichols has previously filed. However, Plaintiff Peter Nichols objects to unsubstantiated allegations raised by Defendant Father Johnson and Father Smith in Defendant Father Johnson's and Father Smith's proposed Surreply To Plaintiff Peter Nichols' Reply Brief In Support Of Plaintiff Peter Nichols' Motion To Amend Complaint (hereinafter referred to as the "Surreply of Defendant Father Johnson and Father Smith"). A copy of the proposed Surreply of Defendant Father Johnson and Father Smith was attached as Exhibit A to Defendant Father Johnson's and Father Smith's Motion For Leave To File Surreply. In the Surreply of Defendant Father Johnson and Father Smith, Defendant Father Johnson and Father Smith argue that Plaintiff Peter Nichols' representations to this Honorable Court

regarding Plaintiff Peter Nichols' attempt to resolve Plaintiff Peter Nichols' claims through alternative dispute resolutions prior to effecting service of process on Defendant Father Johnson did not occur. (Surreply of Defendant Father Johnson and Father Smith at p. 4.) Defendant Father Johnson and Father Smith provide no evidentiary support for their allegation that Plaintiff Peter Nichols did not seek to explore alternative dispute resolution between the time that Plaintiff filed Plaintiff's Complaint in the Massachusetts Superior Court in December 2004 and prior to mid May 2005, but instead state in the Surreply of Defendant Father Johnson and Father Smith that Plaintiff Peter Nichols "never engaged Defendant Johnson in any discussion about alternative dispute resolution." (Id.) However, as Plaintiff's Attorney Mitchell Garabedian explains in the Affidavit Of Attorney Mitchell Garabedian In Support Of Plaintiff Peter Nichols' Opposition To Defendant, Reverend Arthur D. Johnson's And Proposed Additional Defendant Reverend Arthur F. Smith's Motion For Leave To File A Surreply, (hereinafter referred to as "Attorney Garabedian's August 18, 2006 Affidavit"), filed herewith, Counsel for Plaintiff Peter Nichols did engage in discussions with representatives of the Roman Catholic Archbishop of Boston, a Corporation Sole (hereinafter referred to as the "RCAB") relative to settlement of a number of claims based on allegations of sexual misconduct by certain priests and other individuals employed by, affiliated with, or within the juridic boundaries of the RCAB. Such discussions were intended to resolve claims not only for abuse committed by priests of the RCAB but for abuse committed by religious priests, such as the late Father Robert A. Turnbull (hereinafter referred to as "Father Turnbull") who at the time of the abuse were working in the territory of the Roman Catholic Archdiocese of Boston. (See Attorney Garabedian's August 18, 2006 Affidavit, paras. 2, 4, Exhibit 1.) It is Father

Turnbull who Plaintiff Peter Nichols claims abused him when Plaintiff Peter Nichols was 14 years old in 1977.  (See Attorney Garabedian's August 18, 2006 Affidavit, paras. 2, 4, Exhibit 1; see also Complaint, para. 6.)

4.      In approximately September 2003, as part of the settlement and compromise of approximately 552 claims based on allegations of sexual misconduct by certain priests and other individuals employed by, affiliated with, or within the juridic boundaries of the RCAB, the RCAB agreed to settle and compromise numerous claims based on allegations of sexual misconduct by priests and other individuals, such as the late Father Turnbull, who were affiliated with religious orders.  (See Attorney Garabedian's August 18, 2006 Affidavit, para. 3, Ex. 1.)  Included within this number of settled claims were at least two claims based on sexual misconduct by the late Father Turnbull committed while Father Turnbull was assigned to the Austin Preparatory School located within the Roman Catholic Archdiocese of Boston.  (See id., Ex. 1.)

5.      At various times after the September 2003 settlement described above including after the filing of Plaintiff Peter Nichols' original Complaint in the Massachusetts Superior Court, but prior to effecting service of process on Defendant Reverend Arthur D. Johnson, Plaintiff Peter Nichols' Counsel engaged in discussions with Counsel for the RCAB relative to the settlement of claims by individuals, including Plaintiff Peter Nichols, whose claims were based on allegations of sexual misconduct by certain priests and other individuals employed by, affiliated with, or within the juridic boundaries of the RCAB.  (See Attorney Garabedian's August 18, 2006 Affidavit, para. 4, Ex. 1.)  The individuals whose claims were being negotiated after the September 2003 settlement had presented their claims to the RCAB after the arbitrary date the RCAB had

set for settling the then pending claims.  (See id.)  As the RCAB had previously agreed to settle and compromise claims based on sexual misconduct by Father Turnbull, Plaintiff Peter Nichols' Counsel had a reasonable expectation that the RCAB would be amenable to alternative dispute resolution relative to Plaintiff Peter Nichols' claims based on sexual misconduct by Father Turnbull.  (See id.)

6.  In the course of discussions with Counsel for the RCAB relative to the settlement of the claims described in paragraph 5 above, Plaintiff Peter Nichols' Counsel learned that the RCAB would probably not be amenable to engaging in an alternative dispute resolution process regarding claims based on allegations of sexual misconduct by priests and other individuals affiliated with religious orders such as the Augustinian Order, including Plaintiff Peter Nichols' claims based on Father Turnbull's sexual molestation of Peter Nichols when Peter Nichols was a minor.  (See id., Ex. 1.)  When it became clear that the RCAB would probably not be amenable to alternative dispute resolution relative to Plaintiff Peter Nichols' claims in this action, Plaintiff Peter Nichols' Counsel caused process to be served on Defendant Father Johnson.  (See id., para. 6, Ex. 1.)

7.  In further support of this Opposition, Plaintiff Peter Nichols files herewith the Affidavit Of Attorney Mitchell Garabedian In Support Of Plaintiff Peter Nichols'

8.   Opposition To Defendant, Reverend Arthur D. Johnson's And Proposed Additional Defendant Reverend Arthur F. Smith's Motion For Leave To File A Surreply as Exhibit 1.

>Respectfully,
>By Plaintiff's Attorney,
>
>/s/ Mitchell Garabedian
>Mitchell Garabedian, BBO #184760
>William H. Gordon, BBO #545378
>LAW OFFICES OF
>MITCHELL GARABEDIAN
>100 State Street, 6th Floor
>Boston, MA 02109
>(617) 523-6250

## CERTIFICATE OF SERVICE

I hereby certify that the above document filed through the ECF system on August 18, 2006 will be sent electronically to Jean A. Musiker, Esq., SUGARMAN, ROGERS, BARSHAK & COHEN, P.C., 101 Merrimac Street, Boston, MA 02114-4737 as identified on the Notice of Electronic Filing (NEF); and a paper copy will be sent to Francis P. Burns, III, Esq., LAVIN, O'NEIL, RICCI, CEDRONE & DISIPIO, Suite 500, 190 North Independence Mall West, 6th & Race Streets, Philadelphia, PA  19106; and Very Reverend Arthur F. Smith, St. Thomas Monastery, Villanova University, Villanova, PA 19085, whom Plaintiff understands are non-registered participants, on August 18, 2006 via First Class Mail, Postage Prepaid.

>/s/ Mitchell Garabedian
>Mitchell Garabedian, BBO #184760
>LAW OFFICES OF
>MITCHELL GARABEDIAN
>100 State Street, 6th Floor
>Boston, MA 02109
>(617) 523-6250

"**EXHIBIT 1**"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 05-CV-11422-RCL

| | |
|---|---|
| PETER NICHOLS,        Plaintiff | )<br>)<br>) |
| v. | )<br>) |
| REVEREND ARTHUR D. JOHNSON and DEFENDANT TWO,        Defendants | )<br>)<br>)<br>) |

**AFFIDAVIT OF ATTORNEY MITCHELL GARABEDIAN IN SUPPORT OF PLAINTIFF PETER NICHOLS' OPPOSITION TO DEFENDANT REVEREND ARTHUR D. JOHNSON'S AND PROPOSED ADDITIONAL DEFENDANT REVEREND ARTHUR F. SMITH'S MOTION FOR LEAVE TO FILE A SURREPLY**

I, Mitchell Garabedian, do depose and state as follows:

1.    At all relevant times I am and I have been an attorney admitted to practice law in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts.

2.    At all relevant times I have represented and do represent Plaintiff Peter Nichols in the above-captioned action. Plaintiff Peter Nichols' Complaint in this action alleges, inter alia, that in approximately 1978 when Peter Nichols was approximately fourteen years old, Peter Nichols was sexually molested by the late Father Robert A. Turnbull (hereinafter referred to as "Father Turnbull"), a deceased individual who was or had been a Catholic priest affiliated with the Brothers of the Order of Hermits of St. Augustine (hereinafter referred to as the "Augustinian Order") and the Austin Preparatory School located within the Roman Catholic Archdiocese of Boston.

3.    In 2003 on behalf of 120 Claimants I successfully negotiated settlements with

the Roman Catholic Archbishop of Boston, a Corporation Sole (hereinafter referred to as the "RCAB").  In approximately September 2003, the RCAB agreed to settle and compromise approximately 552 claims, 120 of which were brought by individuals I represented, based on allegations of sexual misconduct by certain priests and other individuals employed by, affiliated with, or within the juridic boundaries of the RCAB.  I and seven other attorneys served on a Steering Committee that negotiated a global settlement for the 552 Claimants.  Included within the approximately 552 claims were numerous claims based on allegations of sexual misconduct by priests and other individuals affiliated with religious orders such as the Augustinian Order.  Also included within this number were at least two claims, brought by two individuals I represented, based on sexual misconduct by Father Turnbull claimed to have occurred when Father Turnbull was affiliated with Austin Preparatory School located within the Roman Catholic Archdiocese of Boston.  Prior to the discussions leading to the September 2003 global settlement with the RCAB, the RCAB expressed an unwillingness to offer to settle claims based on allegations of sexual misconduct by priests such as Father Turnbull who were affiliated with religious orders.

    4.    At various times after the September 2003 settlement described in paragraph 3 above and prior to filing Plaintiff Peter Nichols' Complaint in the Massachusetts Superior Court, and subsequent to filing said Complaint but prior to effecting service of process on Defendant Reverend Arthur D. Johnson, I engaged in discussion with representatives of the RCAB relative to the settlement of claims by individuals, including Plaintiff Peter Nichols, whose claims were based on allegations of sexual misconduct by certain priests and other individuals employed by, affiliated with, or within the juridic boundaries of the

RCAB. The individuals whose claims were being negotiated after the September 2003 settlement had presented their claims to the RCAB after the arbitrary date the RCAB had set for settling the then pending claims. As the RCAB had previously agreed to settle and compromise claims based on sexual misconduct by Father Turnbull, I had a reasonable expectation that the RCAB would be amenable to alternative dispute resolution relative to Plaintiff Peter Nichols' claims based on sexual misconduct by Father Turnbull.

5. In the course of my discussions with representatives of the RCAB relative to the settlement of the claims described in paragraph 4 above, I learned that the RCAB would probably not be amenable to alternative dispute resolution relative to the post September 2003 claims based on allegations of sexual misconduct by priests and other individuals affiliated with religious orders such as the Augustinian Order, including Plaintiff Peter Nichols' claims based on Father Turnbull's sexual molestation of Peter Nichols when Peter Nichols was a minor.

6. When it became clear that the RCAB would probably not be amenable to alternative dispute resolution relative to Plaintiff Peter Nichols' claims in this action, I caused process to be served on Defendant Reverend Arthur D. Johnson.

7. At all relevant times herein I have diligently represented Plaintiff Peter Nichols in good faith and I will continue to do so.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 18th DAY OF AUGUST 2006.

/s/ Mitchell Garabedian
Mitchell Garabedian, BBO #184760
Attorney for Plaintiff Peter Nichols
100 State Street, 6th Floor
Boston, MA 02109
(617) 523-6250